January 8, 2016

**VIA ECF**

Magistrate Judge A. Kathleen Tomlinson
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

**NORTON ROSE FULBRIGHT**

Norton Rose Fulbright US LLP
666 Fifth Avenue, 31st Floor
New York, New York  10103-3198
United States

Neil G. Sparber
Partner
Direct line +1 212 318 3038
neil.sparber@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

Re:    Ajay Bahl v. New York College of Osteopathic Medicine of New York Institute of Technology, et.al., 14 Civ. 4020 (LDW)(AKT)

Dear Magistrate Judge Tomlinson:

We represent the defendant New York Institute of Technology ("NYIT"), improperly named herein as New York College of Osteopathic Medicine of New York Institute of Technology, in connection with the above-referenced action. In accordance with Your Honor's Order, dated January 5, 2016, we write on behalf of all parties concerning the status of discovery in this action.

On June 26, 2015, Magistrate Locke issued a Third Amended Scheduling Order setting forth the following deadlines: (i) completion of depositions by October 1, 2015; (ii) Rule 26 expert disclosure by October 15, 2015; (iii) rebuttal expert disclosure by November 16, 2015; (iv) completion of expert discovery by December 16, 2015; and (v) motion practice to begin by December 28, 2015. On September 30, 2015, plaintiff's counsel, Rick Ostrove, submitted a letter to the Court, with consent of defendants NYIT and Northshore LIJ-Plainview, and without objection by defendant NBOME, requesting a thirty day extension of the discovery deadlines. In an Order issued October 6, 2015, Magistrate Judge Stephen I. Locke granted plaintiff's request and extended the deadline to complete depositions to November 1, 2015. Magistrate Judge Locke also extended the remaining deadlines in the Third Amended Scheduling Order by thirty days. On October 29, 2015, Your Honor issued an order stating that the existing scheduling order remained in effect and that the Court intended to enforce the deadlines. Thus, the deadlines currently in effect are as follows: (i) completion of depositions by  November 1, 2015; (ii) Rule 26 expert disclosure by November 16, 2015; (iii) rebuttal expert disclosure by December 16, 2015; (iv) completion of expert discovery by January 16, 2015; and (v) motion practice to begin by January 28, 2015.

The parties worked cooperatively towards the completion of discovery. Defendants NYIT, NBOME, Plainview Hospital (which is no longer in the action), and plaintiff collectively produced thousands of documents in this matter. This production included plaintiff's extensive medical records inasmuch as plaintiff's alleged disabilities form the basis of plaintiff's claims. Even after these initial productions, the defendants continued to produce additional responsive documents, including the NBOME's production of over 500 additional documents. The parties successfully engaged in meet and confers to resolve discovery matters. NYIT, as a follow up to its initial

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

41990195.11

production of documents, produced ESI in electronic form for twelve custodians, resulting in nearly 1000 documents produced. In addition, in response to plaintiff's FOIA request to the U.S. Department of Education, Office of Civil Rights, plaintiff produced over 400 additional pages of documents.

Defendants took plaintiff's deposition over a five day period on July 29, 2015, July 30, 2015, July 31, 2015, August 10, 2015 and August 11, 2015. In addition, plaintiff took the deposition of four NYIT witnesses, Mary Ann Achtziger, Felicia Bruno, Alyssa Provenzano, and Abraham Jeger. Plaintiff also took the deposition of a former NYIT employee and current NBOME employee Anthony Errichetti on October 30, 2015. Plaintiff took the depositions of two representatives of NBOME, Margaret Wong and Casey McGrath. During the month of October, NYIT produced ESI for three custodians in addition to the ESI which NYIT previously produced for twelve custodians. NYIT also answered inquiries from plaintiff's counsel concerning certain emails and produced those in native format.

The deposition of Dr. Yellin, the pediatrician who provided a report concerning his diagnoses of plaintiff, that plaintiff submitted to NBOME with his requests for accommodations, was scheduled to be taken earlier but had to be adjourned for medical reasons. In order to accommodate his schedule, Dr. Yellin's deposition was taken for several hours on December 21, 2015 and December 23, 2015 and will be completed on one additional day. On January 4, 2016, NBOME's counsel informed opposing counsel that it scheduled the completion of the Yellin deposition for January 20, 2016 for three and a half hours, from 9:30 a.m. to 1 p.m. NBOME's counsel objects to any adjournment of the deposition date because scheduling Dr. Yellin's deposition has been difficult and he has limited availability. Also, Dr. Yellin is only willing to testify further because defendants have agreed to compensate him. However, despite the agreement for compensation, it is likely that he will not testify further if it is rescheduled again. Since he has already testified for several hours pursuant to subpoena, it is unlikely that he could be compelled to testify further. Moreover, Plaintiff is going to be out of the country for an indefinite period and has not indicated firm dates for when he is leaving or returning, though he apparently believes he will be leaving on January 23 or thereafter. Since plaintiff has insisted on appearing at every deposition, rescheduling the deposition of Dr. Yellin is further complicated by the plaintiff's indefinite travel plans. Plaintiff's counsel, Rick Ostrove, has a trial scheduled that day, and his associate who handled the prior two days of the Yellin deposition, Sean O'Hara, is scheduled to be at a hearing on that date. It is the position of NBOME that plaintiff's law firm could make available another associate to attend the deposition, especially given the potential prejudice to NBOME of possibly not being able to conclude the deposition if it is rescheduled. Dr. Yellin is the single most important witness from the perspective of NBOME. Thus, a current dispute exists regarding how to handle this situation.

