UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AJAY BAHL,

                                                  Plaintiff,

-against-

NEW YORK COLLEGE OF OSTEOPATHIC
MEDICINE OF NEW YORK INSTITUTE OF
TECHNOLOGY ("NYCOM-NYIT" or "NYCOM");
THE NATIONAL BOARD OF OSTEOPATHIC
MEDICAL EXAMINERS ("NBOME"); and NORTH
SHORE LONG ISLAND JEWISH PLAINVIEW
HOSPITAL ("NS-LIJ"),

                                         Defendants.

Case No.: 14-cv-4020 (AKT)

---

# DEFENDANT NBOME'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER ALL CLAIMS TO INDIANA

Kaufman Dolowich & Voluck LLP
135 Crossways Park Drive
Suite 201
Woodbury, NY 11797
(516) 681-1100
*Attorneys for Defendant*
*The National Board of Osteopathic Medical Examiners*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii
POINT I ......................................................................................................................................... 1
MOTION TO TRANSFER ........................................................................................................... 1
A. Proper Analysis to Determine Enforceability of Forum-Selection Clause ..................... 1
B. Forum-Selection Clause Reasonably Communicated to Plaintiff .................................. 2
C. Forum-Selection Clause Presumptively Enforceable ..................................................... 2
    1. Court Should Not Consider Plaintiff's Private Interests or "Balancing of Factors" ....... 3
    2. No Public Interest Factor Defeats Transfer of Case to Indiana ................................. 4
    3. Plaintiff Can Litigate His Claims In Indiana .............................................................. 5
D. Forum-Selection Clause Not Void for "Lack of Mutuality" or "Unconscionability" ..... 6
    1. Not Void for "Lack of Mutuality" .............................................................................. 6
    2. Not Void for "Unconscionability". ............................................................................. 7
E. Conclusion ....................................................................................................................... 8
POINT II ........................................................................................................................................ 8
MOTION TO DISMISS ................................................................................................................ 8
A. CPLR 302(a)(3)(ii) .......................................................................................................... 8
B. CPLR 302(a)(1) ............................................................................................................... 9
C. Personal Jurisdiction Would Violate "Due Process" ...................................................... 9
CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

Atlantic Mar. Const. v. United States Dist. Court for W. Dist. of Texas,
134 S. Ct. 568 (2013) ................................................................................................... passim

Dentsply Int'l v. Benton,
965 F.Supp. 574 (M.D. Penn 1997) ..................................................................................... 3

Dollar Phone Access v. AT&T,
2015 WL 430286 (E.D.N.Y. Feb. 2, 2015) .......................................................................... 1

Gross v. Sweet,
49 N.Y.2d 102, 424 N.Y.S.2d 365 (1979) ........................................................................... 8

Healy v. NBOME,
870 F. Supp. 2d 607 (S.D. Ind. 2012) .................................................................................. 5

Jelcich v. Warner Bros.,
1998 WL 42574 (S.D.N.Y. Feb. 4, 1996) ............................................................................ 3

LaFrenz v. Lake County Fair Bd.,
360 N.E.2d 605 (Ind. Ct. App. 1977) ................................................................................... 8

Martinez v. Bloomberg, LP,
740 F.3d 211 (2d Cir. 2014) ............................................................................................. 2, 4

Phillips v. Audio Active,
494 F.3d 378 (2d Cir. 2007) ............................................................................................. 1, 5

Red Bull Ass. v. Best Western Int'l,
862 F.2d 963 (2d Cir. 1988) ................................................................................................. 4

Thomas Pub. v. Industrial Quick Search,
237 F. Supp.2d 489 (S.D.N.Y. Dec. 18, 2002) ................................................................... 10

Trimble v. Ameritech Pub.,
700 N.E.2d 1128 (Ind. 1989) ................................................................................................ 8

Weaver v. American Oil Co.,
276 N.E.2d 144, 257 Ind. 458 (Ind. 1971) ........................................................................... 2

**Statutes**

28 U.S.C. § 1404(a) .................................................................................................................... 10

CPLR 302(a)(1) ........................................................................................................................ 8, 9

CPLR 302(a)(3)(ii) .................................................................................................................... 8, 9

In reply to Plaintiff's opposition served April 22, 2016 (the "Opposition") to NBOME's motion to dismiss or transfer all claims against it to Indiana, NBOME says:

## POINT I: MOTION TO TRANSFER

Plaintiff ignores Atlantic Mar. Const. v. United States Dist. Court for W. Dist. of Texas:

> When a defendant files [a motion to transfer based on a forum-selection clause], we conclude, a district court should transfer the case unless extraordinary circumstances *unrelated to the convenience of the parties* clearly disfavors a transfer.

