UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
AJAY BAHL,

                    Plaintiff,

       -against-                             **ORDER**

NEW YORK COLLEGE OF OSTEOPATHIC      CV 14-4020 (AKT)
MEDICINE OF NEW YORK INSTITUTE OF
TECHNOLOGY, and THE NATIONAL BOARD
OF OSTEOPATHIC MEDICAL EXAMINERS,

                    Defendants.
----------------------------------------------------------------x

**A.   KATHLEEN TOMLINSON, Magistrate Judge:**

**I.      BACKGROUND**

Pending before the Court is Defendant New York Institute of Technology's ("NYIT") motion to stay this case pending resolution of a parallel action against the National Board of Osteopathic Medical Examiners ("NBOME") in the Southern District of Indiana. *See* DE 151.

By way of a brief background, Ajay Bahl ("Plaintiff" or "Bahl") commenced this action on June 27, 2014 against New York College of Osteopathic Medicine of New York Institute of Technology ("NYCOM-IT"), The National Board of Osteopathic Medical Examiners ("NBOME"), North Shore Long Island Jewish Plainview Hospital ("NS-LIJ"), and Plainview Hospital. DE 1. On August 17, 2015, Plaintiff filed an Amended Complaint, which sets forth the following causes of action: (1) violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12812(b)(1)(A)(i): condoning third party discrimination, as to Defendants NYCOM-NYIT and NBOME; (2) violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12203(a) and (b) and/or Rehabilitation Act of 1973, § 504, 29 U.S.C. § 794: Retaliation, Interference, Coercion or Intimidation, as to Defendants NYCOM-NYIT, NS-LIJ, and NBOME;

(3) violation of the Rehabilitation Act of 1973 § 504(a), as to Defendant NYCOM-NYIT, NS-LIJ and NBOME; (4) violation of the Rehabilitation Act of 1973 Implementing Regulations, as to Defendants NYCOM-NYIT and NBOME; (5) hostile education environment as to NYCOM-NYIT; (6) violation of the Americans with Disabilities Act of 1990 as to NBOME; (7) violations of 28 C.F.R. § 36.309(B)(1)(I) as to Defendants NYCOM-NYIT and NBOME; (8) deprivation of Plaintiff's rights under color of law as to Defendants NYCOM-NYIT and NBOME; (9) negligence as to Defendant NBOME; (10) unjust enrichment as to Defendant NYCOM-NYIT; (10) breach of contract as to Defendant NYCOM-NYIT; (11) negligent infliction of emotional distress as to Defendant NYCOM-NYIT; (12) negligent misrepresentation as to Defendant NYCOM-NYIT; (13) deceptive practices in violation of New York General Business Law § 349; (14) tortious interference with contract as against Defendant NBOME; (15) violation of New York State Human Rights Law, New York Executive Law § 291, et seq. as to Defendants NYCOM-NYIT, NBOME, and NS-LIJ; (16) violation of NHCHRL, NYC Admin. Code § 8-107(15)(A) as to Defendants NYCOM-NYIT, NBOME and NS-LIJ. *See generally* DE 77. Several months after the Amended Complaint was filed, NS-LIJ and Plainview Hospital were dismissed as parties. *See* Electronic Order of October 21, 2015.

Previously, NBOME filed a Motion to Dismiss or Transfer this case to Indiana pursuant to 28 U.S.C. §1404(a) on the grounds that the Court lacked personal jurisdiction over Defendant NBOME. *See generally* DE 118. The Court granted that motion and the case as against NBOME was transferred to the Southern District of Indiana (1:17-cv-01109). *See* Electronic Order of April 12, 2017. Presently before the Court is Defendant NYIT's motion to stay the instant proceedings pending resolution of Plaintiff's case against NBOME in Indiana. DE 151.

