CLERK
6/6/2019 12:20 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
```

1  ------------------------------------
                                        Docket 14-cv-04020-LDW-AKT
   AJAY BAHL,
2                        *Plaintiff,*
                                        United States Courthouse
3              v.                       Central Islip, New York

4  NEW YORK COLLEGE OF OSTEOPATHIC
   MEDICINE OF NEW YORK INSTITUTE OF    November 28, 2017
5  TECHNOLOGY et al,                    11:52:46 am - 12:08:40 pm

6                        *Defendants.*
   ------------------------------------

```
7               TRANSCRIPT FOR CIVIL CAUSE
                    - STATUS CONFERENCE -
8          BEFORE THE HONORABLE A. KATHLEEN TOMLINSON
                  UNITED STATES MAGISTRATE-JUDGE
9
```

10  A P P E A R A N C E S :

11  *For Plaintiff:*            NOAH BARNETT PETERS, ESQ.
                                Bailey & Ehrenberg PLLC
12                              1015 18th Street, N.W., Suite 204
                                Washington, DC 20036
13                              (202) 499-4222; (202) 318-7071 fax
                                nbp@becounsel.com

14
    *For Defendant, New*        STEFANIE ROBIN TOREN, ESQ.
15  *York College of*           (a/k/a Stefanie Munsky)
    *Osteopathic Medicine*      Clifton Budd & DeMaria LLP
16  *of New York Institute*     350 Fifth Avenue, suite 6110
    *of Technology:*            New York, New York 10118
17                              (212) 687-7410; (212) 687-3285 fax
                                srtoren@cbdm.com
18

19  *Transcriber:*              AA Express Transcripts
                                195 Willoughby Avenue, Suite 1514
20                              Brooklyn, New York, 11205
                                (888) 456-9716
21                              aaexpress@court-transcripts.net

22

23          *(Proceedings recorded by electronic sound recording)*

24

25

*Bahl v. New York College of Osteopathic Medicine … - 11/28/17   2*

1      COURTROOM DEPUTY:  Calling civil case 14-4020, Bahl v.

2   New York College of Osteopathic Medicine of New York Institute

3   of Technology et al.  Please state your appearance for the

4   record.

5      MR. PETERS:  Yes.  Noah Barnett Peters, for the

6   plaintiff, Ajay Bahl.

7      THE COURT:  Good morning.

8      MR. PETERS:  Good morning.

9      MS. MUNSKY:  Stephanie Munsky, of Clifton Budd &

10   DeMaria, for the Defendant, New York Institute of Technology,

11   named herein as New York College of Osteopathic Medicine of New

12   York Institute of Technology.  Good morning, Your Honor.

13      THE COURT:  Good morning.  I heard some brief passage

14   about why Mr. Catalano is not here.  Stay seated, if you would.

15   I need you on the microphone.  What's the story?

16      MS. MUNSKY:  Yes, Your Honor.  Doug is at an NLRB

17   hearing, and it unexpectantly, it continued till today.  I found

18   out about it after hours.  I had to actually leave here about

19   8:45, so timing wise, I think it would have been too difficult

20   to seek an adjournment.

21      THE COURT:  You'd be surprise how late we take

22   requests for adjournments, especially, when lead counsel is

23   involved.  I guess my concern is, are you thoroughly familiar

24   with the case at this point?

25      MR. PETERS:  Yes, Your Honor.  To the extent that we

*Bahl v. New York College of Osteopathic Medicine … – 11/28/17*   3

1  may have to ask questions to a client, you know, it would be the

2  same as to whether Doug would be here or myself.

3       THE COURT:  All right.  Well, when we left off with

4  this case basically, I set this conference on two counts.  One,

5  because new counsel for the plaintiff requested it, and also, to

6  deal with some of the unanswered, or I should say, unaddressed

7  issues involving the status of the case.  I know that Mr. Bahl

8  has filed an appeal in the Second Circuit.  There was a question

9  as to whether or not this Court would continue with the case

10  while the appeal was pending.  The real issue becomes, under the

11  rules of the Court both here and the Second Circuit, whether or

12  not this appeal deprives this Court of jurisdiction to continue

13  the case.  And I have looked at this issue and I would draw your

14  attention specifically to a Supreme Court case called *Lauro*

15  *Lines v. Chasser*, 490 U.S. 495 (1989), in which the Court held

16  that an interlocutory order denying a defendant's motion to

17  dismiss a damages action on the basis of a contractual forum-

18  selection clause is not immediately appealable under § 1291.

19       Now, I don't know what was explained to the Second

20  Circuit as to the basis, the specific basis for the appeal, but

21  I read this at this point, that I am deprived of jurisdiction

22  with respect to the case continuing as to the non-appealable

23  issues that exist in this case.  You are certainly free to

24  address that if you wish.  But that also brings me then to part

25  two of this discussion in which I had a request previously to

*Bahl v. New York College of Osteopathic Medicine … - 11/28/17*  4

1   stay these proceedings in light of the motion to transfer venue

2   with respect to the licensing authority.  And I'm not even sure

3   I remember now which state it is.  But in any event, having

4   granted that, the question is, at least the request was made

5   about pursuing a motion to stay these proceedings until the

6   other proceeding is decided by that Court.

