# CLIFTON BUDD & DEMARIA, LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE, 61ST FLOOR
NEW YORK, NY 10118

TEL 212.687.7410
FAX 212.687.3285
WWW.CBDM.COM

June 19, 2019

**VIA ECF**
Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Ajay Bahl v. New York College of Osteopathic Medicine of New York Institute of Technology, et al.*
              2:14-CV-04020 (AKT)

Dear Judge Tomlinson:

      This firm represents New York Institute of Technology ("NYIT"), improperly named herein as New York College of Osteopathic Medicine of New York Institute of Technology, in the above-referenced action. Pursuant to Your Honor's Order, please accept this letter as the parties' joint proposed schedule for the completion of expert discovery, and the briefing of NYIT's anticipated motion for summary judgment.

      Plaintiff has designated six hybrid fact and/or expert witnesses. One of these six witnesses was deposed prior to the stay. Per Plaintiff's designations, these hybrid witnesses will testify as to facts and opinions concerning issues of liability, such as the nature and extent of Plaintiff's alleged disabilities and his alleged requests for any accommodations. They will also purportedly testify as to facts and opinions concerning damages, such as Plaintiff's alleged emotional damages and injuries arising out of NYIT's alleged actions. Plaintiff has also designated an economic expert concerning his alleged economic losses.

      Prior to the stay, the parties agreed that Plaintiff would submit to an independent mental examination by NYIT's expert. Subsequent to this examination, NYIT's expert will prepare an expert report which will be provided to Plaintiff's counsel. NYIT also plans to designate a rebuttal economic expert.

      In light of the extensive anticipated expert discovery that remains outstanding, the parties jointly propose that expert discovery be bifurcated into two phases: liability, with NYIT's summary judgment motion to follow, then a separate phase for expert discovery on damages if necessary. The proposed bifurcation of outstanding expert discovery will streamline the discovery process as NYIT will only need to depose Plaintiff's five remaining hybrid fact and/or expert

**CLIFTON BUDD & DEMARIA, LLP**

Honorable A. Kathleen Tomlinson
United States Magistrate Judge
June 19, 2019
Page 2

witnesses prior to summary judgment.[1] Bifurcation will avoid the time, expense and expenditure of resources on damages issues should that phase prove unnecessary after a decision on NYIT's summary judgment motion. If expert discovery on damages becomes necessary, such discovery will include the mental examination of Plaintiff by NYIT's expert, exchange of reports and depositions of NYIT's expert and the parties' respective economic experts.

Should the Court grant the parties' request to bifurcate expert discovery, the parties jointly propose the following schedule concerning expert discovery and summary judgment:

- October 18, 2019: Deadline for expert discovery on liability issues, including the exchange of reports, designation of any rebuttal expert on liability issues, and all deposition testimony of witnesses on liability issues;

- December 18, 2019: Deadline for NYIT to serve its anticipated motion for summary judgment;

- February 18, 2020: Deadline for Plaintiff to serve any opposition to NYIT's motion for summary judgment;

- March 18, 2020: Deadline for NYIT to serve any reply papers in further support of its motion to summary judgment, as well as deadline for NYIT to electronically file the fully-briefed motion; and

- Should the Court deny NYIT's motion for summary judgment in part, the parties respectfully request 90 days from the date of the Court's decision to conduct expert discovery on damages, including an independent mental examination of Plaintiff, designation of any rebuttal economic expert, disclosure of reports, and all deposition testimony.

The parties are requesting this schedule due to the extensive nature of expert discovery, even when only considering liability issues. NYIT will need to conduct 5 depositions. As these experts were, upon information and belief, previously subpoenaed in 2015, it will take more time than usual to schedule and depose these individuals, as well as to ensure that all prior records obtained from these hybrid experts are current. Moreover, additional time is warranted given the difficulty of scheduling depositions during the period of summer vacations.

Should the Court deny the parties' request to bifurcate expert discovery, the parties jointly propose the following schedule concerning expert discovery and summary judgment:

---

[1] For purposes of efficiency, NYIT plans to depose these hybrid witnesses on both issues of liability and damages to avoid the need to depose these witnesses twice.

**CLIFTON BUDD & DEMARIA, LLP**

Honorable A. Kathleen Tomlinson
United States Magistrate Judge
June 19, 2019
Page 3

- December 18, 2019: Deadline to complete all expert discovery;

- February 18, 2019: Deadline for NYIT to serve its anticipated motion for summary judgment;

- April 20, 2020: Deadline for Plaintiff to serve any opposition to NYIT's motion for summary judgment; and

- May 20, 2020: Deadline for NYIT to serve any reply papers in further support of its motion to summary judgment, as well as deadline for NYIT to electronically file the fully-briefed motion.

Thank you for Your Honor's consideration of the parties' proposed schedule.

Respectfully submitted,

CLIFTON BUDD & DEMARIA, LLP
*Attorneys for New York Institute of Technology*


By:   \_/s Douglas P. Catalano\_\_
        Douglas P. Catalano
        Stefanie R. Toren
        Stephen P. Pischl


BAILEY & EHRENBERG PLLC
*Attorneys for Plaintiff*


By:   \_/s Peter K. Tompa\_\_\_\_\_
        Jason H. Ehrenberg
        Peter K. Tompa