# CLIFTON BUDD & DEMARIA, LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING  
350 FIFTH AVENUE, 61ST FLOOR  
NEW YORK, NY 10118

TEL 212.687.7410  
FAX 212.687.3285  
WWW.CBDM.COM

June 19, 2019

**VIA ECF**

Honorable A. Kathleen Tomlinson  
United States Magistrate Judge  
United States District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY 11722

  Re: *Ajay Bahl v. New York College of Osteopathic Medicine of New York Institute of Technology, et al.*, 14-CV-04020 (AKT)

Dear Judge Tomlinson:

  This firm represents New York Institute of Technology ("NYIT"), improperly named herein as New York College of Osteopathic Medicine of New York Institute of Technology, in the above-referenced action. Pursuant to Your Honor's Order, please accept this letter setting forth NYIT's proposed grounds for summary judgment.

  Plaintiff Ajay Bahl ("Plaintiff") is a former medical student at NYIT's College of Osteopathic Medicine ("NYITCOM"). With respect to Plaintiff's claims against NYIT,[1] in summary, Plaintiff alleges that NYIT discriminated and/or retaliated against him because of his alleged disabilities when he was dismissed from NYITCOM after he failed to timely pass the COMLEX-II exams, a graduation requirement set forth by the National Board of Osteopathic Medical Examiners ("NBOME"), NYITCOM's accrediting agency. Plaintiff also alleges that NYIT failed to accommodate his alleged disabilities when it failed to grant his request for a continued leave of absence in order to permit Plaintiff time to seek a testing accommodation from NBOME, the administrator of the COMLEX-II exams, and then take the exams.

  NYIT intends to move for summary judgment as to all of Plaintiff's surviving claims against NYIT.[2] First, Plaintiff cannot establish that NYIT discriminated and/or retaliated against him based on his alleged disabilities and/or failed to accommodate his alleged disabilities in violation of the Rehabilitation Act or Title III of the ADA[3] (Counts 2, 3, 4, 5 and 9). After Plaintiff failed to pass the COMLEX-II exams prior to graduation, NYITCOM provided Plaintiff with the accommodation of an approximately 250-day leave of absence to take the exams. When Plaintiff did not pass the COMLEX-II exams prior to expiration of this leave, in response to Plaintiff's request, NYITCOM offered to Plaintiff an additional 4-month leave of absence

---

[1] Plaintiff claims against the other defendants Plainview Hospital and NBOME have been voluntarily dismissed.

[2] NYIT does not specifically address all of Plaintiff's claims in this letter.

[3] Plaintiff's claims under Title III of the ADA (Counts 2, 3 and 9) also are "injuries without a remedy," as money damages are not recoverable under the ADA, and Plaintiff has not sought any specific injunctive relief.

**CLIFTON BUDD & DeMARIA, LLP**

Honorable A. Kathleen Tomlinson
June 19, 2019
Page 2

provided that NBOME granted Plaintiff a testing accommodation and that Plaintiff received passing scores by January 31, 2014. Plaintiff never responded to NYITCOM's offer.

As to Plaintiff's hostile educational environment claims and his claims under the New York State and City Human Rights Laws (Count 6, 19 and 20), Plaintiff has failed to raise a triable issue as to whether any of the complained of conduct was motivated by disability-based or retaliatory animus, even in part, which is fatal to each of these claims. In addition, Plaintiff has also failed to show that any challenged conduct was sufficiently severe as to effectively have deprived him of access to school resources, a *prima facie* requirement of a hostile educational environment claim.

NYIT is also entitled to judgment as to Plaintiff's claim under 42 U.S.C. § 1983 (Count 10), as NYIT is a private entity and not a state actor. Moreover, NYIT does not issue or have the authority to issue licenses for the practice of medicine, and therefore could not have acted "under the color of law" sufficient to state such a claim.

Also technically deficient are Plaintiff's claims for breach of contract, unjust enrichment, negligent misrepresentation and negligent infliction of emotional distress (Counts 12, 13, 14 and 15). Pursuant to New York law, a student's claims concerning the propriety of his dismissal from a university based on academic reasons—even if couched in terms of breach of contract, quasi-contract and/or tort—must be commenced as a proceeding under Article 78 of the CPLR. Plaintiff failed to timely file such a proceeding and his claims are now time-barred. Finally, as to his claim under NY Gen. Bus. Law § 349 (Count 16), Plaintiff has not alleged what material representations, if any, were made by NYIT that were materially misleading, a fatal defect.

Respectfully submitted,

CLIFTON BUDD & DeMARIA, LLP
*Attorneys for NYIT*

By: _____
Douglas P. Catalano
Stefanie R. Toren
Stephen P. Pischl

cc: **VIA ECF**
BAILEY & EHRENBERG PLLC
*Attorneys for Plaintiff*
Jason H. Ehrenberg, Esq.
Peter K. Tompa, Esq.