# CLIFTON BUDD & DEMARIA, LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING  
350 FIFTH AVENUE, 61ST FLOOR  
NEW YORK, NY 10118

TEL 212.687.7410  
FAX 212.687.3285  
WWW.CBDM.COM

May 5, 2021

**VIA ECF**
Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re: *Ajay Bahl v. New York College of Osteopathic Medicine of New York Institute of Technology, et al.*, 14-CV-04020 (AKT)

Dear Judge Tomlinson:

  This firm represents Defendant New York Institute of Technology ("NYIT"), improperly named herein as New York College of Osteopathic Medicine of New York Institute of Technology, in the above-referenced action. Pursuant to Your Honor's March 16, 2021 Civil Conference Minute Order, I write on behalf of NYIT and Plaintiff Ajay Bahl ("Plaintiff") to provide a joint status report. The information requested in Your Honor's Order is discussed below.

Expert Discovery

  Plaintiff's former counsel served Rule 26(a)(2)(c) Disclosures which identified six hybrid fact/expert witnesses. Of these six hybrid fact/expert witnesses, Plaintiff produced a document titled "Comprehensive Neurodevelopmental Assessment" from Dr. Yellin, annexed to the Amended Complaint as Exhibit A. It is Plaintiff's position that Plaintiff produced a three-page single spaced document from Dr. Adler, annexed to the Amended Complaint as Exhibit C. It is also Plaintiff's position that the document includes an assessment of patient received by NYIT in August of 2013 in support of Plaintiff's request for medical leave while Plaintiff was an active, fully enrolled, registered student in medical school.

  Dr. Yellin was deposed in December 2015 and January 2016 by NBOME and NYIT; however, it is Plaintiff's position that Plaintiff's attorney at the time was not given time to cross examine Dr. Yellin despite requesting to do so. No other hybrid fact/expert witnesses were deposed or produced expert reports. NYIT did, however, subpoena Plaintiff's medical records from the remaining five fact/expert witnesses and received responses. Additional information in response to Your Honor's questions is provided in the chart below and in Plaintiff's Rule 26(a)(2)(c) Disclosures, annexed to this letter as **Exhibit 1**. The parties refer the Court to the enclosed Disclosures concerning the subject matters on which Plaintiff's hybrid fact/expert witnesses might allegedly present relevant information.

| Name of Hybrid Fact/Expert Witness | Area of Expertise | Whether Witness Produced a Report | Whether Witness Has Been Deposed |
|---|---|---|---|
| Dr. David Fazzari | Psychologist | No | No |
| Dr. Leonard Adler | Psychiatrist | No | No |
| Dr. Florence Myers | Speech and Language Pathologist | No | No |
| Dr. Scott Shapiro | Psychiatrist | No | No |
| Dr. Andrew Tatarsky | Psychologist | No | No |
| Dr. Paul Yellin | Physician | Yes | Yes |

In addition to the six hybrid fact/expert witnesses, Plaintiff designated Phillip Kanyuk as an economic damages expert and produced a report by Mr. Kanyuk. Mr. Kanyuk has not yet been deposed. In or about January 2016, Plaintiff agreed to submit to a mental examination by NYIT's expert witness. It is Plaintiff's position that this agreement was pending an expert discovery dispute that still remains to be resolved. This examination has not yet been scheduled in light of the prior stay in the action and subsequent bifurcation of expert discovery.

Summary Judgment

NYIT believes that it is able to move for summary judgment based on the discovery currently in the record. Should any of Plaintiff's claims remain after the Court's decision on NYIT's summary judgment motion, NYIT respectfully requests permission to complete expert discovery at that time, including depositions of Plaintiff's five remaining designated hybrid fact/expert witnesses and Mr. Kanyuk and Plaintiff's submission to an independent mental examination by NYIT's expert witness. NYIT may also designate a rebuttal expert concerning Plaintiff's damages.

Plaintiff anticipates moving for summary judgment but cannot say definitively due to outstanding fact discovery. Plaintiff requests that summary judgment motion practice not commence until at least 3 weeks after fact discovery disputes are resolved.

The parties propose the following briefing schedule for NYIT's motion for summary judgment:

NYIT's deadline to move for summary judgment:    July 30, 2021
Plaintiff's deadline to oppose NYIT's motion:    October 28, 2021
NYIT's deadline to file its reply brief:    December 9, 2021

Counsel for NYIT requires this time in light of the voluminous record in this action which includes thousands of pages of documents and the deposition transcripts of eight individuals, such as Plaintiff who was deposed over five days.

