**EXHIBIT 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AJAY BAHL,                                              :
                                                        :
                Plaintiff,            : Docket No.: 14 CV 4020 (LDW)(AKT)
   -against-                                           :
                                                        :
NYCOM-NYIT, et al.,                                     :
                                                        :
                Defendants.           :
                                                        :
------------------------------------------------------------x


**PLAINTIFF'S RULE 26(a)(2)(c) DISCLOSURE**

     Plaintiff Ajay Bahl, by his undersigned attorneys, files this Hybrid Expert Witness Disclosure and states as follows:

Plaintiff designates the following hybrid expert witness to testify on his behalf:

       Dr. Leonard Adler, M.D
       Director, Adult ADHD Program
       New York University Medical Center
       One Park Ave, 8th Floor
       New York, New York 10016

Dr. Adler reserves the right to rely on the testimony of any of the Defendant's experts.

Furthermore, Plaintiff reserves the right to rely on the testimony of any of the Plaintiff or Defendant's hybrid fact and/or expert witnesses.

1. **Subject Matter on which the Witness is Expected to Present Evidence:**

   i. Dr. Adler is a treating physician of Plaintiff relating to conditions documented in Dr. Adler's August 2013 Medical Leave and Accommodation Request.

   ii. Additional subject matter includes, but is not limited to, the following: information regarding Plaintiff's disabilities and his qualification and requests for accommodations, affirmation as to communications by Dr. Adler to Dr. Belkin (a psychiatrist that NYCOM-NYIT required Plaintiff to see prior to returning to school following his July

1

2010 medical leave) regarding Plaintiff's medical care. Further description of the subject matter of Dr. Adler's expected testimony is contained in paragraph 2.

2. **Summary of the Facts and Opinions to which the Witness is Expected to Testify:**

   i. Dr. Adler is expected to testify on facts and opinion related to his overall care and treatment of plaintiff including: Plaintiff's medical conditions, symptoms, diagnoses, impairments, disabilities, prognosis, need for medications, need for accommodations, and emotional damages and injury arising out of interactions set forth in Plaintiff's complaint. Furthermore, Dr. Adler is expected to testify on facts and opinions related, but not limited to, the following:

   ii. The veracity and basis of facts and opinions stated in Dr. Adler's 2.5 page August 2013 Medical Leave/request for accommodation.

   iii. The degree to which the actions set forth in the complaint contributed to Plaintiff's medical state, particularly, around the time of Plaintiff's 2013 Medical Leave and Accommodation Request.

   iv. Recommended accommodations regarding parameters (time period and testing conditions) for COMLEX II exams to be an accurate measure of Plaintiff's ability.

   v. Attempts to communicate and facilitate interactive dialogue via Medical leave letter with respect to Plaintiff's medical conditions that significantly impair major life activities for which merit certain reasonable accommodations in school to allow Plaintiff to perform functions as a student effectively.

Respectfully submitted,

/s/
Sean O'Hara, Esq.
Leeds Brown Law, P.C.
*Attorneys for Plaintiff*
One Old Country Road
Suite 347
Carle Place, NY 11514

To: All Counsel (*Via First Class Mail and E-Mail*)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
AJAY BAHL,

                 Plaintiff,      Docket No.: 14 CV 4020 (LDW)(AKT)

  -against-

NYCOM-NYIT, et al.,

                 Defendants.

-------------------------------------------------------------x

# **PLAINTIFF'S RULE 26(a)(2)(c) DISCLOSURE**

Plaintiff Ajay Bahl, by his undersigned attorneys, files this Hybrid Expert Witness Disclosure and states as follows:

Plaintiff designates the following hybrid expert witness to testify on his behalf:

> David Fazzari
> Psychologist
> 19 West 34th Street,
> New York, NY 10001.

Dr. Fazzari reserves the right to rely on the testimony of any of the Defendant's experts. Furthermore, Plaintiff reserves the right to rely on the testimony of any of the Plaintiff or Defendant's hybrid fact and/or expert witnesses.

1. **Subject Matter on which the Witness is Expected to Present Evidence:**

   i. Dr. Fazzari is a treating therapist of Mr. Bahl relating to conditions documented in Plaintiff's complaint.

   ii. Additional subject matter includes, but is not limited to the following: information regarding Plaintiff's diagnosed disability and his qualification for accommodations under relative statutes, affirmation as to the trauma, mental anguish, pain and suffering that ensued following arising out of interactions set forth in Plaintiff's complaint. Further description of the subject matter of Dr. Fazzari expected

1

testimony is contained in paragraph 2.

