UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AJAY BAHL,

                            Plaintiff,                    **ORDER**
               -against-                      CV 14-4020 (JMA) (ARL)

NEW YORK COLLEGE OF OSTEOPATHIC
MEDICINEOF NEW YORK INSTITUTE OF
TECHNOLOGY ("NYCOM-NYIT" or "NYCOM"),

                          Defendant.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       On March 16, 2021, Magistrate Judge Tomlinson held a telephone conference with the *pro se* plaintiff and defendant's counsel, during which she directed the parties to:

> provide the Court with a letter by March 31, 2021 which contains: (A) a list of these hybrid fact/expert medical witnesses by name, their respective area of expertise, what material information they are providing with respect to this case, whether they produced a report, and whether they have been deposed; and (B) since the Court has bifurcated the liability from the damages phase of the case, whether the parties are at a point where they can proceed with summary judgment motion practice solely on the liability issue with discovery in the state it is currently in. Mr. Bahl and Attorney Toten are to speak further with each other to prepare the letter outlined here. If both sides are prepared to move forward, then the Court is directing them to also submit a proposed schedule for summary judgment motion(s) practice for the Court's review and approval.

ECF No. 196. At that time, the plaintiff had indicated that there were still some discovery items which the defendant owed him. Accordingly, Bahl was instructed to provide the Court with a bullet-point list as part of the March 31, 2021 letter of any items he still believed the defendant had not produced. *Id.* After receiving multiple extensions of the deadline for that submission, the parties submitted a joint status report that included an agreed-upon briefing schedule for summary judgment motion practice.

1

As such, by order dated May 18, 2021, Magistrate Judge Tomlinson issued the following directives:

> (1) defendants' counsel has one additional week (until May 25) to file a response with the Court concerning plaintiff's contention that defendants still owe him certain discovery; (2) defendants' response shall include a substantive explanation of the footnotes contained in the report if counsel expects the Court to consider this information; (3) defendants' counsel shall advise the Court why the ESI search for custodians Schneider and Burke have not been completed; (4) the Court does not refer cases to mediation where one of the parties does not wish to participate since such an undertaking is a waste of the mediators time; therefore, the Court will not refer this case to mediation; (5) summary judgment motion scheduling is deferred until the further order of the Court.

After reviewing the defendant's response and all of the documents submitted with respect to outstanding discovery, Magistrate Judge Tomlinson determined that a number of discovery disputes remained and issued the following rulings:

> 1. With regard to the purported "stipulation," the Court finds plaintiff's contention with respect to the stipulation unpersuasive. Even if the stipulation exists, the plaintiff would have to produce a copy executed by both sides in order for the stipulation to be valid and enforceable. Certainly, plaintiff is free to speak with the series of attorneys who previously represented him to request that these firms/attorneys review their files in an effort to locate the stipulation. If plaintiff is able to obtain a copy, he can present it to the Court. To the extent the stipulation was not executed by both sides, it is not enforceable. The Court cautions the plaintiff that the stipulation would have little impact on the current posture of the case. The burden to produce such stipulation here is the plaintiff's, not the defendant's. If plaintiff wishes to pursue this matter, the Court is giving him 30 days, until June 25, 2021, to follow-up with his former counsel and to file the executed stipulation on ECF if it exists. This deadline will not be extended.
>
> 2. As to the "supplemental privilege log," if the plaintiff intends to challenge any of its contents, the Court is giving him until June 25, 2021 to do so. This deadline will not be extended. Plaintiff's challenges must be consistent with the manner of presentation of the privilege log itself, which means plaintiff has to specifically list the numbered entry he is challenging, the grounds upon which he believes the attorney-client or work-product privilege does not apply to the specific entry he is challenging, and why the information is material to his claims in the case. If plaintiff intends to procced with this response, the

2

> Court suggests that he submit a chart that is similar in format to the supplemental privilege log he was provided by NYIT. The Court is limiting the plaintiff's response to 3 pages. Any attempt to exceed the 3-page will be rejected by the Court.
>
> 3. As to the plaintiff's concerns about ESI, his time to raise any issues with respect to the defendant's production -- whether hard copy or ESI -- has long expired. Plaintiff's request for relief as to the issues he has raised concerning ESI is DENIED. In addition, the Court points out that plaintiff has had the benefit of ESI from 15 different custodians. It is the Court's job as gatekeeper to ensure that the discovery requested is material to the claims raised by the plaintiff AND is proportional to the needs to the case. See Federal Rule of Civil Procedure 26(b)(1). The Court finds that defendant has abided by its obligations here and nothing further will be required of them.
>
> 4. To the extent that plaintiff seeks information related to defendant's litigation insurance, this issue is moot since the defendant has agreed to produce the relevant sections of any insurance policy that might provide coverage to NYIT in this action. Accordingly, the Court need not take any action on this issue.

ECF No. 209.

Following the entry of the May 2021 order, Magistrate Judge Tomlinson extended the plaintiff's deadline to make his submissions several times. However, the plaintiff was warned that the last deadline, that being, July 30, 2021, would not be further extended. Despite such warning, the plaintiff failed to respond. Accordingly, given the history of this case, the undersigned deems discovery to be complete. Subject to the District Judge's approval, the defendant's deadline to move for summary judgment is December 20, 2021. The plaintiff's deadline to oppose NYIT's motion is January 28, 2022. The defendant's deadline to file its reply brief is February 11, 2022.

The parties' requirement to file a proposed joint pretrial order is stayed pending resolution of the anticipated dispositive motion by the District Judge. Given the anticipated

motion practice, the Court will not schedule a final conference at this time.

Dated: Central Islip, New York  **SO ORDERED:**
      November 4, 2021

                                                                                                                                            _____/s_____
                                                     ARLENE ROSARIO LINDSAY
                                                    United States Magistrate Judge