# CLIFTON BUDD & DEMARIA, LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING  
350 FIFTH AVENUE, 61ST FLOOR  
NEW YORK, NY 10118

TEL 212.687.7410  
FAX 212.687.3285  
WWW.CBDM.COM

August 11, 2023

**VIA ECF**
Honorable Nina R. Morrison, United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *Ajay Bahl v. New York College of Osteopathic Medicine of New York Institute of Technology*, 14-CV-04020 (NRM)(LGD)

Dear Judge Morrison:

      This firm represents Defendant New York Institute of Technology ("NYIT"), improperly named herein as New York College of Osteopathic Medicine of New York Institute of Technology, in the above-referenced action. Pursuant to Your Honor's July 12, 2023 Order, NYIT writes to respectfully request that the Court deny any request by Plaintiff to reinstate certain claims that had been withdrawn by Plaintiff's counsel[1] in connection with NYIT's motion for summary judgment.

      By way of background, on March 1, 2022, NYIT served upon Plaintiff, then acting *pro se*, a copy of its motion for summary judgment which sought dismissal of Plaintiff's Amended Complaint. Specifically, NYIT sought dismissal of the separate causes of action that Plaintiff asserted against NYIT in the Amended Complaint which can be summarized as follows: (1) disparate treatment based on disability under the Rehab Act and NYSHRL; (2) failure to accommodate under the Rehab Act and NYSHRL; (3) aiding and abetting disability discrimination under the ADA; (4) retaliation under the Rehab Act and ADA; (5) hostile educational environment; (6) violation of the ADA's regulations; (7) violation of Equal Protection under Section 1983; (8) breach of an implied agreement; (9) negligent infliction of emotional distress; (10) negligent misrepresentation; (11) violation of N.Y. Gen. Business Law § 349; (12) unjust enrichment; and (13) violation of the NYCHRL.

      Thereafter, Plaintiff retained new counsel, Advocates for Justice, Chartered Attorneys, who appeared in this action by filing a Notice of Appearance on or about October 31, 2022. Plaintiff's counsel served Plaintiff's opposition to NYIT's motion for summary judgment on December 30, 2022. In Plaintiff's opposition brief, Plaintiff's counsel clearly stated that Plaintiff was withdrawing all claims asserted against NYIT in the Amended Complaint with the exception of

---

[1] Although Plaintiff's counsel moved to withdraw as counsel based on Plaintiff's expressed desire to end their attorney-client relationship, a decision on the motion is pending.

Plaintiff's failure to accommodate claims under the Rehab Act[2] and NYSHRL.[3] NYIT responded to Plaintiff's remaining failure to accommodate claims by serving its reply in further support of its motion for summary judgment on February 21, 2023.

On the morning of June 30, 2023, hours before oral argument was to be held on NYIT's motion for summary judgment, NYIT and the Court learned that Plaintiff wished to terminate his new attorneys, Advocates for Justice. *See* Dkt. 241. In his letter to Your Honor, Plaintiff indicated that the basis for his decision was "the result of a longstanding lack of communication and unresolved differences as to how the case should be prosecuted." *Id*. In Plaintiff's letter, he also advised the Court for the first time that "[s]everal of my claims have apparently been withdrawn without my authorization, and in some cases against my explicit instruction." *Id*. Nowhere within the letter does Plaintiff specify the claims in the Amended Complaint that he contends were withdrawn without his authorization. Rather, Plaintiff's letter indicates that he was not satisfied with his attorneys' failure to raise in Plaintiff's opposition brief a reference to the Court's July 28, 2015 denial of his motion to amend the Complaint to add a claim for injunctive relief under the ADA. *See id.*; Dkt. 75.

At oral argument on NYIT's motion for summary judgment, Plaintiff clarified the issue with his attorneys. Plaintiff contends that he was allegedly shown a draft of his opposition papers on the due date, December 30, 2022. *See* Transcript[4], pp. 4-5. He purportedly expressed his disagreement with the draft. *Id*. at 5. According to Plaintiff's counsel, they asked him to place in writing what he believed was missing from the opposition papers. *Id*. Plaintiff allegedly responded by raising a concern about the withdrawal of his retaliation claims. *Id*. at 5-6. Plaintiff's counsel contends that he informed Plaintiff that his firm could not argue Plaintiff's retaliation claims as they believed that the claim is frivolous. *Id*. at 6-7. Plaintiff's counsel then informed the Court that he did not hear from Plaintiff for five months after this initial discussion. *Id*.

NYIT respectfully submits that Plaintiff should not be permitted to reopen any of the claims that his attorneys withdrew in connection with Plaintiff's opposition to NYIT's motion for summary judgement. Not only is Plaintiff bound by the concessions that his retained attorneys, his agents, made in connection with litigation strategy, but Plaintiff admittedly was aware in

---

[2] Plaintiff's counsel mistakenly indicated that the Amended Complaint contained a failure to accommodate claim under the ADA.

[3] Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment provides:

> Plaintiff now withdraws his claims for disparate treatment discrimination, retaliation, hostile learning environment, aiding and abetting discrimination, equal protection, breach of an implied agreement, negligent infliction of emotional distress, negligent misrepresentation, deceptive practices, and his New York City Human Rights Law claims. Defendant NYCOM ("Defendant") argues that Plaintiff's remaining failure to accommodate claims under the ADA, Rehabilitation Act, and NYSHRL should be dismissed because…

(Pl. Opp. Memo. of Law, p. 1.)

[4] References are to the transcript of the June 30, 2023 oral argument before Your Honor.

December 2022 that his attorneys had withdrawn all of his claims except for his failure to accommodate claims, yet waited six months to bring his concerns to the Court's attention.

