UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ajay Bahl,<br><br>      Plaintiff,<br><br>   v.<br><br>New York College of Osteopathic Medicine of New York Institute of Technology,<br><br>      Defendant. | OPINION AND ORDER<br><br>No. 2:14-cv-04020-NRM-LGD |

**NINA R. MORRISON, United States District Judge:**

  On July 21, 2023, this Court issued an order denying in part and deferring ruling on in part Defendant New York Institute of Technology's ("NYIT") motion for summary judgment.  *See* Summ. J. Order, ECF No. 242.  The Court reserved decision regarding certain claims that Plaintiff Ajay Bahl's former counsel had withdrawn in a brief filed in February 2023, and which Bahl, now proceeding *pro se*, has indicated a desire to pursue.  After reviewing the parties' positions and the relevant legal and factual background, the Court concludes that Bahl is bound by his former counsel's withdrawal of his claims.  The Court thus grants summary judgment for NYIT on Bahl's remaining claims.

1

## BACKGROUND[1]

On June 27, 2014, Ajay Bahl filed a complaint against NYIT, sued as New York College of Osteopathic Medicine of New York Institute of Technology, as well as three other Defendants that have since been terminated from the action. Compl., ECF No. 1.

Bahl's complaint arises out of his enrollment in NYIT's Doctor of Osteopathic Medicine program. His complaint alleged that NYIT pressured him into taking a medical leave of absence during his third-year clinical rotations, *id.* at 6–7, during which he was diagnosed with Attention Deficit Hyperactivity Disorder, Generalized Anxiety Disorder, DEF (Deficits in Executive Functioning), and Cluttering (fluency speaking and expressive language dysphasia disorders), *id.* at 9. Bahl later returned to his studies and completed his required coursework but was required to pass the Comprehensive Osteopathic Medical Licensing Examination ("COMLEX") II CE and PE tests to graduate. *Id.* at 11. According to Bahl, he requested accommodations from NYIT for the COMLEX II tests based on his disabilities. *Id.* at 11–19. He alleged that NYIT denied his requests for accommodations and, as a result, he was unable to complete the program and has suffered emotional and financial damages. *Id.* at 19.

On February 2, 2015, Bahl filed a motion to amend his complaint, Mot. to

---

[1] The Court assumes familiarity with the factual and procedural background of this matter, as explained in the Court's prior decisions in this case, *see* Order on Mot. to Amend, ECF No. 75; Summ. J. Order, ECF No. 242, and highlights only those facts relevant to the instant dispute.

2

Amend Compl., ECF No. 49, which the Court granted in part and denied in part on June 28, 2015, Order on Mot. to Amend, ECF No. 75.  As relevant here, the Court denied Bahl's request to seek injunctive relief in connection with his claims pursuant to the Americans with Disabilities Act of 1990.  *Id.* at 14.  Bahl's complaint, as amended, alleged that NYIT violated the Rehabilitation Act of 1973 and New York State Human Rights Law by failing to accommodate his disability.  Am. Compl., ECF No. 77 at 25–27, 43–46.  It also alleged that NYIT condoned third party discrimination against Bahl, *id.* at 21; retaliated against Bahl and coerced, intimidated, threatened, or interfered with him, *id.* at 23; violated the Rehabilitation Act's implementing regulations, *id.* at 27; created a hostile educational environment, *id.* at 28; violated 28 CFR § 36.309(B)(1)(I), *id.* at 32; violated his right to equal protection, *id.* at 33; was unjustly enriched, *id.* at 35; breached its contract with Bahl, *id.* at 36; negligently inflicted emotional distress on Bahl, *id.* at 37; made negligent misrepresentations to Bahl, *id.* at 38; violated New York General Business Law § 349, *id.* at 39; and violated NYC Admin. Code § 8-107(15)(A), *id.* at 46.

The parties proceeded with discovery for several years.  During that time, Plaintiff retained and terminated several different lawyers and at times acted *pro se*.  On October 31, 2022, Bahl retained attorneys from a law firm called Advocates for Justice, Chartered Attorneys ("Advocates for Justice").  NYIT moved for summary judgment on the Complaint in its entirety, Mem. in Supp. of Mot. for Summ. J. at 40, ECF No. 235-5, which Bahl, through counsel Advocates for Justice, opposed.  Bahl served his opposition brief on NYIT on December 30, 2022, Order dated Dec. 12, 2022,

3

and NYIT filed the fully briefed motion with the Court on February 21, 2023, *see* Mot. for Summ. J., ECF No. 235; Opp'n to Summ. J., ECF No. 236; Reply in Support of Mot. for Summ. J., ECF No. 237.

