UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

Ajay Bahl,

         Plaintiff,   Case No. 1:14-cv-04020 (DC)(LGD)

  -against-

NEW YORK COLLEGE OF OSTEOPATHIC  **DEFENDANT NYIT'S PROPOSED JURY**
MEDICINE OF NEW YORK INSTITUTE OF  **INSTRUCTIONS**
TECHNOLOGY ("NYCOM-NYIT"
or "NYCOM"),

         Defendant.

------------------------------------------------------------------ x

  Defendant New York Institute of Technology[1] ("NYIT") respectfully requests that the Court include the following instructions in its instructions to the jury.

Dated: June 4, 2024      Respectfully submitted,
    New York, New York

              CLIFTON BUDD & DeMARIA, LLP
              *Attorneys for Defendant NYIT*

              By: *Douglas P Catalano*
                _____
                Douglas P. Catalano
                Stefanie R. Toren
                The Empire State Building
                350 Fifth Avenue, 61st Floor
                New York, New York 10118
                Telephone: (212) 687-7410
                Facsimile: (212) 687-3285

---

[1] NYIT is improperly named herein as New York College of Osteopathic Medicine of NYIT. New York College of Osteopathic Medicine, now known as NYIT College of Osteopathic Medicine, is a college of NYIT and not a separate entity.

## I. PROPOSED GENERAL INSTRUCTIONS

### PROPOSED JURY INSTRUCTION NO. 1
### (PROVINCE OF THE JURY)

MEMBERS OF THE JURY:

You have been chosen and sworn as jurors in this case to try the issues of fact presented by certain of the allegations of the Plaintiff Ajay Bahl.  Now that you have heard the evidence and the arguments, it becomes my duty to instruct you as to the law applicable to this case.

You must follow the law as stated in my instructions and apply these rules of law to the facts as you find them from the evidence in this case.

You are to perform this duty without bias or prejudice as to any party.  Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion.  The parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

You are not to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

You are not to single out any one instruction as stating the law, but must consider the instructions as a whole.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is.  It is not my function to determine the facts, but rather yours.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.[2]

### PROPOSED JURY INSTRUCTION NO. 2
### (EQUALITY BEFORE THE LAW)

This case should be considered and decided by you as a dispute or an action between persons and entities of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons and entities are equals before the law, and they are to be dealt with equally in a court of justice.[3]

### PROPOSED JURY INSTRUCTION NO. 3
### (EVIDENCE IN THE CASE – STIPULATIONS)

Statements and arguments of counsel are not evidence in the case and should be disregarded except when the attorneys for both parties stipulate or agree as to the existence of a fact. In such cases, you, unless otherwise instructed, must accept the stipulation and regard that fact as proved.

The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, regard as proved the fact or event which has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

---

[2] E. Devitt and C. Blackmar, *Federal Jury Practice and Instructions*, §§ 71.01, 71.02, (3d ed., 1977) *[as modified]*.

[3] E. Devitt and C. Blackmar, *Federal Jury Practice and Instructions*, § 71.05 (3d ed., 1977) *[as modified]*.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded. You must confine your consideration of this case solely to the evidence presented in this trial.[4]

## PROPOSED JURY INSTRUCTION NO. 4
## (QUESTIONS BY THE COURT)

During the course of a trial, I occasionally ask questions of a witness, in order to bring out facts not then fully covered in the testimony. Do not assume that I hold any opinion on the matters to which my questions may have related. You are to disregard all comments I made to witnesses or to the lawyers in arriving at your own findings as to the facts.[5]

## PROPOSED JURY INSTRUCTION NO. 5
## (COMMENTS NOT EVIDENCE)

I can make comments on the evidence in the case. My comments are only expressions of my opinion as to the facts. Since you are the sole judge of the facts, you should disregard my comments with respect to the evidence.[6]

## PROPOSED JURY INSTRUCTION NO. 6
## (QUESTIONS NOT EVIDENCE)

If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion as evidence of that fact. Lawyers' statements are not evidence.[7]

---

[4] E. Devitt and C. Blackmar, *Federal Jury Practice and Instructions*, § 71.09, (3d ed., 1977) *[as modified]*.

[5] E. Devitt and C. Blackmar, *Federal Jury Practice and Instructions*, §10.11, (3d ed., 1977) *[as modified]*.

[6] E. Devitt and C. Blackmar, *Federal Jury Practice and Instructions*, §§ 71.09, 71.02, (3d ed., 1977) *[as modified]*.