## Outstanding Motions

Defendant NBOME has moved to dismiss the complaint or, in the alternative, to transfer venue. NBOME's motion is pending and because it has not been decided, NBOME has been required to participate in discovery. Plaintiff cross-moved to amend the complaint and NYIT opposed plaintiff's cross-motion to amend the complaint. Plaintiff and NYIT have agreed on the resolution of plaintiff's proposed Rule 60 motion and will be submitting a stipulation shortly. In addition, NBOME also provided language to which it would be willing to stipulate regarding the motion.

## Discovery Matters

The depositions of all fact witnesses have been completed.[1] Plaintiff recently provided additional releases that were requested during his deposition in July and August and NBOME immediately served appropriate subpoenas, and is awaiting the production of those documents.

Expert discovery is on-going. Plaintiff has designated an expert, Philip H. Kanyuk of Nussbaum Yates Berg Klein & Wolpow LLP, with respect to plaintiff's alleged economic losses. Defendant NYIT is currently considering whether it will cross-designate an expert witness with respect to economic damages. Regardless, defendants intend to take the deposition of Mr. Kanyuk and have requested a date for Mr. Kanyuk's deposition. Plaintiff's counsel has contacted Mr. Kanyuk to request dates for his deposition but Mr. Kanyuk has been out of town and plaintiff's counsel will provide such dates after his return and produce Mr. Kanyuk for his deposition.

NBOME has designated an expert witness, Dr. Benjamin J. Lovett, who is expected to testify concerning his opinion on plaintiff's request for accommodations from the NBOME. NBOME has also designated twelve persons, who were part of the NBOME committee which considered plaintiff's request for accommodations, who may provide expert testimony concerning, among other things, the witnesses' recollection of their review and evaluation of plaintiff's applications for accommodations and the documentation submitted by or on behalf of plaintiff in support of his requests, and the report of Dr. Lovett. Plaintiff disputes that their witnesses are experts and contends that they are fact witnesses. There is no need to decide the issue, which presumably will be decided by Judge Wexler at trial, if necessary.

Plaintiff has also designated six physicians who provided treatment to him as "Hybrid Expert Witnesses" pursuant to Federal Rule of Civil Procedure 26(a)(2)(c). As set forth in the disclosures served by plaintiff, the Hybrid Expert Witnesses are expected to testify concerning, among other things, "[p]laintiff's medical conditions, symptoms, diagnoses, impairments, disabilities, prognosis, need for medications, need for accommodations, and emotional damages and injury arising out of interactions set forth in [p]laintiff's complaint." NYIT informed plaintiff's counsel, Rick Ostrove, Esq., that it intends to cross-designate an expert witness as to plaintiff's alleged emotional damages inasmuch as plaintiff had put his mental condition in controversy in this action. As Your Honor is aware, plaintiff's counsel had indicated that plaintiff will voluntarily appear for a medical examination with NYIT's expert witness after he returns from India next month. In accordance with Your Honor's January 5, 2016 Order, plaintiff advises that his trip to India is not scheduled yet, but he believes that it will be from approximately January 23, 2016 to February 7, 2016. Plaintiff agrees that he will appear for the examination before defendant NYIT's expert witness within two weeks of his return, which is acceptable to NYIT.

## Request for Status Conference/Extension of Expert Discovery

---

[1] Although Dr. Yellin's deposition is scheduled to conclude on January 20, 2016, he has been designated as a "hybrid expert witness" by plaintiff.

Magistrate Judge Tomlinson
January 8, 2016
Page 4

NORTON ROSE FULBRIGHT

The parties have been working together diligently and cooperatively. The parties have come to realize that expert discovery is complicated and that the parties will incur substantial expense to complete expert discovery. The parties also understand that the defendants will be requesting permission to move for summary judgment which, if granted, would moot expert discovery. In addition, NBOME has a pending motion to dismiss the complaint or, in alternative, to transfer venue. If the Court were to grant NBOME's motion, it would also moot expert discovery with respect to NBOME. As a result, the parties would like to discuss with Your Honor at a status conference the possibility of allowing the parties to request permission to move for summary judgment while staying expert discovery until such time as the aforementioned motions are decided by the Court.

In the event that the Court does not agree with respect to the parties' joint request with respect to a stay of expert discovery, there are several issues which may need to be addressed with the Court. For example, NYIT's expert witness cannot prepare his report until after he has examined plaintiff after his return from India. Moreover, defendants have informed plaintiff's counsel that they intend to take the depositions of the six hybrid expert witnesses and the economic expert witness designated by plaintiff. Plaintiff's counsel has informed defendants that defendants will have to subpoena each of plaintiff's Hybrid Expert Witnesses, which defendants are in the process of doing. Plaintiff's counsel will provide defendants with medical authorizations promptly, but it will take some time to schedule and take the depositions in light of the schedules of the expert physicians. In addition, as set forth above, the scheduling of the completion of Dr. Yellin's deposition needs to be addressed. As a result, the parties respectfully request that the Court schedule a status conference to discuss the outstanding issues and to address the completion of expert discovery. The parties are available on January 14, 2016 and January 19, 2016 for a status conference.

Finally, defendants would like to request that Your Honor consider deciding the outstanding motions and presiding over trial if the case is not dismissed on motion. Plaintiff has indicated that he may join in the request but is presently undecided.

Respectfully submitted,

*Neil G. Sparber*

Neil G. Sparber

NGS

cc:  Rick Ostrove, Esq. (via ECF)
     Sean O'Hara (via ECF)
     Ellen Storch (via ECF)
     Amanda Gurman, Esq. (via ECF)

4829-4346-8844, v. 1

41990195.11