134 S. Ct. 568, 574 (2013) (emphasis added). Because Plaintiff fails to demonstrate any "extraordinary circumstances," unrelated to his personal "convenience," his claims against NBOME should be transferred to the United States District Court, Southern District of Indiana.

### A. Proper Analysis to Determine Enforceability of Forum-Selection Clause

Courts consider four factors to determine whether a forum-selection clause is enforceable: (1) whether the clause "was reasonably communicated to the Plaintiff," (2) whether it is mandatory or permissive, (3) "whether the claims and parties involved in the suit are subject to the forum-selection clause," and if so, the clause is "presumptively enforceable," and will be enforced unless (4) Plaintiff "has rebutted the presumption of enforceability by making a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons such as fraud or overreaching." Phillips v. Audio Active, 494 F.3d 378, 383 (2d Cir. 2007); Dollar Phone Access v. AT&T, 2015 WL 430286, at *5 (E.D.N.Y. Feb. 2, 2015).

Contrary to Plaintiff's argument, the analysis does *not* involve the "interests of the parties" or whether the agreement was "freely negotiated." As Justice Alito wrote in Atlantic Marine, "a court evaluating a defendant's §1404(a) motion to transfer based upon a forum-selection clause should *not consider arguments about the parties' private interests*." 134 S.Ct. at 582 (emphasis added). "'[P]rivate interests *play no role* in determining whether to transfer a case based on a forum

selection clause." Martinez v. Bloomberg, LP, 740 F.3d 211, 229 (2d Cir. 2014) (emphasis added).

Furthermore, even assuming NBOME had superior bargaining power, that alone does not invalidate the contract. It must also be "unconscionable."[1] And, Plaintiff does not argue that he *unknowingly* or *unwillingly* accepted the forum-selection clause. He did not contact NBOME to object to the forum-selection clause on any of the multiple occasions he viewed it online to purchase an exam. This is notable because he contacted NBOME several times regarding his requested accommodations. *See Declaration of Ajay Bahl in Opposition* ¶41 and Exhs. 12, 13.

Of the Court's four considerations when determining the enforceability of the forum-selection clause, Plaintiff does not contest (2) that the clause is mandatory or (3) that it covers all his claims against NBOME. He argues only (1) that the clause was not communicated to him *before he entered medical school,* and (4) that the clause is not "presumptively enforceable."

### B. Forum-Selection Clause Reasonably Communicated to Plaintiff

Plaintiff does not dispute that he viewed the Terms and Conditions, including the forum-selection clause, every time he registered for a COMLEX exam. Instead, he makes the meritless argument that he was not informed of the clause until after he began medical school. Plaintiff could have easily viewed the Terms and Conditions at www.nbome.org at any time. Moreover, if medical students could only be held to terms schools or NBOME advised them of before school started, none of the conditions for graduating or testing could be enforced. That is obviously not the case.

### C. Forum-Selection Clause Presumptively Enforceable

Because the forum-selection clause was (1) reasonably communicated to the Plaintiff, (2) is mandatory and (3) covers all his claims against NBOME, the clause is *presumptively enforceable.*

---

[1] "An 'unconscionable contract' is such as no sensible man not under delusion, duress or in distress would make, and such as no honest and fair man would accept," or an "inequality so strong, gross and manifest that it is impossible to state it to a man of common sense without producing an exclamation at the inequality of it." Weaver v. American Oil Co., 276 N.E.2d 144, 146, 257 Ind. 458, 462 (Ind. 1971).