## II.  DEFENDANT NYIT'S MOTION TO STAY

In determining whether a federal action should be stayed pending resolution of a concurrently pending action in another federal court, courts consider the following factors: "'(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 99 F. Supp. 3d 288, 315 (E.D.N.Y. 2015) (quoting *Trikona Advisors Ltd. v. Kai–Lin Chuang*, No. 12–CV–3886, 2013 WL 1182960, at *2 (E.D.N.Y. Mar. 20, 2013)) (citing *Laumann v. Nat'l Hockey League*, No. 12-1817, 2013 WL 837640 at *2 (S.D.N.Y. 2013); *Estate of Heiser v. Deutsche Bank Trust Co. Americas*, No. 11 CIV. 1608, 2012 WL 2865485, at *3 (S.D.N.Y. July 10, 2012), *aff'd*, 2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012)). "In balancing these factors, 'the basic goal is to avoid prejudice' to either party." *United States v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 289 (E.D.N.Y. 2014) (quoting *Laumann*, 2013 WL 837640, at *2). "[I]f there is even a fair possibility that the stay for which he prays will work damage to some one else," the movant "must make out a clear case of hardship or inequity in being required to go forward." *LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Katz v. Feinberg*, No. 99 CIV. 11705 (CSH), 2001 WL 1132018, at *1 (S.D.N.Y. Sept. 24, 2001)). The ultimate decision whether to stay an action falls to the sound discretion of the court. *Trikona Advisors Ltd.*, 2013 WL 1182960, at *2 (citing *Goldstein v. Time Warner N.Y. City Cable Grp.*, 3 F. Supp. 2d 423, 437–38 (S.D.N.Y. 1998)).

### A. The Private Interests of the Plaintiff in Proceeding Expeditiously with the Civil Litigation as Balanced against the Prejudice to the Plaintiff if Delayed

Plaintiff argues in his Opposition to Defendant's motion that a stay of this case "will cause Plaintiff further financial harm, as Plaintiff's financial damages will continue to accrue." DE 152. The Court is cognizant of Plaintiff's financial situation. However, as presented, the Court finds the claim of generalized "financial damages" to be unpersuasive. *Compare Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*, No. 11 CIV. 4141, 2012 WL 252139, at *5 (S.D.N.Y. Jan. 25, 2012) ("While Plaintiffs argue that a stay of this lawsuit will increase their litigation costs, they do not explain how a cessation of litigation activity would create significant costs for them."); *Catskill Mountain v. EPA,* 630 F.Supp.2d 295 (S.D.N.Y.2009) (applying the *Kappel* factors in granting a stay in a civil matter pending the disposition of a related civil matter then on appeal to the Eleventh Circuit Court of Appeals), *with TradeWinds Airlines, Inc. v. Soros*, No. 08 CIV. 5901, 2011 WL 309636, at *4 (S.D.N.Y. Feb. 1, 2011) (court determined it would lift stay to allow plaintiff to conduct depositions of "specific witnesses whose deposition testimony could become unavailable during the pendency of a stay due to illness, old age, or lapse of memory."). In fact, a stay of the proceedings before this Court will put a temporary halt to fees incurred in connection with this litigation.

With regard to the length of time of a potential stay, according to the docket in the parallel proceeding in Indiana, Defendant NBOME filed a motion to dismiss all counts against it pursuant to Rule 12(c) and Rule 56 on February 13, 2018 and the motion was fully briefed as of April 9, 2018. 1:17-cv-01109 [DE 164]. It remains possible that this motion will be decided in the short term. That being said, however, either side could appeal the district court's decision to the United States Court of Appeals for the Seventh Circuit. A stay of the instant matter could

4

then last for a substantial period of time.  From that perspective, this factor weighs against granting the Defendant's motion for a stay.

### B.  Private Interests and Burden of Defendants

Defendant argues that "NYIT has a strong interest in limiting its costs in defending these claims, and would be prejudiced by incurring litigation expenses that ultimately may prove unnecessary, should the S.D. Indiana decide some or all of the issues in this matter."  DE 151.  The Court finds that resolution of the Indiana federal court litigation will indeed have a direct impact on the instant action.  For example, in Count Two, Plaintiff alleges that:

> Plaintiff petitioned NBOME for reasonable accommodations to take the COMLEX 2 exams. NBOME wrongfully denied those requests. NBOME has an independent obligation under the ADA to ensure that its exams are constructed and administered in such a way as to allow persons with disabilities to demonstrate their true ability and not their disabilities. Defendant NYCOM-NYIT has its own obligation to ensure that it does not condone discrimination against persons with disabilities by taking adverse action, such as dismissal from school, against a student wrongfully denied a disability accommodation request by a third party (i.e., NBOME).