7           I'm not making any decision on that today.  Certainly,

8   the question here is, where we're going from here.  And on two

9   counts, I think, Mr. Peters, I'd like to have some word from you

10  as to what the intentions are with respect to the Second Circuit

11  appeal.  And then if the defendants are still in a position

12  where they're pressing to make a motion for a stay, then we'll

13  talk about a briefing schedule for that.  All right?

14          MS. MUNSKY:  All right.

15          THE COURT:  Mr. Peters?

16          MR. PETERS:  Yes.  We've spoken to Mr. Bahl about

17  this.  The appeal has been filed and pursued pro se.  Mr. Bahl

18  is adamant that he does not wish to drop the appeal, so our

19  expectation is that the appeal will go forward.

20          THE COURT:  Again, because I haven't seen any

21  substance of the appeal, I take it, there's no briefing done

22  yet, correct?

23          MR. PETERS:  That's right.

24          THE COURT:  All right.  And so, you have what, six

25  months to perfect the appeal?

*Bahl v. New York College of Osteopathic Medicine … - 11/28/17*   5

1          MR. PETERS:  I don't know the details.  The appeal is

2    something that Mr. Bahl is pursuing on his own.

3          THE COURT:  Okay.  Have you had a chance to talk to

4    him?  I'm just trying to get at the root of what's the basis;

5    what are the actual bases for the appeal itself.

6          MR. PETERS:  Well, you cited authority just now that

7    would indicate that this is not a proper interlocutory appeal,

8    and that this is something that should be pursued at the end of

9    the case, if at all, right?

10          THE COURT:  Correct.

11          MR. PETERS:  And based on what you've just said, that

12    would seem to be persuasive precedent, that you can drop the

13    appeal, and once this case is over, you can pursue whatever

14    issues you would have in that appeal at the end of the case.

15    Instead of taking the extraordinary step of filing an

16    interlocutory appeal.  Those are matters that we've discussed

17    with Mr. Bahl.  And perhaps, I think after this, we'll discuss

18    it some more with him.

19          THE COURT:  All right.  Bear with me for a minute.

20    (Pause.)  And maybe this will help some of the discussion on the

21    issue of the appeal, the interlocutory appeal.  That *Lauro Lines*

22    case, let me just give you a little bit of the additional

23    language that's here.  I mentioned to you before, it says, "An

24    interlocutory order denying a defendant's motion to dismiss a

25    damages action on the basis of a contractual forum-selection

*Bahl v. New York College of Osteopathic Medicine … – 11/28/17*   6

1    clause", which is the case here, "is not immediately appealable

2    under § 1291." "Such an order is not final in the usual sense,

3    for it does not end the litigation on the merits but, on the

4    contrary, ensures that the litigation will continue. Nor does

5    the order fall within the narrow exception," and I emphasize the

6    word "narrow"; "narrow exception to the normal application of

7    the final judgment rule known as the collateral order doctrine,

8    for the order is not effectively unreviewable on appeal from

9    final judgment. The right to be sued only in a particular

10    forum, as compared to the right to avoid suit altogether,

11    although not perfectly secured by an appeal after final

12    judgment, is sufficiently vindicable," which I'm not even sure

13    where they came up with that word. Judge Scalia repeats it in

14    his concurrence. But in any event, this "is sufficiently

15    vindicable at that stage, and is not essentially destroyed if

16    vindication is postponed until trial is completed."

17         And so, as I said, in this instance, because of a

18    forum-selection clause, the decision in the district court in

19    which the affected party here attempted to file an interlocutory

20    appeal, at the appellate stage, the first appellate stage, the

21    appeal was dismissed for that very reason. And the Petitioner

22    appealed to the Supreme Court, and the Supreme Court upheld the

23    appellate court, saying, no, you can't bring this at this point

24    in time. It doesn't impact the merits of the case, and you can

25    certainly bring it at the conclusion of the district court case.

1          So, we're pretty much in the same circumstances here,

2     as far as I read the law and the caselaw.  But again, I will

3     leave that further discussion to you and your client.

4          MR. PETERS:  Sure.

5          THE COURT:  All right.  So, that brings me back to the

6     issue of where we're going from here.  Since my view is, this

7     Court is not bereft of jurisdiction.  So, we will continue.  But

8     that brings me to the issue then of the request by the

9     defendants to move forward with a motion to stay the proceedings

10    here, pending the proceedings with the other entity in the court

11    in --

12         MS. MUNSKY:  Indiana, Your Honor.

13         THE COURT:  -- Indiana.  I kept thinking it's either

14    Ohio or Indiana; I don't remember which one.  All right.  Is it

15    still your intention you want to move in that direction?

16         MS. MUNSKY:  Yes, Your Honor.

17         THE COURT:  All right.  I'd like to get this issue

18    resolved pretty quickly.  And, truly, I had no intention of

19    having you do full formal federal rules briefing here.  My

20    thought process was to allow you to file a letter motion, not to

21    exceed six pages, to tell me why I should put a hold on what's

22    going on here, pending the other court's decision.  And you

23    don't need to repeat the facts here.  We've been through the

24    facts for quite a long time in this case.  I'd like you to focus

25    on the law.  And once that's submitted, then I would give the

*Bahl v. New York College of Osteopathic Medicine … - 11/28/17*   8

1  plaintiff two weeks to file any opposition, again, limited to

2  six pages.  Is that acceptable?

3          MS. MUNSKY:  Yes, Your Honor.

4          MR. PETERS:  Yes, it is.  I do want to re-emphasize,

5  based on your remarks today, we are going to have a discussion

6  about the appeal and what we're going to do about that.  And if

7  we're convinced, based on the authority, that there's no chance

8  of succeeding on that appeal, I think there is a possibility

9  that we would withdraw it.  So, it's not set in stone that we're

10 going to continue with that, especially in light of Your Honor's

11 comments today.

12         THE COURT:  All right.  That's fine.

13         MS. MUNSKY:  Your Honor?

14         THE COURT:  Yes?

15         MS. MUNSKY:  I noted the timing for plaintiff to

16 oppose.  I didn't see how long you provided us to make the

17 motion.

18         THE COURT:  We're going to talk about that right now.

19         MS. MUNSKY:  Okay.  Thank you, Your Honor.

20         THE COURT:  So, today is, let's see, we're at November

21 28.  It would be my sense of this, to give you two weeks, then

22 give them two weeks, which would put you at December 12, it

23 looks like, which is going to crash us right into the holiday

24 season here.  So, bear with me for a minute.  (Pause.)

25         Well, let me propose this, again, because I do want to

*Bahl v. New York College of Osteopathic Medicine … – 11/28/17*   9

1    get this resolved as soon as possible.  However, I'm not looking

2    to make counsel's life, on either side here, miserable either.

3    So, the question is whether or not you think you can get your

4    papers in by December 8, and then, I would have counsel file his

5    opposition by the 22nd.  Or do we want to put the date over into

6    the first part of January?

7              MS. MUNSKY:  My preference, Your Honor, would be the

8    first part of January because I have another motion due that

9    day.

10             THE COURT:  All right.  Counsel?

11             MR. PETERS:  Do you mean for their reply brief,

12   putting that into January?

13             THE COURT:  Well, there's no reply on letter motions.

14   All right?  So, it's their submission.  I mean that's an awfully

15   long time for a letter motion.  I probably would have you submit

16   in December at some point, but then give them the opportunity to

17   file their reply after the holiday.  All right?

18             MR. PETERS:  The 22nd of December works on our end for

19   a response.  That date is fine.

20             THE COURT:  All right.  If that's the case, then I'll

21   have you put yours in by the 8th.  Okay?  That's almost two full

22   weeks, and on a letter motion, I normally wouldn't give the

23   party that much time in the first instance, but you've got the

24   rest of this week, and all of next week till Friday.  Okay?

25   Again, it's six pages, and I only want a discussion of the law.

*Bahl v. New York College of Osteopathic Medicine … - 11/28/17* 10

1   All right?

2            MS. MUNSKY:  Yes, Your Honor.

3            THE COURT:  Okay.  All right.  So, December 8 and

4   December 22.  And I will get a decision out on this as quickly

5   as possible.  As I said, I want this particular issue to get

6   resolved as quickly as possible, so we know where we're going

7   here.  All right?  I think that's really as far as we can go

8   today.  Unless there's something else that you want to address

9   while I have both sides here.  Mr. Peters, let me start with

10  you.

11           MR. PETERS:  No, that sounds like a good course of

12  action.

13           THE COURT:  All right.  And Ms. Minsky or Munsky?

14           MS. MUNSKY:  Munsky.

15           THE COURT:  Munsky.  Excuse me.  All right.  Anything

16  else you want to address today?

17           MS. MUNSKY:  Nothing else, Your Honor.

18           THE COURT:  All right.  Very well, then.  All right,

19  so I'll wait for your papers.  All right?  In the meantime,

20  whatever you're celebrating, have a wonderful holiday.  All

21  right?

22                          - o0o -

23

24

25

1                              CERTIFICATION

2

3           I, Rochelle V. Grant, certify that the foregoing is a

4    correct transcript from the official electronic sound recording

5    of the proceedings in the above-entitled matter.

6

7    Dated:  May 26, 2019

8

9

10                            Rochelle V. Grant

11                        AA Express Transcripts
                             (888) 456-9716

12

13

14

15

16

17

18

19

20

21

22

23

24

25