NYIT also respectfully requests permission to file a moving brief with 10 additional pages for a total of 35 pages. NYIT requires these additional pages in order to properly respond to Plaintiff's fourteen causes of action asserted against NYIT in the Amended Complaint.

Mediation

### NYIT's Position

NYIT is not interested in participating in a mediation at this time.

### Plaintiff's Position

Plaintiff has indicated his desire for mediation, particularly to attain injunctive relief so plaintiff can pursue his lifelong dream. NYIT is refusing to do so, plaintiff wants court to waive NYIT from trying to argue in the future they have been doing otherwise.

Fact Discovery

### Plaintiff's Position

Previously NYIT indicated they were working on the "wording of a Stipulation" to correct the factual basis for which injunctive relief was erroneously denied. This was even memorialized during the end of a previous court conference. Moreover, Plaintiff has emails from NYIT stating that they are working on the stipulation, and need more time, however, most recently they appear to take an opposite position.

Privilege Log (NYIT dragged their feet for over at least five and a half years, and now just recently within past few weeks produced a 14 page ESI privilege log that is replete of concerns that will take plaintiff more time address)

ESI Search Terms [1]

---

[1] We only came to even realize there was an issue with ESI when a separate defendant (NBOME) produced many emails (over a year later) amongst NBOME and NYIT, that were not part of the initial emails we received from NYIT. NYIT cited the emails were missing because the attorneys never knew of the existence of certain custodians (eg. a secretary (Barbara Salvesen). Moreover, when the second batch came in, we received one notable email between two NYIT custodians (Provenzano and Bruno) that had nothing to do with NBOME or Salvesen. This is in part why clarity about the search terms is necessary.

      Outstanding Custodians (for which ESI have not been run, Schneider and Heron Burke are high priority) [2]

      Voicemail (between communication of Felecia Bruno and Alsyssa Provenzano).

Laurie Schroeder: Works at St. Barnabus (Regional Hospital) (Bx). Spoke with AB 12x, 12x emails. Physical meetings at St. Barnabus campus, relating to disabilities and methods of accommodation and accommodation application relating to NBOME exam.

      NYIT's Litigation Insurance documents

<u>NYIT's Position</u>

      Plaintiff provided NYIT's counsel with the fact discovery section of the joint status report at 6:30 p.m. today. NYIT respectfully requests additional time to provide a response to Plaintiff's position concerning alleged outstanding fact discovery.

---

[2] Michael Schneider: Spoke with AB, and current ESI custodian Provenzano advised AB that she was newly assigned, and that everything goes through Schneider. AB directly spoke with Schneider numerous times (estimated 3+) and emailed him (estimated 3+), and AB attorney Goren emailed and called him. Note: Schneider was located at Manhattan office, ODS.

      Alice Heron-Burke: Spoke with AB 1x, on September 19. Heron-Burke advised AB that there was a miscommunication, and that ODS wasn't handling matter. Told AB to stop calling ODS during call with Provenzano.

      Anthony Errichetti: Spoke with AB over 12x, emails over 12x. Communications were related to substantive matters relating to disability. Advocated that AB seek accommodations from NBOME. Errichetti spoke with Yellin and reviewed AB language report.

      Diane Fakih: No objection to similar request for Achtziger's assistant, Molesphini. Issues concern internal emails between Gilliar and Fakih.

      Lucille Notaro: No objection to similar request for Achtziger's assistant, Molesphini. Issues concern internal emails between Bruno and Notaro.

      Laurie Schroeder: Works at St. Barnabus (Regional Hospital) (Bx). Spoke with AB 12x, 12x emails. Physical meetings at St. Barnabus campus, relating to disabilities and methods of accommodation and accommodation application relating to NBOME exam.

Thank you for Your Honor's attention to this matter.

                Respectfully Submitted,

                CLIFTON BUDD & DEMARIA, LLP
                *Attorneys for Defendant NYIT*

By:    */s/ Stefanie Toren*
                Douglas P. Catalano
                Stefanie R. Toren
                Stephen P. Pischl

cc:    Mr. Ajay Bahl (via e-mail)