2. **Summary of the Facts and Opinions to which the Witness is Expected to Testify:**

   i. Dr. Fazzari is expected to testify on facts and opinion related to his overall care and treatment of Plaintiff including: Plaintiff's medical conditions, symptoms, diagnoses, impairments, disabilities, prognosis, need for medications, need for accommodations, and emotional damages and injury arising out of interactions set forth in Plaintiff's complaint. Furthermore, Dr. Fazzari is expected to testify on facts and opinions related, but not limited to, the following:

   ii. Plaintiff's specific manifestations on a day to day level of the medical conditions and diagnosis indicated by Dr. Adler and Dr. Yellin in their reports cited as exhibits in the complaint.

   iii. Plaintiff's disabilities significantly impair major life activities in an array of activities of daily living that merit certain reasonable accommodations in school to allow the Plaintiff to perform his functions as a student effectively.

   iv. The interactions set forth in Plaintiff's complaint have had devastating effects on Plaintiff's relationships and continue to permeate all aspects of his life.

Respectfully submitted,

/s/
Sean O'Hara, Esq.
Leeds Brown Law, P.C.
*Attorneys for Plaintiff*
One Old Country Road
Suite 347
Carle Place, NY 11514

To: All Counsel (*Via First Class Mail and E-Mail*)

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
AJAY BAHL,                                    :
                                              :
                    Plaintiff,                :   Docket No.: 14 CV 4020 (LDW)(AKT)
     -against-                                :
                                              :
NYCOM-NYIT, et al.,                           :
                                              :
                    Defendants.               :
                                              :
-------------------------------------------------------------x
```

# PLAINTIFF'S RULE 26(a)(2)(c) DISCLOSURE

Plaintiff Ajay Bahl, by his undersigned attorneys, files this Hybrid Expert Witness Disclosure and states as follows:

Plaintiff designates the following hybrid expert witness to testify on his behalf:

> Dr. Florence Myers, Ph.D
> Speech and Language Pathologist, Professor
> Adelphi University
> 1 South Avenue
> P.O. Box 701
> Garden City, New York 11530.

Dr. Myers reserves the right to rely on the testimony of any of the Defendant's experts. Furthermore, Plaintiff reserves the right to rely on the testimony of any of the Plaintiff or Defendant's hybrid fact and/or expert witnesses.

1. **Subject Matter on which the Witness is Expected to Present Evidence:**

    i. Dr. Myers is a treating therapist of Mr. Bahl relating to conditions documented in Plaintiff's complaint.

    ii. Additional subject matter includes, but is not limited to the following: information regarding Plaintiff's diagnosed disability and his qualification for accommodations

under relative statutes, affirmation as to how his cluttering disorder relates to interactions set forth in Plaintiff's complaint as well as performance on the COMLEX II PE exam. Further description of the subject matter of Dr. Myers is expected testimony is contained in paragraph 2.

2. **Summary of the Facts and Opinions to which the Witness is Expected to Testify:**

   i.   Dr. Myers is expected to testify on facts and opinion related to his overall care and treatment of Plaintiff including: Plaintiff's medical conditions, symptoms, diagnoses, impairments, disabilities, prognosis, need for medications, need for accommodations, and emotional damages and injury arising out of interactions set forth in Plaintiff's complaint. Furthermore, Dr. Myers is expected to testify on facts and opinions related, but not limited to, the following:

   ii.  Plaintiff's speech manifestations on a day to day level of medical conditions and diagnoses indicated by Dr. Adler and Dr. Yellin in their reports cited as exhibits in the complaint.

   iii. Plaintiff's cluttering disorder impacts his speech and writing through deficits in language processing that merit certain reasonable accommodations particularly with respect to his COMLEX II PE Exam.

Respectfully submitted,

/s/
Sean O'Hara, Esq.
Leeds Brown Law, P.C.
*Attorneys for Plaintiff*
One Old Country Road
Suite 347
Carle Place, NY 11514

To:   All Counsel (*Via First Class Mail and E-Mail*)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AJAY BAHL,                                   :
                                             :
                Plaintiff,          : Docket No.: 14 CV 4020 (LDW)(AKT)
  -against-                                 :
                                             :
NYCOM-NYIT, et al.,                          :
                                             :
                Defendants.         :
                                             :
------------------------------------------------------------x

# PLAINTIFF'S RULE 26(a)(2)(c) DISCLOSURE

      Plaintiff Ajay Bahl, by his undersigned attorneys, files this Hybrid Expert Witness Disclosure and states as follows:

Plaintiff designates the following hybrid expert witness to testify on his behalf:

      Scott Shapiro
      Psychiatrist
      286 Fifth Avenue,
      New York, NY 10001

Dr. Shapiro reserves the right to rely on the testimony of any of the Defendant's experts. Furthermore, Plaintiff reserves the right to rely on the testimony of any of the Plaintiff or Defendant's hybrid fact and/or expert witnesses.

**1.**    **Subject Matter on which the Witness is Expected to Present Evidence:**

    i.     Dr. Shapiro is a treating physician of Mr. Bahl relating to conditions documented in Plaintiff's complaint.

    ii.    Additional subject matter includes, but is not limited to the following: information regarding Plaintiff's diagnosed disability and his qualification for accommodations under relative statutes, affirmation as to the trauma, mental anguish, pain and suffering that ensued following arising out of interactions set

1

forth in Plaintiff's complaint. Further description of the subject matter of Dr. Shapiro expected testimony is contained in paragraph 2.

**2.     Summary of the Facts and Opinions to which the Witness is Expected to Testify:**

i. Dr. Shapiro is expected to testify on facts and opinion related to his overall care and treatment of Plaintiff including: Plaintiff's medical conditions, symptoms, diagnoses, impairments, disabilities, prognosis, need for medications, need for accommodations, and emotional damages and injury arising out of interactions set forth in Plaintiff's complaint. Furthermore, Dr. Shapiro is expected to testify on facts and opinions related, but not limited to, the following:

ii. Plaintiff's specific manifestations on a day to day level of the medical conditions and diagnosis indicated by Dr. Adler and Dr. Yellin in their reports cited as exhibits in the complaint.

iii. Plaintiff's disabilities significantly impair major life activities in an array of activities of daily living that merit certain reasonable accommodations in school to allow Plaintiff to perform his functions as a student effectively.

iv. The interactions set forth in Plaintiff's complaint have had devastating effects on Plaintiff's relationships and continue to permeate all aspects of his life.

v. Personally putting NYCOM-NYIT on notice as well as attempting to initiate interactive dialogue of Plaintiff's disabilities and request for accommodations via phone call and follow up email to current, and at the time Dean of NYCOM-NYIT, Wolfgang Gilliar.

Respectfully submitted,

/s/
Sean O'Hara, Esq.
Leeds Brown Law, P.C.
*Attorneys for Plaintiff*
One Old Country Road
Suite 347
Carle Place, NY 11514

To:     All Counsel (*Via First Class Mail and E-Mail*)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AJAY BAHL,                                              :

                          Plaintiff,           :   Docket No.: 14 CV 4020 (LDW)(AKT)

    -against-                                    :

NYCOM-NYIT, et al.,                           :

                         Defendants.       : 
------------------------------------------------------------x

## PLAINTIFF'S RULE 26(a)(2)(c) DISCLOSURE

Plaintiff Ajay Bahl, by his undersigned attorneys, files this Hybrid Expert Witness Disclosure and states as follows:

Plaintiff designates the following witness to testify on his behalf:

> Andrew Tatarsky, PhD
> Psychologist
> Center for Optimal Living
> 303 Fifth Avenue
> New York, New York 10016

Dr. Tatarsky reserves the right to rely on the testimony of any of the Defendant's experts. Furthermore, Plaintiff reserves the right to rely on the testimony of any of the Plaintiff or Defendant's hybrid fact and/or expert witnesses.

1. **Subject Matter on which the Witness is Expected to Present Evidence:**

    i. Dr. Tatarsky is a treating talk therapist of Mr. Bahl relating to conditions documented in Plaintiff's complaint.

    ii. Additional subject matter includes, but is not limited to the following: information regarding Plaintiff's diagnosed disability and his qualification for accommodations under relative statutes, affirmation as to the trauma, mental

1

anguish, pain and suffering that ensued following the July 2010 coerced medical leave amongst other events in the complaint. Further description of the subject matter of Dr. Tatarsky's expected testimony is contained in paragraph 2.

2. **Summary of the Facts and Opinions to which the Witness is Expected to Testify:**

   i. Dr. Tatarsky is expected to testify on facts and opinion related to his overall care and treatment of Plaintiff including: Plaintiff's medical conditions, symptoms, diagnoses, impairments, disabilities, prognosis, need for medications, need for accommodations, and emotional damages and injury arising out of interactions set forth in Plaintiff's complaint. Furthermore, Dr. Tatarsky is expected to testify on facts and opinions related, but not limited to, the following:

      i. The effect the coerced medical leave had on the Plaintiff, specifically the manner and circumstances in which it took place.

      ii. The extent to which Plaintiff's health was significantly worsened by being coerced into a medical leave.

      iii. The extent to which Plaintiff's mood and functioning where further worsened by the Plaintiff getting off cycle from his cohort (medical school graduating class) causing Plaintiff to become even more isolated, by nature of being void of his previous existing social and academic support structures, as well as Plaintiff's being told the reason for his coerced medical leave was to be in part punitive.

      iv. The extent to which Plaintiff was further victimized NYCOM-NYIT by being de-registered for his COMLEX exam after being initially encouraged to take his exam during the period he was coerced into taking a medical leave.

      v. The extent to which Plaintiff was further victimized by NYCOM-NYIT thru Dr. Belkin's repeated good faith warnings indicating a pattern and practice of the school with respect to students suffering from mental health disabilities, described as an unofficial two strike policy with respect to leaves, "if Ajay were to report to the school that he has any anxiety or mental disabilities, that he would be dismissed."

                                                  Respectfully submitted,

                                                  /s/
                                                Sean O'Hara, Esq.
                                                Leeds Brown Law, P.C.
                                                *Attorneys for Plaintiff*
                                                One Old Country Road
                                                Suite 347
                                                Carle Place, NY 11514

To:    All Counsel (*Via First Class Mail and E-Mail*)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AJAY BAHL,                                                 :
                                                           :
                        Plaintiff,                         :   Docket No.: 14 CV 4020 (LDW)(AKT)
        -against-                                          :
                                                           :
NYCOM-NYIT, et al.,                                        :
                                                           :
                        Defendants.                        :
                                                           :
-----------------------------------------------------------x

# PLAINTIFF'S RULE 26(a)(2)(c) DISCLOSURE

Plaintiff Ajay Bahl, by his undersigned attorneys, files this Hybrid Expert Witness Disclosure and states as follows:

Plaintiff designates the following witness to testify on his behalf:

> Dr. Paul Yellin
> Director, Associate Professor of Pediatrics at New York University
> Yellin Center for Mind, Brain and Education
> 104 West 29th Street, 12th Floor
> New York, New York 10001

Dr. Yellin reserves the right to rely on the testimony of any of the Defendant's experts. Furthermore, Plaintiff reserves the right to rely on the testimony of any of the Plaintiff or Defendant's hybrid fact and/or expert witnesses.

1. **Subject Matter on which the Witness is Expected to Present Evidence:**

    i. Dr. Yellen is a treating physician of Mr. Bahl relating to conditions documented in Dr. Yellin's 2010 Neuropsychological Evaluation of Plaintiff.

    ii. Additional subject matter includes, but is not limited to the following: information regarding Plaintiff's diagnosed disability and his qualification for accommodations under relative statutes; affirmation as to communications by Dr. Yellin to NYITCOM placing them on notice of Plaintiff's disability and his attempts to initiate interactive dialogue.

1

Further description of the subject matter of Dr. Yellin's expected testimony is contained in paragraph 2.

2. **Summary of the Facts and Opinions to which the Witness is Expected to Testify:**

   i. Dr. Yellin is expected to testify on facts and opinion related to his overall care and treatment of plaintiff including: plaintiff's medical conditions, symptoms, diagnoses, impairments, disabilities, prognosis, need for medications, need for accommodations, and emotional damages and injury arising out of interactions set forth in plaintiff's complaint. Furthermore, Dr. Yellin is expected to testify on facts and opinions related, but not limited to, the following:

   ii. The veracity and basis of *all* facts and opinion stated in plaintiff's 2013 application for testing accommodations for COMLEX II CE and COMLEX II PE Exams, including "The Yellin Report."

   iii. Recommended reasonable accommodation regarding parameters (time period and testing conditions) for completion of COMLEX II exams as communicated through William Goren, an Americans with Disability Act (ADA) expert, who at the time was advocating for plaintiff in his communications to NYIT in October 2013.

   iv. Numerous attempts to initiate interactive dialogue with respect to Plaintiffs medical conditions that significantly impair major life activities that merit certain reasonable accommodations in school to allow Plaintiff to perform functions as a student effectively.

   v. The sufficiency of his communications to put defendants on notice in relaying Plaintiff's need and request for reasonable accommodations, and documentation to support showing of disability under relevant statutes to NYIT and NBOME regarding COMLEX testing accommodations and other accommodation related matters. (Specifically, Dr. Yellin's communications to Alyssa Provenzano, Anthony Errichetti, and Felicia Bruno.

Respectfully submitted,

_____/s/_____
Sean O'Hara, Esq.
Leeds Brown Law, P.C.
*Attorneys for Plaintiff*
One Old Country Road
Suite 347
Carle Place, NY 11514

To: All Counsel (*Via First Class Mail and E-Mail*)