"It is beyond reproach that '[w]hen an attorney has been retained, he has certain implied powers to act for his client,' specifically the apparent authority to act in all matters properly connected with the suit." *Febus v. Guardian First Funding Group, LLC*, 90 F.Supp.3d 240, 246 (S.D.N.Y. 2015)(citing *Stone v. Bank of Commerce*, 174 U.S. 412, 422, 19 S.Ct. 747, 43 L.Ed. 1028 (1899)). "Apparent authority arises from the representations of the principal toward a third party regarding the authority of the agent." *Febus*, 90 F.Supp.3d at 246. (citations omitted). "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction." *Hillair Capital Investments, LP v. Smith Systems Transport, Inc.*, 640 Fed. Appx. 49, 52 (2d Cir. 2016). "We may therefore find apparent authority where the principal remained silent when he had the opportunity of speaking and when he knew or ought to have known that his silence would be relied upon." *Id*. (citations omitted).

"[A]ttorneys are entitled to significant discretion in determining which positions to advance on the behalf of their clients, and in determining how best to advance those positions." *Hatfield v. Herz*, 109 F.Supp.2d 174, 180 (S.D.N.Y. 2000)(citing *675 Chelsea Corp. v. Lebensfeld*, 1997 WL 576089, *2 (S.D.N.Y. 1997)). An attorney who acts "on behalf of his client is presumed to have the authority to do so, and a party who challenges such an attorney's authority … bears the burden of proving with affirmative evidence that the attorney lacked authority." *Delgrosso v. City of New York*, 2013 WL 5202581, *5 (E.D.N.Y. 2013); *see Rankin v. City of Niagara Falls*, 2012 WL 1565660, *2 (W.D.N.Y. 2012). "The burden on a party challenging its attorney's authority is not insubstantial." *Hillair Capital Investments, LP*, 640 Fed.Appx. at 52 (citations omitted). The party needs to prove by "affirmative evidence" that the attorney lacked authority to take a certain action. *See id*.

Here, it is undisputed that Plaintiff retained Advocates for Justice to represent him in the litigation, including in connection with preparing and filing Plaintiff's opposition to NYIT's motion for summary judgment. Plaintiff now claims that his attorneys were not authorized to withdraw certain unidentified claims in his Amended Complaint in Plaintiff's opposition to NYIT's motion for summary judgment. Although Plaintiff contends that he was shown a draft of the brief containing "missing things" on the day the opposition papers were due, Plaintiff has not presented any affirmative evidence that he did not authorize the filing of his opposition papers or even that he objected to counsel's withdrawal of his claims. *See* Transcript, p. 5. Rather, Plaintiff indicated to the Court that his objections concern his counsel's failure to raise Plaintiff's desire to amend the pleading to include a claim for injunctive relief. *See* Dkt. 241. As the Court denied Plaintiff's motion to amend the Complaint to add this claim in July 2015, the claim was not incorporated into the Amended Complaint and, thus, could not have been withdrawn. Even if it were appropriate to raise this alleged concern in Plaintiff's opposition to NYIT's motion, "[a] client is not generally excused from the consequences of his attorney's nonfeasance or negligence." *Sasso v. M. Fine Lumber Co., Inc.*, 144 F.R.D. 185, 189 (E.D.N.Y. 1992).

Although Plaintiff did not identify the specific claims that he contends should not have been withdrawn, Plaintiff's counsel informed the Court that Plaintiff's only objection concerned counsel's decision to withdraw his retaliation claims. Plaintiff's counsel purportedly shared his belief that the retaliation claims were frivolous. With no further objections from Plaintiff, Plaintiff's counsel served the opposition papers. As Plaintiff concedes that he was aware of his attorney's strategic decision to withdraw certain of the claims in the Amended Complaint as of December 30, 2022, he has waived the ability to argue that his attorneys did not have the authority to withdraw these claims on his behalf. Significantly, despite being fully familiar with the Court's filing processes due to his, at times, *pro se* status in this action, Plaintiff did not raise his objection to Plaintiff's counsel's withdrawal of certain of his claims until June 30, 2023 – six months later. Plaintiff's six-month "delay in raising the issue…is fatal to [his] claims that [his attorneys] lacked apparent authority" to withdraw any of his claims. *Hillair Capital Investments, LP*, 640 Fed.Appx. at 53 (citing *Hallock v. State*, 64 N.Y.2d 224, 232 (1984)(finding apparent authority after "silence for more than two months")).

Accordingly, NYIT respectfully submits that any application by Plaintiff to reopen his withdrawn claims should be denied. Not only has Plaintiff failed to identify which claims he contends should not have been withdrawn, but his delay in raising his generalized objections to his attorneys' actions dooms any argument that his attorneys did not have the authority to withdraw these claims on his behalf. NYIT submitted its reply papers in reliance upon Plaintiff's counsel's representation that certain claims had been withdrawn. Had NYIT believed that Plaintiff's counsel did not have authority to make this representation, it certainly would have addressed the withdrawn claims in its reply.

Should Your Honor grant a request by Plaintiff to reinstate any of his withdrawn claims, NYIT respectfully submits that the claims should still be dismissed for the reasons set forth in its motion for summary judgment. Further, should Plaintiff be permitted to submit an opposition brief in connection with any reinstated claims, NYIT respectfully requests permission to submit a reply brief in further support of its motion for summary judgment.

Thank you for Your Honor's attention to this matter.

Respectfully Submitted,

CLIFTON BUDD & DEMARIA, LLP
*Attorneys for Defendant NYIT*

By: _____
Douglas P. Catalano
Stefanie R. Toren
Stephen P. Pischl

cc: Ajay Bahl, Plaintiff *pro se*

    Arthur Schwartz, Esq. (via ECF)
    Richard Soto, Esq. (via ECF)