Bahl's opposition expressly withdrew his "claims for disparate treatment discrimination, retaliation, hostile learning environment, aiding and abetting discrimination, equal protection, breach of an implied agreement, negligent infliction of emotional distress, negligent misrepresentation, deceptive practices, and his New York City Human Rights Law claims." Opp'n to Summ. J. at 5. The opposition brief contested summary judgment only as to Bahl's remaining failure to accommodate claims. The Court scheduled oral argument on the motion for June 30, 2023. Order dated June 8, 2023.

Over six months after Bahl served his summary judgment opposition on NYIT, and on the morning of oral argument, Bahl emailed a letter[2] to the Court and all counsel requesting "an emergency adjournment of the hearing" because he "terminated Advocates for Justice as [his] attorneys in this case." Letter dated June 29, 2023 ("June 29 Letter"), ECF No. 241. Bahl stated that he did so as a "result of a longstanding lack of communication and unresolved differences as to how the case should be prosecuted." *Id.* As relevant here, he alleged that "crucial aspects of the case" were not raised by his counsel in the opposition for summary judgment and that "[s]everal of [his] claims" were "apparently withdrawn without [his] authorization,

---

[2] The letter is dated June 29, 2023, but was "emailed to the Court and all counsel on Friday, June 30, 2023, at 8:16 a.m." Minute Order dated July 1, 2023.

4

and in some cases against [his] explicit instruction." *Id.* He elaborated that "most crucial of these is [his] claim for injunctive relief (reinstatement to medical school), which the Court previously denied as moot because it mistakenly believed that [he] had already graduated." *Id.*

The Court proceeded with the oral argument hearing as scheduled, with Bahl and counsel for both sides present. Before turning to the merits of the summary judgment motion, the Court asked Bahl to provide more information regarding the concerns raised in his June 29 Letter. Tr. of June 30, 2023 Hearing ("June 30 Tr.") at 3:16–25; 4:1–3, ECF No. 245. Bahl averred that "the day [the motion] was due was the first time there was any drafts, missing things were shown to me. And I, you know, was never interviewed or had a chance to communicate." June 30 Tr. at 4:4–7. Bahl also stated that he had expected his attorneys to make additional arguments in further briefing, which did not occur. June 30 Tr. at 4:8–25.

The Court then questioned Bahl's counsel, who stated that the only concern Bahl raised regarding the summary judgment briefing related to Bahl's retaliation claim. June 30 Tr. at 5:18–25. Bahl wanted to continue to pursue his retaliation claim, but his counsel told Bahl that they "could not, under Rule 11, make that argument because [he] thought it was frivolous." June 30 Tr. at 5:23–6:3. Bahl's counsel stated that he did not hear from Bahl for several months after that, and Bahl did not raise any other concerns. June 30 Tr. at 6:4–7:4.

The Court then told Bahl that it planned to proceed with argument as to Bahl's failure to accommodate claims, June 30 Tr. 9:11–20, but stated that if Bahl "g[o]t a

5

new lawyer and [has] arguments as to why [the Court] should let [him] revive [his] other claims or consider summary judgment on those," the Court would hear those arguments. June 30 Tr. at 10:2–7. The Court then gave Bahl the option of terminating counsel and arguing the failure to accommodate claims *pro se*, but Bahl opted to have his counsel argue on his behalf. June 30 Tr. at 9:15–16, 17:16–19.

In the Court's minute entry for the June 30 hearing, it directed Bahl or his counsel to inform the Court whether Bahl intended to continue being represented by counsel. Minute Order dated July 1, 2023. On July 7, 2023, Bahl wrote a letter to the Court stating that he intended to seek other counsel in this case. Letter dated July 7, ECF No. 239. The Court then issued an order on July 12 directing Bahl to confirm plans to proceed *pro se* or have new counsel enter an appearance by August 11, 2023. Order dated July 12, 2023.[3] In the same order, the Court noted Bahl's argument in his June 29 Letter that his counsel "conceded claims without Plaintiff's knowledge or consent." *Id.* The Court directed NYIT to "file a letter brief in support of its position that Plaintiff remains bound by the concessions made in the memorandum of law filed by his former counsel in response to Defendant's motion for summary judgment, and any legal arguments as to waiver it wishes to make in support of that position." *Id.* The Court further directed Plaintiff to respond to Defendant's letter brief within 30 days of its filing. *Id.*

---

[3] Bahl has not filed a response to this Order. On July 11, 2023, Advocates for Justice filed a motion to withdraw as Bahl's counsel, Mot. to Withdraw, ECF No. 240, which this Court granted on February 27, 2024, Order on Mot. to Withdraw, ECF No. 247. Bahl is thus currently acting *pro se*.

6

On July 21, 2023, the Court denied NYIT's motion for summary judgment as to Bahl's failure to accommodate claims. Summ. J. Order. However, the Court noted that "decision on NYIT's motion for summary judgment as to the remaining claims in the Amended Complaint is reserved pending further briefing by the parties as to whether Bahl has waived his right to oppose summary judgment on those claims." *Id.*

On August 11, NYIT filed a letter arguing that Bahl is bound by the concessions Bahl's former counsel made in their opposition to NYIT's motion for summary judgment. Letter dated Aug. 11, 2023 ("August 11 Letter"), ECF No. 244. As of this writing, Bahl has not responded to NYIT's letter.

## DISCUSSION

In its August 11 Letter, NYIT contends that Bahl's former attorneys were acting as his agents when they withdrew Bahl's claims and, therefore, Bahl is bound by their concessions. The Court agrees.

As a general matter, in "our system of representative litigation," "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962). Therefore, "where a party voluntarily chooses an attorney as his or her representative in a litigation, the party cannot subsequently 'avoid the consequences of the acts or omissions of this freely selected agent.'" *Stone v. Town of Westport*, No. 3:04-cv-18, 2007 WL 108454, at *7 (D. Conn. Jan. 12, 2007) (quoting *Link*, 370 U.S. at 633–34).

However, there are certain instances where, if a party can show that his

7

attorney was acting without authority, that party can be relieved from his attorney's actions.  For example, courts have long recognized "that the decision to settle a case rests with the client alone."  *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 986 F.2d 15, 19 (2d Cir. 1993).  Courts have thus noted that "a settlement agreement is binding only if the attorney (the agent) had the client's (the principal's) actual or apparent authority to enter into the agreement."  *Hillair Cap. Invs., LP v. Smith Sys. Transp., Inc.*, 640 F. App'x 49, 51 (2d Cir. 2016).  Therefore, while courts "'presume that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, had authority to do so,' th[at] presumption is rebuttable."  *Gomez v. City of New York*, 805 F.3d 419, 424 (2d Cir. 2015) (quoting *Int'l Bhd.*, 986 F.2d at 20).  And where a party rebuts the presumption that his attorney acted with the requisite authority, he is entitled to relief from the settlement.  *Id.* at 425.

It is unclear whether the decision to withdraw claims, like the decision to settle a case, "rests with the client alone."  *Int'l Bhd.*, 986 F.2d at 19.  At least one court in this Circuit has held that it does not.  In *Stone v. Town of Westport*, the United States District Court for the District of Connecticut considered an almost identical issue to the one before this Court.  2007 WL 108454, at *7.  There, like here, plaintiffs alleged that their former counsel withdrew "certain of their claims . . . without their consent" and sought "restoration of the withdrawn claims."  *Id.*  The court noted that because "[a]n attorney and his or her client(s) stand in a 'relationship of principal and agent, with the attorney being the agent . . . and acting with, at least, apparent authority,"

8

"a client is not generally excused from the consequences of his attorney's nonfeasance or negligence." *Id.*  The Court thus held that plaintiffs were bound by their former counsel's "decision to voluntarily withdraw their claims." *Id.*

In a footnote, the Court explained that "[t]his principle of representative litigation that a client is held to his or her attorney['s] legal judgment to withdraw a claim is thus distinct from the operative principle in the context of settlement discussions that 'the decision to settle a case belongs to the client alone.'" *Id.* at \*7 n.7 (quoting *Johnson v. Schmitz*, 237 F. Supp. 2d 183, 188 (D. Conn. 2002)).  The Court thus did not consider whether the plaintiffs did, in fact, authorize their former counsel to withdraw the claims.

Consistent with the *Stone v. Town of Westport* Court's reasoning, other courts have recognized the "three major aspects of decision-making in litigation that are exercised by a client: the decision to bring suit, the decision as to which attorney to retain, and the decision to settle." *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 602 F. Supp. 3d 488, 506 (S.D.N.Y. 2022).  While "[a] potential fourth area occurs when clients are called upon to make strategic decisions about the progress of a case," "such decisions are not required of clients in all cases, and counsel frequently have no need to obtain a client's permission to make such decisions." *Id.*  Because Bahl's former counsel did not settle Bahl's entire lawsuit, they may not have needed Bahl's consent to make the strategic decision of withdrawing some of Bahl's claims and continuing to pursue others.

Yet the Second Circuit has also stated that "the decision to settle or *otherwise*

9

*dismiss claims* 'rests with the client' and is 'not automatically bestowed on retained counsel.'" *Gomez*, 805 F.3d at 424 (emphasis added) (cleaned up). This language indicates, albeit indirectly, that voluntary termination of claims may be the functional equivalent of settlement and thus require a client's authorization. In many circumstances, there will be little functional difference between settling and withdrawing a party's claims. In an abundance of caution, therefore, this Court assumes without deciding that Bahl's former counsel's decision to withdraw his claims requires the same scrutiny as do decisions to settle the action itself.

In the settlement context, courts have held that "[t]o overcome the general presumption that an attorney-of-record has authority to settle, 'any party challenging an attorney's authority . . . bears the burden of proving by *affirmative evidence* that the attorney lacked authority.'" *Hillair Cap.*, 640 F. App'x at 52. Relying on that principle here, the Court concludes that Bahl has not met his burden. In so doing, the Court is limited to considering Bahl's arguments raised in his June 29 Letter and at the June 30 hearing, as Bahl has not responded to NYIT's August 11 Letter.

Starting with Bahl's June 29 Letter, Bahl alleged that several of his claims had "apparently been withdrawn without [his] authorization, and in some cases against [his] explicit instruction." June 29 Letter. But the only example Bahl gave in his Letter was his "claim for injunctive relief, . . . which the Court previously denied as moot." *Id.* As NYIT points out, the Court had previously denied Plaintiff's motion to amend the Complaint to add this claim, and thus, the claim "could not have been withdrawn." August 11 Letter at 3.

10

Nor did Bahl make any specific arguments as to claims that his former counsel withdrew during the June 30 Hearing. Indeed, while Bahl indicated that he had been dissatisfied with his counsel's briefing and their communication, he did not explicitly reallege that his former counsel withdrew his claims without his consent. June 30 Tr. 4:4–5:1. To the contrary, Bahl stated that "on the day [the summary judgment opposition] was due the first time there was any drafts, missing things were shown to [him]," June 30 Tr. 4:4–7—indicating that Bahl had reviewed the withdrawn claims when the opposition brief was served on NYIT in December 2022 (or at the latest, before it was filed in February 2023), yet did not voice any objection with the Court or otherwise indicate that he had not ultimately consented to the withdrawal of those claims.

For his part, Bahl's former counsel stated that Bahl wanted him to raise a retaliation claim, but that they "sat and talked about it" and Bahl's counsel told Bahl that he "could not, under Rule 11, make that argument because [he] thought it was frivolous. And then [they] didn't talk for months." June 30 Tr. at 5:24–6:3. Bahl's former counsel also stated that he told Bahl: "if you have a good alternative, if you have something that you think is missing, we will ask the Judge to file a supplemental memo." June 30 Tr. at 6:24–7:1. However, according to Bahl's counsel, "other than [with respect to] the retaliation claim, [they] never heard another thing from him." June 30 Tr. at 7:2–4.

On this record, the Court cannot conclude that Bahl's former counsel lacked authority to withdraw Bahl's claims. Other than asserting as much in his June 29

11

Letter, Bahl has made no specific arguments explaining which claims his former counsel wrongfully withdrew. Bahl's former counsel's statements during the June 30 Hearing indicate that Bahl was aware that his claims had been withdrawn at the time the opposition brief was served on NYIT, yet only raised his concerns with the Court six months later. Bahl's delay in bringing this matter to the Court's attention further indicates that his former counsel acted with Bahl's authority when withdrawing Bahl's claims. *See Hillair Cap.*, 640 F. App'x at 53 (finding a year and a half "delay in raising" concerns about a settlement to be "fatal to [a party's] claim that [its attorney] lacked apparent authority."). Bahl is thus bound by his former counsel's concessions.

The Court notes that "in circumstances where a former attorney and his client dispute the giving of authority, courts generally require the holding of an evidentiary hearing on the question of authorization." *Gomez*, 805 F.3d at 424 (quoting *Michaud v. Michaud*, 932 F.3d 77, 81 (1st Cir. 1991)). However, the Court concludes that an evidentiary hearing would not be appropriate here. Bahl's conclusory allegation regarding his counsel's unauthorized withdrawal of his claims is insufficient to "raise[] a factual dispute" meriting an evidentiary hearing. *Id.* Moreover, Bahl's failure to elaborate on that allegation during the June 30 Hearing or to submit a response to NYIT's August 11 Letter indicates that an evidentiary hearing would not be a productive use of this Court's resources.

## CONCLUSION

For the foregoing reasons, Bahl is bound by his former counsel's withdrawal of

his claims against NYIT as set forth in Bahl's brief dated December 30, 2022, and filed with the Court on February 21, 2023. *See* Opp'n to Summ. J. Accordingly, the Court grants NYIT's motion for summary judgment as to those claims.

SO ORDERED.

*/s/ NRM*
_____
NINA R. MORRISON
United States District Judge

Dated:    February 28, 2024
          Brooklyn, New York

13