[7] E. Devitt and C. Blackmar, *Federal Jury Practice and Instructions*, § 71.12, (3d ed., 1977) *[as modified]*.

# PROPOSED JURY INSTRUCTION NO. 7
# (OBJECTIONS – ACTIONS OF COUNSEL)

During the course of the trial you have undoubtedly heard objections to evidence. It is the duty of the attorney to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not draw any inference against or show any prejudice against a lawyer or his client because of the making of an objection.

Evidence may have been introduced when I overruled the objection of an attorney. You must treat this evidence the same as any other evidence unless I have previously instructed you otherwise.

Sometimes, I have sustained objections of attorneys. You must disregard entirely any question to which an objection was sustained. You must not speculate as to what that question meant or how it would have been answered.

It is the duty of the Court to admonish an attorney who, out of zeal for his cause, does something which is not in keeping with the rules of evidence or procedure.

You are to draw no inference against the side to whose attorney an admonition of the Court may have been addressed during the trial of this case.[8]

# PROPOSED JURY INSTRUCTION NO. 8
# (EVIDENCE — DIRECT, INDIRECT OR CIRCUMSTANTIAL)

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts of a case. One is direct evidence – such as the testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

---

[8] New York Pattern Jury Instructions - Civil, PJI §§ 10:12, 10:13 (1968) *[as modified]*.

Let me give you an example of the difference between direct and circumstantial evidence. If the issue before you were whether or not it is raining outside, you could ask someone who has come in from the outside whether or not it is raining. That person's answer would be direct evidence of whether or not it is raining.

On the other hand, that person might come in from outside wearing a wet coat or carrying an umbrella. The fact that that person's coat was wet or that he was carrying an umbrella would be circumstantial or indirect evidence of whether or not it was raining.

Just as you would evaluate the credibility of the testimony of the individual who testified as to whether it was raining, you would evaluate the weight of the circumstantial evidence that I have just described.

As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that the jury find the facts in accordance with all the evidence in the case, both direct and circumstantial.[9]

### PROPOSED JURY INSTRUCTION NO. 9
### (EVALUATION OF EVIDENCE)

You must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it. At times during the trial I may have instructed that testimony be stricken from the record. You must disregard that testimony and dismiss it from your minds. Your decision must be made solely upon the admissible evidence before you. Items I have excluded from your consideration are not admissible evidence.

The law does not, however, require you to accept all of the evidence I have admitted. In determining what evidence you will accept, you must make your own evaluation of the testimony

---

[9] E. Devitt and C. Blackmar, *Federal Jury Practice and Instructions*, § 72.02 (3d ed., 1977) *[as modified]*.

given by each of the witnesses, and determine the degree of weight you choose to give to his or her testimony. The testimony of a witness may fail to conform to the facts as they occurred because the witness is lying; because the witness did not accurately see or hear that about which he testifies; because the witness' recollection of the event is faulty; or because the witness has not expressed himself clearly in giving his testimony.

There is no magical formula by which you can evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the age, the appearance, the manner in which the witness gives his testimony on the stand, the opportunity that the witness had to observe the facts concerning which he testifies, the probability or improbability of the witness' testimony when viewed in the light of all of the other evidence in the case, are all items to be taken into your consideration in determining the weight, if any, you will assign to that witness' testimony. If such considerations make it appear that there is discrepancy in the evidence, you will have to consider whether the apparent discrepancy may not be reconciled by fitting the two stories together. If, however, that is not possible, you will then have to determine which of the conflicting versions you will accept.[10]

---

[10] E. Devitt and C. Blackmar, *Federal Jury Practice and Instructions*, § 72.01 (3d ed., 1977) *[as modified]*.

# PROPOSED JURY INSTRUCTION NO. 10
# (CREDIBILITY OF WITNESSES – DISCREPANCIES IN TESTIMONY)

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness had testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness may be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear or understand it differently; an innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of such witness such weight, if any, as you may think it deserves.[11]

## PROPOSED JURY INSTRUCTION NO. 11
## (FALSUS IN UNO)

If you find that any witness has willfully testified falsely as to any material fact, that is as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies false about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally "unbelievable." You may accept so much of his or her testimony as you deem true and disregard what you feel is false. By the process which I have just described to you, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.[12]

## PROPOSED JURY INSTRUCTION NO. 12
## (IMPEACHMENT OF WITNESS)

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or failed to say or do something, which is inconsistent with the witness' testimony.

You may have heard evidence that at some other time another person, who is not a party to this action has said or done something, which is inconsistent with the witness' testimony at trial. You may consider this evidence for the sole purpose of judging the credibility of the witness. You may not consider this evidence as proof of the truth of any such statement.

---

[11] E. Devitt and C. Blackmar, *Federal Jury Practice and Instructions*, § 73.01 (3d ed., 1977) *[as modified]*.

[12] New York Pattern Jury Instructions --Civil, PJI §1:22 (1968) *[as modified]*.

If a witness testified that he heard statements, or observed conduct made by a party to this action, or a representative of a party, and in the statement the party admitted some fact that was against their interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is knowingly done if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

If you believe any witness has been impeached and thus discredited, it is your exclusive determination to give the testimony of that witness the weight, if any, that you believe it deserves.[13]

## II. PROPOSED SUBSTANTIVE INSTRUCTIONS

### PROPOSED JURY INSTRUCTION NO. 13
### (OVERVIEW OF PLAINTIFF'S CLAIMS)

In this case, Plaintiff Ajay Bahl alleges that the Defendant New York Institute of Technology violated Section 504(a) of the Rehabilitation Act of 1973, 29 U.S.C., § 701 *et seq*. ("Rehab Act"), and the New York State Human Rights Law, N.Y. Exec. Law § 291 *et seq*. ("NYSHRL"), by failing to provide Plaintiff with a reasonable accommodation.[14] Specifically, Plaintiff alleges that Defendant failed to provide him with a six-month leave of absence for treatment of his medical impairments, which Plaintiff alleges constitute a disability, prior to retaking the COMLEX II PE and CE examinations, the passing of which is a requirement of graduation from NYIT's medical college.

Defendant denies violating the Rehab Act and the NYSHRL, and contends that Plaintiff has not established by a preponderance of the evidence that: (1) Plaintiff is a qualified individual

---

[13] E. Devitt and C. Blackmar, *Federal Jury Practice and Instructions*, § 73.04 (3d ed., 1977) *[as modified]*.

[14] Amended Complaint, Counts Four and Nineteen, pp. 25-27, 43-46.

with a disability within the definitions under the Rehab Act and the NYSHRL; (2) Defendant failed to provide him with an effective and reasonable accommodation; and (3) Plaintiff's proposed accommodation was reasonable.

**PROPOSED JURY INSTRUCTION NO. 14**
**(THE ESSENTIAL ELEMENTS OF THE PLAINTIFF'S *PRIMA FACIE* CLAIM UNDER THE REHAB ACT AND NYSHRL)**

The Rehab Act provides that "[n]o otherwise qualified individual with a disability…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity."[15]

The NYSHRL provides that it shall be an unlawful discriminatory practice for a provider of public accommodation because of the disability of any person "to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof"[16] by refusing to "make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations."[17]

In order for Plaintiff to prevail on his claim that Defendant discriminated against him based on his disability by denying him a reasonable accommodation in violation of the Rehab Act and the NYSHRL, he must first prove that:

1. He is a qualified individual with a disability;

---

[15] 29 U.S.C. § 794(a)

[16] N.Y. Exec. Law § 296(2)(a).

[17] N.Y. Exec. Law § 296(2)(c)(i).

2. Defendant is subject to the Rehab Act in that it receives federal funding; and

3. Plaintiff was denied the opportunity to participate in or benefit from Defendant's services, programs, or activities, or was otherwise discriminated against by Defendant, by reason of Plaintiff's disability.[18]

Plaintiff, however, does not have to prove that Defendant receives federal funding to establish that Defendant violated the NYSHRL.

Plaintiff has the burden of proving each and every element of Plaintiff's claims by a preponderance of the evidence. If you find that Plaintiff has not proven any one of the elements by a preponderance of the evidence, you must return a verdict for Defendant.[19]

## PROPOSED JURY INSTRUCTION NO. 15
## ("DISABILITY" – DEFINED UNDER THE REHAB ACT)

Under the Rehab Act, the term "disability," as used in these instructions, means a physical or mental impairment that substantially limits one of the major activities of life, such as caring for oneself, performing manual tasks, walking, seeing, hearing, reading, speaking, breathing, learning, or working. "Substantially limits" means that the individual is unable to perform a major life activity that an average person in the general population can perform or that the individual is significantly restricted as to the condition, manner, or duration under which he can perform a particular life activity as compared to the condition, manner, or duration under which the average person in general population can perform that major life activity. The following factors should be considered in determining whether an individual is substantially limited in a major life activity:

---

[18] *Dean v. University of Buffalo School of Medicine*, 804 F.3d 178, 187 (2d Cir. 2015).

[19] Authority: K. O'Malley, J. Grenig and W. Lee, Federal Jury Practice and Instructions, § 170.60 (5th ed. 2001).

- The nature and severity of the impairment;

- The duration or expected duration of the impairment; and

- The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.[20]

In this case, Plaintiff must prove that his physical or mental impairment substantially limited a major life activity for him to be "disabled" under the Rehab Act. The mere fact that Plaintiff had ADHD and/or other physical or mental impairments is not sufficient, in and of itself, to establish that Plaintiff had a disability within the definitions under the Rehab Act.

## PROPOSED JURY INSTRUCTION NO. 16
## (DISABILITY – DEFINED UNDER THE NYSHRL)

Disability under the NYSHRL is defined as a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions. To qualify as a disability, these conditions must either prevent the exercise of a normal bodily function or be demonstrable by medically accepted clinical or laboratory diagnostic techniques.[21]

## PROPOSED JURY INSTRUCTION NO. 17
## (QUALIFIED INDIVIDUAL WITH A DISABILITY)

---

[20] Authority: Section of Litigation, American Bar Association, *Model Jury Instructions: Employment Litigation*, No. 1.06[2]; Americans with Disabilities Act, 42 U.S.C.A §12101 *et seq.*; *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492 (1999); *Bobreski v. Ebasco – Raython Constructors, IBEW, Local 328*, 2000 U.S. App. LEXIS 12469, *6 (2d. Cir. 2000); *Sacay v. The Research Found. of the City of New York*, 2002 U.S. Dist. LEXIS 5342 (E.D.N.Y. 2002); 29 C.F.R. §1630.2(i) and §1630.2(j)(3)(i); *Larnard v. McDonough*, 578 F.Supp.3d 371, 383 (W.D.N.Y. 2022)(citations omitted); *see* 29 U.S.C. §§ 705(20), 794; 42 U.S.C. § 12102.

[21] N.Y. Exec. Law § 292 (21). *See also Epstein v. Kalvin-Miller International, Inc.,* 100 F. Supp.2d 222, 229 (S.D.N.Y. 2000)*; State Division of Human Rights v. Xerox Corp.,* 65 N.Y.2d 213, 218-19, 491 N.Y.S.2d 106, 109 (1985)*.*

The term "qualified individual with a disability," as used in these instructions, means an individual with a disability who can meet the essential requirements of the services, program or activity with or without a reasonable accommodation.[22]

### PROPOSED JURY INSTRUCTION NO. 18
### (REASONABLE ACCOMMODATION)

Plaintiff contends that he was denied the opportunity to participate in or benefit from Defendant's services, programs, or activities, or was otherwise discriminated against by Defendant, by reason of Plaintiff's disability when Defendant failed to provide Plaintiff with a reasonable accommodation. Defendant denies Plaintiff's claim.

In the education context, a plaintiff alleging a failure to accommodate a disability bears the burdens of both production and persuasion as to the existence of some accommodation that would allow the plaintiff to meet the essential requirements of the service, program, or activity at issue.[23] A defendant that provides an accommodation to a student has the discretion to choose between effective accommodations.[24] Plaintiff cannot succeed on his claims if Defendant offered to Plaintiff a "plainly reasonable" accommodation.[25] A reasonable accommodation does not need to be perfect or the accommodation preferred by Plaintiff.[26]

If you find that Defendant's accommodation offered to Plaintiff was not plainly reasonable, then Plaintiff must show that his proposed accommodation was reasonable. If Plaintiff satisfies his

---

[22] Authority: *Ongsiako v. City of New York*, 2002 U.S. Dist. LEXIS 8091, *12 (S.D.N.Y. May 7, 2002); *Micari v. TransWorld Airlines, Inc.*, 43 F.Supp 2d 275 (E.D.N.Y. 1999); K. O'Malley, J. Grenig, and W. Lee, *Federal Jury Practice and Instructions*, §172.31 (5th ed., 2001) [*as modified*].

[23] *Dean v. University of Buffalo School of Medicine*, 804 F.3d 178, 190 (2d Cir. 2015).

[24] *Noll v. Int'l Bus. Machines Corp.*, 787 F.3d 89, 95 (2d Cir. 2015).

[25] *Dean v. University of Buffalo School of Medicine*, 804 F.3d 178, 188-189 (2d Cir. 2015).

[26] *Id*. at 189.

burden, Defendant must show that Plaintiff's proposed accommodation is unreasonable. Defendant may do so by showing that the proposed accommodation would impose an undue hardship on the operations of Defendant's program, services or activities or require a fundamental or substantial modification to the nature of Defendant's academic program or standards.[27]

### PROPOSED JURY INSTRUCTION NO. 19
### (INTERACTIVE PROCESS)

Under the Rehab Act and the NYSHRL, the law envisions an interactive process between the parties concerning the accommodation request. When evaluating a failure to accommodate claim where the interactive process does not result in an accommodation, if Plaintiff is found to be responsible for the breakdown of that interactive process, Plaintiff may not recover for failure to accommodate.[28]

### III. PROPOSED JURY INSTRUCTIONS ON DAMAGES

### PROPOSED JURY INSTRUCTION NO. 20
### (REHAB ACT – DAMAGES FOR INTENTIONAL VIOLATION)

If you find that Defendant violated the Rehab Act by failing to accommodate Plaintiff based on his disability, you then need to determine whether Plaintiff has proven by a preponderance of the evidence an intentional violation of the Rehab Act by Defendant. In order for Plaintiff to prove by a preponderance of the evidence an intentional violation of the Rehab Act, Plaintiff must prove that Defendant acted with "deliberate indifference" to the strong likelihood of a violation of the Rehab Act. If you find that Defendant did not intentionally violate the Rehab Act, you cannot award Plaintiff monetary damages under the Rehab Act.[29]

---

[27] *See Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 75-76 (2d Cir. 2016); *Dean*, 804 F.3d at 190.

[28] *See Nugent v. St. Lukes Roosevelt Hosp Ctr.*, 303 Fed. Appx. 943, 946 (2d Cir. 2008).

[29] *See Loeffler v. Staten Island University Hospital*, 582 F.3d 268, 275-276 (2d Cir. 2009).

# PROPOSED JURY INSTRUCTION NO. 21
# (COMPENSATORY DAMAGES)

If you find that Defendant intentionally violated the Rehab Act and/or violated the NYSHRL by failing to accommodate Plaintiff based on his disability, then you must determine an amount of money that is fair compensation for Plaintiff's damages. You may award compensatory damages only for injuries that the Plaintiff proves to you were actually sustained by Plaintiff as a direct consequence of Defendant's alleged deprivation of his rights in violation of the Rehab Act and/or NYSHRL. The damages that you award must be fair compensation, no more and no less.

You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiff is entitled to recover money from Defendant.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.[30]

---

[30] Authority: Section of Litigation, American Bar Association, *Model Jury Instructions: Employment Litigation*, § 1.07[3] *[as modified]*; K. O'Malley, J. Grenig and W. Lee, *Federal Jury Practice and Instructions*, § 172.70 (5th ed., 2001) *[as modified]*.

## PROPOSED JURY INSTRUCTION NO. 22
## (EMOTIONAL DISTRESS)

Plaintiff seeks damages for emotional distress. The fact that you are instructed on these types of damages does not suggest that you must consider awarding damages based on emotional distress.

You may award damages for emotional distress if you find that the emotional distress was caused by the Defendant's alleged failure to accommodate Plaintiff's disability in violation of the NYSHRL. You may not award damages for emotional distress if you find that Defendant is liable under the Rehab Act.[31] There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

If you decide that Plaintiff is entitled to recover damages based on emotional distress, you will award an amount as, in the exercise of your good judgment and common sense, is just compensation for such emotional distress you find was actually caused by Defendant's conduct. Conduct that does not cause emotional distress does not entitle Plaintiff to such damages.

If you decide to award damages based on emotional distress, you should be guided by dispassionate common sense in awarding the amount of such damages. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

## PROPOSED JURY INSTRUCTION NO. 23
## (MITIGATION)

If you feel that Plaintiff was injured as a natural consequence of conduct by Defendant in violation of the Rehab Act and/or the NYSHRL, you must determine whether Plaintiff could have thereafter done something to lessen the harm that he suffered by mitigating his damages. The

---

[31] *See Cummings v. Premier Rehab Keller PLLC*, 596 U.S. 212, 142 S Ct. 393 (2022).

burden is on the Defendant to prove, by a preponderance of the evidence, that Plaintiff could have lessened the harm that was done to him by mitigating his damages, and that he failed to do so. If Defendant convinces you that Plaintiff could have reduced the harm done to him by mitigating his damages but failed to do so, Plaintiff is entitled only to monetary damages sufficient to compensate him for injury that he would have suffered if he had taken appropriate action to reduce the harm done to him.[32]

---

[32] K. O'Malley, J. Grenig, and W. Lee, Federal Jury Practice and Instructions, §172.75 (5th ed., 2001) [as modified].