2

Thus Plaintiff, as the person defying the clause, bears the burden of making a "sufficiently strong" showing that transfer of the claims to Indiana is unwarranted. Atlantic Marine, 134 S.Ct. at 581-82. The burden is not on NBOME to prove that the transfer is appropriate. Id. at 583.

To carry his burden, Plaintiff cannot point to the fact that he chose New York or that NBOME (under protest) already participated in discovery. His choice of forum "merits no weight." Id. at 581. Also, the Court may not consider Plaintiff's "arguments about the parties' private interests." Id. at 582 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation . . . '[w]hatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting.")

### 1. Court Should Not Consider Plaintiff's Private Interests or "Balancing of Factors"

Plaintiff's reliance upon the pre-Atlantic Marine cases of Jelcich v. Warner Bros., 1998 WL 42574 (S.D.N.Y. Feb. 4, 1996) and Dentsply Int'l v. Benton, 965 F.Supp. 574 (M.D. Penn 1997) is misplaced. Those cases pre-dated current Supreme Court law, and involved the special employer-employee relationship, not students purchasing exams from an unrelated third party.

As the Court instructs in Atlantic Marine, courts should *no longer* "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote the 'interest of justice,'" as they ordinarily would in a §1404(a) case not involving a forum-selection clause. 134 S.Ct. at 581. Consequently, Plaintiff's reliance upon (A) his choice of this New York forum, (B) convenience of parties/witnesses, (C) location of documents and relative ease of access to sources of proof, (D) locus of operative facts, (E) availability of process to compel the attendance of unwilling witnesses, and (F) relative means of the parties are *not* appropriate factors for the Court to consider in deciding this motion to transfer.

3

Opposition, at 7-13. Specifically, the Court should not consider Plaintiff's private interests, or whether transfer of his claims to Indiana would be inconvenient, or even a hardship to the Plaintiff.

Furthermore, Plaintiff's claims against NBOME are legally distinct from his claims against NYCOM, and the federal court in Indiana and this Court can readily manage those separate claims. Plaintiff alleges that NBOME acted unlawfully by denying his requests for test accommodations. NYCOM was not a party to NBOME's deliberations or decision. NYCOM is not a necessary party for resolution of Plaintiff's claims against NBOME. Moreover, if NBOME successfully defends Plaintiff's case in Indiana, any "conspiracy" or "collusion" claim against NYCOM is resolved, and does not need to be tried here. On the other hand, if Plaintiff should prevail, the only related issue here would be whether NYCOM had any responsibility for NBOME's decision (it did not).

2. No Public Interest Factor Defeats Transfer of Case to Indiana

In Atlantic Marine, the Court noted that public interest "factors will *rarely defeat a transfer motion,* [and] the practical result is that forum-selection clauses *should control* except in unusual cases." 134 S.Ct. at 582 (emphasis added).

In support of his untenable claim that public interests are involved here, Plaintiff cites Red Bull Ass. v. Best Western Int'l, 862 F.2d 963 (2d Cir. 1988). However, the public interest at issue in Red Bull Assoc. does not exist here. That case involved race discrimination against multiple homeless families in public accommodations. Here, Plaintiff is seeking a decidedly private (and privileged) testing accommodation.[2] This case is more akin to Martinez v. Bloomberg, LP, in which the Second Circuit upheld the transfer of Plaintiff's disability employment discrimination claim to England based on a contractual forum selection clause, even though the plaintiff thereby

---

[2] Moreover, in Red Bull Ass., the Court considered "convenience of the parties" in denying transfer, Id. at 967, a factor courts may no longer consider after Atlantic Marine.

4

lost certain benefits of the ADA. 740 F.3d 211, 219 (2d Cir. 2014) (holding that Atlantic Marine "plainly reaffirms Bremen's identification of a strong federal policy supporting the enforcement of forum selection clauses.")

Plaintiff's identification of a doctor shortage is not unique to New York. Also, there is nothing unusual about Plaintiff's dispute over whether he should receive extra testing time. This is not the type of "exceptional" case the Court envisioned would trump the "strong federal policy supporting the enforcement of forum selection clauses." Atlantic Marine, 134 S.Ct. at 574-581.

### 3. Plaintiff Can Litigate His Claims In Indiana

Although it may be more costly for Plaintiff to try his case in Indiana, it is not impossible. Any unwilling witness can be deposed in his or her home jurisdiction. Any discovery obtained so far is just as admissible in federal court in Indiana as it would be here.[3] The federal court in Indiana has subject-matter jurisdiction of Plaintiff claims. Indeed, the U.S. District Court, Southern District of Indiana, efficiently considered an ADA claim filed there by another medical student against NBOME. See Healy v. NBOME, 870 F. Supp. 2d 607 (S.D. Ind. 2012)

In Phillips v. Audio Active Ltd., 494 F.3d at 393, the plaintiff argued, like here, that none of his witnesses, documents or any parties to the action were located in England, "rendering litigation in that country impossible." But the Court held that litigation in England may be "more costly or difficult, but not . . . impossible." Id. Nothing prevented him from suing in England.

Moreover, Plaintiff has retained an attorney in Indiana, and has multiple attorneys representing him in this action. *Bahl Dec.*, ¶62. His current Indiana attorney could represent him if

---

[3] Plaintiff's argument that because some discovery has taken place while his claims against the NBOME have been pending in this Court should not be considered. It was Plaintiff, in defiance of the forum-selection clause he accepted, who filed his claim in this Court. NBOME promptly filed its original motion to dismiss or transfer all his claims to Indiana. Plaintiff should not be rewarded for his violation of his contractual agreement with NBOME. Any hardship to Plaintiff to obtain another attorney to "get up to speed" in Indiana is his own doing. Opposition at 3.

5

this case was transferred, or one of his New York attorneys could appear *pro hac vice* in Indiana. Plaintiff has also engaged expert witnesses to advocate for him, taken depositions, and clearly has the means to fund his litigation against NBOME.[4]

In sum, it is *not* impossible for Plaintiff to litigate in Indiana. Indeed, his is already defending a claim NBOME brought against him there. He will not be denied his day in court.

### D. Forum-Selection Clause Not Void for "Lack of Mutuality" or "Unconscionability"

Plaintiff also argues that the forum-selection clause is void for alleged "lack of mutuality" or "unconscionability." Opposition at 16-21. However, as Judge Wexler noted in a previous order, Plaintiff alleges that "he had a contract with NBOME, specifically the 'Bulletin of Information' provided to all students who applied to take certain examinations administered by NBOME". (Dkt. 75 at 20). The BOI includes the forum-selection clause. Plaintiff is thus judicially estopped to now claim that his contractual agreements with NBOME are void.

#### 1. Not Void for "Lack of Mutuality"

Plaintiff argues that the NBOME agreements are void because NBOME could unilaterally amend the Terms and Conditions. Not so. The Terms and Conditions reference NBOME's BOI, which *fixes the Terms and Conditions in time*. The BOI provides:

> 1. Bulletin of Information Legally Binding. The candidate intends to be and is legally bound by all the terms and conditions set forth in the most recently published NBOME Bulletin of Information, including all modifications, amendments and supplements thereto, *in effect as of the dates the candidate establishes an account with the NBOME* or registers for, schedules or takes any NBOME examination. The most recent edition of the Bulletin of Information is published by the NBOME on its website.

*Flamini Dec.* ¶6, Exh. A at 1 (emphasis added). Plaintiff is bound only to those Terms and Conditions "in effect as of the dates" he established his NBOME account or purchases an exam.

---

[4] Plaintiff has been unemployed for many years, but there is no indication that he is unemployable in any capacity. Discovery suggests that he can and does rely on his family's wealth.

6

Plaintiff also argues that his agreements are void because the *arbitration clause* is invalid. However, not only is there no demand by either party to arbitrate this dispute, the arbitration clause is a *separate agreement* within the Terms and Conditions. Furthermore, if the arbitration clause was unenforceable, it would be *severed* from the Terms and Conditions pursuant to the savings clause that is part of the Terms and Conditions ("If any of the foregoing terms and conditions is unenforceable for any reason, the remaining terms and conditions shall remain in full force and effect as if the unenforceable term or condition did not exist."). *Flamini Dec.* ¶ 28, Exh. B.

### 2. Not Void for "Unconscionability"

Plaintiff also argues that his agreements with NBOME are void for unconscionability. However, he does not (and could not) argue that the *forum-selection clause* is unconscionable. The forum-selection clause does not mandate an out of the way forum to discourage lawsuits against NBOME. To the contrary, the forum is centrally located and easily accessible from anywhere in the country, including New York. There are multiple daily 2-3 hour flights from New York to Indianapolis, and it is a short cab ride from the Indianapolis airport to the federal courthouse.

Plaintiff argues only that paragraphs 5 and 6 of the Terms and Conditions, pertaining to "Limitation of Liability" and a release, "are so oppressively one-sided and harsh" that they are unconscionable. Opposition at 20-21. However, the only issue is whether the *forum-selection clause* is unconscionable. So, even if either of the other two clauses were unconscionable, the *forum-selection clause* would be enforceable and severed under the savings clause. However, neither of those provisions are unconscionable. Under Indiana law, "it is not against public policy to enter into an agreement which exculpates one from the consequences of his own negligence." LaFrenz v. Lake County Fair Bd., 360 N.E.2d 605, 607-608 (Ind. Ct. App. 1977). Also, a party is permitted to "limit [its] liability to an amount equal to or lesser than the contract price or the sum of money actually paid to further the contract." Trimble v. Ameritech Pub., 700 N.E.2d 1128, 1129

7

(Ind. 1989). New York law is similar. Gross v. Sweet, 49 N.Y.2d 102, 107, 424 N.Y.S.2d 365 (1979) (an exculpatory clause insulating a party from liability for his own negligence will be enforced if the intention of the parties is expressed in unmistakable language.).

### E. Conclusion

The forum-selection clause is presumptively enforceable under Atlantic Marine. The burden thus shifts to Plaintiff and he has failed to make a "sufficiently strong" showing that (1) the incorporation of the clause was the result of fraud or overreaching, or that (2) he could not obtain the same remedies in Indiana as he could in this Court, or that (3) enforcement of the clause would contravene any "strong public policy" of New York, or that (4) he will effectively "be deprived of his day in court" by the transfer. Martinez, 740 F.3d at 228. Therefore, all claims against NBOME should be transferred to federal court for the Southern District of Indiana.

## POINT II : MOTION TO DISMISS

Plaintiff's objections to NBOME's motion to dismiss rely only on CPLR 302(a)(3)(ii) and CPLR 302(a)(1), and those are unfounded.

### A. CPLR 302(a)(3)(ii)

Plaintiff has not carried his burden to show that the Court has personal jurisdiction of NBOME under CPLR 302(a)(3)(ii). He has not shown that NBOME's denial of his request for test accommodations for the Level 2-PE exam (which took place in Pennsylvania) satisfies the second element of that statute, *viz.* that NBOME's alleged tortious activity caused injury in New York. He argues that the second element "requires the identification of the 'original event' which caused the injury,'" and that the "'original event' occurs 'where the first effect of the tort that ultimately produced the final economic injury' is located." Opposition at 22. However, the "original event" which allegedly caused Plaintiff injury was the denial of his accommodation request, or at the latest, his inability to pass the Level 2-PE exam, which was administered in *Pennsylvania*, not New York.

8

Moreover, Plaintiff's claim that NBOME committed a tort in denying his accommodation request for the Level 2-CE examination does not satisfy the second element of CPLR 302(a)(3)(ii). Plaintiff points to no evidence that the "first effect" of NBOME's alleged tortious act in denying his request for accommodations to take the Level 2-CE exam occurred in New York, given that the denial of his request did not incur in New York, and that he could have taken the Level 2-CE exam anywhere in the United States.[5]

### B. CPLR 302(a)(1)

Plaintiff also argues that the Court may exercise personal jurisdiction of the out-of-state NBOME under CPLR 302(a)(1) if NBOME transacts business in New York, and claims his cause of action arises out of that transaction. Opposition at 23-24. Again, Plaintiff is mistaken. The "transactions" giving rise to Plaintiff's claims against NBOME were its two denials of his accommodation requests. Those two transactions – Plaintiff's two written requests for testing accommodations submitted by him by mail to NBOME at its Chicago office – *did not* occur in New York. *Bahl Dec.*, ¶¶ 28, 36. The transactions did not and could not occur until his requests for accommodations were received and acted upon in Chicago. *Id.*, ¶¶ 29, 40; *Flamini Dec.*, ¶¶ 20-24.[6]

### C. Personal Jurisdiction Would Violate "Due Process."

---

[5] Additionally, Plaintiff has proffered no evidence that NBOME should have expected Plaintiff to fail either examination absent accommodations. Plaintiff passed the Level 1 exam, without accommodations, and has never had accommodations on a standardized exam. Accordingly, there was no reason to assume he would fail Level 2-CE without accommodations. *Bahl Dec.*, ¶24.

[6] Notwithstanding that the "transactions" giving rise to his claims against NBOME were the reviews and denials of his accommodations requests, Plaintiff seems to argue that his mere ability to register online to take an exam meets the requirements of CPLR 301(a)(1). Not so, but even if were, Plaintiff proffers no evidence that NBOME's registration was used to "solicit business," as was the fact in Thomas Pub. v. Industrial Quick Search, 237 F. Supp.2d 489 (S.D.N.Y. Dec. 18, 2002), cited by Plaintiff. To the contrary, NBOME's online system merely allows candidates to register, schedule and pay for exams. There is no evidence that the system solicited business or was otherwise "interactive."

9

Finally, NBOME does not have any contract with any New York agency or NYCOM, Plaintiff's medical school. *Flamini Dec.*, ¶¶ 7, 8. NBOME's Level 2-PE examination is administered only in Pennsylvania, and its Level 2-CE exam is administered only by an independent contractor, Prometric, not by NBOME. *Id.*, ¶¶ 10, 12-14. Moreover, Plaintiff agreed and acknowledged that Marion County, Indiana is the proper forum for any claim by him against NBOME, and that it is *reasonable* that for it to be the *exclusive* forum.

Consequently, in accord with "traditional notions of fair play and substantial justice," Plaintiff should not be allowed to defy and repudiate his express agreement with NBOME that the proper and exclusive forum for his claims is in Indiana, by suing NBOME in a foreign jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court should grant NBOME's motion to transfer all claims against it to the United States District Court, Southern District of Indiana, pursuant to Atlantic Marine, 28 U.S.C. § 1404(a), and the forum-selection clause he willingly accepted by without objection, or alternatively dismiss all claims against NBOME for lack of personal jurisdiction.

Date:  Woodbury, New York
       April 29, 2015

Respectfully Submitted,

**KAUFMAN DOLOWICH & VOLUCK, LLP**

*/s/ Ellen Storch*

Ellen Storch, Esq.
Amanda Gurman, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
estorch@kdvlaw.com
agurman@kdvlaw.com
Attorneys for Defendant
THE NATIONAL BOARD OF OSTEOPATHIC
MEDICAL EXAMINERS, INC.

Of Counsel for Defendant NBOME:

Sydney L Steele, *Pro Hac Vice*
**KROGER GARDIS & REGAS, LLP**
111 Monument Circle, Suite 900
Indianapolis, IN 46204
(317) 692-9000
sls@kgrlaw.com

Kristen Carroll, *Pro Hac Vice*
**KLIGHTLINGER & GRAY**
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
kcarroll@k-glaw.com

To:
Rick Ostrove, Esq.
Leed Brown, P.C.
One Old Country Road, Suite 347
Carle Place, New York 11514
rostrove@leedsbrownlaw.com
Attorneys for Plaintiff

Kevin T. Mulhearn, Esq.
60 Dutch Hill Road, Suite 8
Orangeburg, NY 10962
kmulhearn@ktmlaw.net
Attorneys for Plaintiff

Stefanie Munsky, Esq.
Douglas Catalano, Esq.
Clifton Budd & DeMaria, LLP
The Empire State Building
350 Fifth Avenue, 61st Floor
New York, NY 10118
srmunsky@cbdm.com
Attorneys for Defendant
New York College of Osteopathic Medicine
of New York Institute of Technology

4844-6114-1041, v. 1

11