SAC ¶ 103.  Plaintiff further alleges that "Defendant NYCOM-NYIT contracted with NBOME to administer the COMLEX II exam, and implemented adverse actions against Plaintiff in regard thereto," *id*. ¶ 104, and that "Defendants' failure or refusal to provide Plaintiff with reasonable accommodations, directly or contractually through other parties, violates both the letter and spirit of the ADA."  *Id*. ¶ 106.  Based on these allegations, a finding by the District Court in Indiana that NBOME did not discriminate against Plaintiff would directly impact the claim that NYIT condoned such discrimination.

Moreover, in Count Nine, Plaintiff alleges that Defendants acted "jointly, and co-dependently in the selection and administration of the COMLEX II PE and CE exams…."

5

*Id*. ¶ 170.  In Count Ten, Plaintiff claims that in connection with his claim under 42 U.S.C. § 1983, "Defendants were clothed with the authority of state law in their collaborative and collective efforts to administer said COMPLEX II PE and CE examinations."  *Id*. ¶ 178.  Further, a review of Defendant NBOME's motion to dismiss shows that the federal court in Indiana may be required to rule on issues which bear on identical issues presented in the instant action, such as whether the COMLEX examinations were offered in a "place of public accommodation," 1:17-cv-01109, DE 164 at 14, and whether Plaintiff is disabled under the Americans with Disabilities Act.  *Id*. at 16.

The Court acknowledges that many of the counts asserted against NYIT stand independently from those asserted against NBOME.  However, courts have found that claims in parallel proceedings need not "track" each other exactly to justify a stay.  *Fried*, 2012 WL 252139, at *5.  Where claims arise from the same "nucleus of facts" or there exists "significant overlap," courts have found that a stay is warranted.  *See id*. at *5 ("There is significant overlap between this lawsuit and the lawsuit on appeal, both legally and factually, which is a solid ground upon which to issue a stay."); *see also Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 305 (S.D.N.Y. 2009) ("A stay may ... be appropriate [while] awaiting 'the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed.'") (citing *Finn v. Barney*, No. 08CIV.2975, 2008 WL 5215699, at *3 (S.D.N.Y. Dec. 8, 2008)); *SST Glob. Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003) (collecting cases) ("The test used in Kappel has been applied to stay a federal action in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law)."); *In re Literary Works in Elec. Databases Copyright*

*Litig*., Nos. M–21–90, MDL 1379, 00–CV–6049, 00–CV–9411, 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001) ("Where it is efficient for a trial court's docket and the fairest course for the parties, a stay may be proper even when the issues in the independent proceeding are not necessarily controlling of the action before the court.")).  The Court finds that the second *Kappel* factor weighs in favor of granting Defendant's request for a stay.

### C. The Interests of the Courts, Persons Not Parties to the Civil Litigation, and the Public

The Court addresses the third through fifth *Kappel* factors together.  In view of the overlap between the case pending in Indiana and the instant case, the Court finds that its interests will be served by granting the stay since it will "minimize the possibility of conflicts between different courts."  *McCracken v. Verisma Sys., Inc*., No. 6:14-CV-06248, 2018 WL 4233703, at *4 (W.D.N.Y. Sept. 6, 2018) (quoting *N.Y. Power Auth. v. United States*, 42 Fed. Cl. 795, 799 (Fed. Cir. 1999)) (citing *Nuccio v. Duve*, No. 7:13-CV-1556, 2015 WL 1189617, at *5 (N.D.N.Y. Mar. 16, 2015)).  The facts of this case do not implicate the interests of persons not parties to this action or the public.  As such, those factors weigh neither in favor of nor against granting the stay.

### III. CONCLUSION

Based on the foregoing analysis, the Court finds that granting a stay of this action pending resolution of the proceeding in the Southern District of Indiana is warranted.  Defendant NYIT's motion is therefore GRANTED.  Counsel are directed to file a joint letter by October 31, 2018 updating this Court on the status of the proceedings in the Southern District of Indiana.

**SO ORDERED:**

Dated: Central Islip, New York
      September 28, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge