UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AJAY BAHL,

                Plaintiff,

-against-

NEW YORK INSTITUTE OF TECHNOLOGY,

                Defendant.

Case No. 2:14-cv-04020 (DC)(LGD)

REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

Dated: Rhinebeck, New York
       June 4, 2024

Nathaniel K. Charny
Charny & Wheeler P.C.
42 West Market Street
Rhinebeck, New York  12572
Tel – (845) 876-7500
Fax – (845) 876-7501
ncharny@charnywheeler.com

Megan S. Goddard
Goddard Law PLLC
39 Broadway, Suite 1540
New York, New York  10006
Tel – (646) 504-8363
Fax – (212) 473-8705
megan@goddardlawnyc.com

Attorneys for Plaintiff Ajay Bahl

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

POINT I

THE 2018 NBOME SETTLEMENT
AGREEMENT SHOULD BE ENTIRELY PRECLUDED ............................................................. 1

POINT II

THE JANUARY 2016 ACHTZIGER LETTER SHOULD
BE PRECLUDED FOR DEFENDANT'S INTENDED PURPOSES ............................................. 3

CONCLUSION ..................................................................................................................... 4

TABLE OF AUTHORITIES

Sheng v. M&TBank Corp., 848 F.3d 78 (2d Cir. 2017)..................................................................... 4

United States v. Am. Soc. of Composers, Authors & Publishers,
No. 13-cv-00095 (WCC), 1989 US Dist LEXIS 13157
(S.D.N.Y. Oct. 12, 1989), aff'd sub nom. Am. Soc. of Composers, Authors &
Publishers v. Showtime/The Movie Channel, Inc., 912 F.2d 563 (2d Cir. 1990) ........................... 3

Plaintiff Ajay Bahl, by and through undersigned counsel, submits this reply memorandum in further support of Plaintiff's motion in limine and in particular in response to Defendant's opposition memorandum at ECF 263.

POINT I

THE 2018 NBOME SETTLEMENT
AGREEMENT SHOULD BE ENTIRELY PRECLUDED

The 2018 NBOME settlement agreement should be entirely precluded because it is (i) a settlement agreement prohibited from introduction under Rule 408; (ii) it is highly prejudicial and (iii) because it is entirely irrelevant.

Consider the following.

(i) Here, even as redacted the document is highly prejudicial and raises significant questions that are left unanswered by the redacted version of the document. The paragraph that Defendant seeks to introduce, includes the following concluding sentence: "Bahl agrees that any breach by him of his obligations under this paragraph or any of the Terms and Conditions required of or applicable to test-takers or intended test-takers of an NBOME examination would be a material breach of this Agreement."

This explicit threat to Plaintiff is directly related to the preceding paragraphs that cannot be understood without the entire unredacted document before the jury (a copy of which is attached to this memorandum). Note the following highly prejudicial revelations included in the settlement agreement:

-Plaintiff was counter-sued by NBOME:

-Plaintiff was subject to a judgment against him in favor of NBOME for $341,000:

-The settlement agreement made that onerous judgment go away; and

- The settlement agreement invokes the possibility that the $341,000 judgment against Plaintiff could be revived, to wit, should Plaintiff violate "his obligations under this paragraph or any of the Terms and Conditions required of or applicable to test-takers or intended test-takers of an NBOME examination would be a material breach of this Agreement."

The 2018 NBOME document cannot be understood without this full revelation and the full breadth of explanation of what happened leading to the Agreement.  All of that discussion is wildly prejudicial and also entirely irrelevant.

(ii) The fact that NBOME was willing to allow Plaintiff to take the test is entirely irrelevant to the instant matter – which has nothing to do with NBOME's willingness to administer the examination (that is not at issue here).  Instead what is at issue is NYIT's failure to provide the reasonable accommodation of the six-month leave and instead providing only a 90-day leave with the condition that Plaintiff secure testing modifications in order for Defendant to be allowed to take the examination.

In the instant matter, it is <u>Defendant NYIT</u> who refused the requested accommodation and set the unreasonable requirement that Plaintiff secure test-taking accommodations from NBOME in order for <u>Defendant NYIT</u> to allow Plaintiff to take that test

Hence, the NBOME settlement agreement is not just prejudicial, it is irrelevant.

(iii) The NBOME settlement agreement does nothing to retract the then-existing condition that Defendant NYIT had set in October 2013 and again in January 2016 that Defendant would not allow Plaintiff to take the COMLEX II examination unless and until NBOME actually granted Plaintiff certain testing accommodations.  The NBOME settlement agreement does not abrogate the violative pre-condition by NYIT and this makes sense since because the NBOME settlement has nothing to do with the dispute between Plaintiff and NYIT.

Here, the "degree of relevance" is completely outweighed by the "potential prejudice of the evidence in light of the particular circumstances of th[is] case." United States v. Am. Soc. of Composers, Authors & Publishers, No. 13-cv-00095 (WCC), 1989 US Dist LEXIS 13157, at *9 (S.D.N.Y. Oct. 12, 1989), aff'd sub nom. Am. Soc. of Composers, Authors & Publishers v. Showtime/The Movie Channel, Inc., 912 F.2d 563 (2d Cir. 1990).

As such, the 2018 NBOME settlement agreement should be precluded in its entirety.

POINT II

THE JANUARY 2016 ACHTZIGER LETTER SHOULD
BE PRECLUDED FOR DEFENDANT'S INTENDED PURPOSES

Defendants should be precluded from introducing the 2016 Achtziger letter as evidence of the continued interactive process or as proof of a failure to mitigate.[1]

First, the offer made in the 2016 Achtziger letter was made twenty-seven (27) months after the initial unreasonable accommodation offered by the Defendant and as such twenty-seven (27) months after Plaintiff finished medical school.

Second, the offer was made two years after the instant litigation was commenced, and in fact was instigated by statements made by Plaintiff during his deposition in this proceeding.

Third, the offer made in the 2016 Achtziger letter continued the unlawful requirement that Defendant would only allow Plaintiff to take the final examination (more than two years after the end of medical school) if he secured an accommodation from a third party (NBOME). Remember that Plaintiff's original accommodation request did not and has never included a

---

[1] Plaintiff reserves all other potential objections to admission of this document including Rule 401-403 and 901. Plaintiff also reserves the right to use this document for his own purposes either in his case-in-chief or more likely for purposes of impeachment.

3

claimed need for an accommodation from NBOME. Plaintiff's request was simply for six months of time from the end of medical school until he takes the final examination in order to accommodate his disabilities and remediate his symptoms.

Fourth, to the extent that Defendant is going to argue to the jury that the 2016 Achtziger letter resolved all issues and somehow either abrogates Plaintiff's claim or somehow cuts off damages, same should be expressly precluded by this Court. In this regard, the Second Circuit's decision in Sheng v. M&TBank Corp., 848 F.3d 78 (2d Cir. 2017), is on point. In Sheng, the Second Circuit took issue with Defendant arguing the following to the jury: "So why are we standing here today if that's what she was offered?" and "The bottom line I'm going to offer is, [Plaintiff's] attorneys know that the offer is a game changer . . . . You don't always get what you want exactly when you want it, but here, [Plaintiff] was offered exactly what she asked for." Id. at 86. The Court concluded that "[t]he reinstatement offer may, therefore, have substantially affected the jury's verdict." Id.

Given this context, the Court should preclude Defendant's introduction of the 2016 Achtziger letter for Defendant's stated purposes, as the letter is far from the "exceptional circumstances in which the parties understand that an unconditional offer is being made . . ." Id. Rule 408 therefore precludes its admission to the jury.

## CONCLUSION

For these reasons as well as the entire record before the Court, the 2018 NBOME settlement agreement should be precluded in all regards, and the 2016 Achtziger letter should be precluded for the purposes proposed by Defendants.

Dated: Rhinebeck, New York
       June 4, 2024

/s/ Nathaniel K. Charny
Nathaniel K. Charny
Charny & Wheeler P.C.
42 West Market Street
Rhinebeck, New York  12572
Tel – (845) 876-7500
Fax – (845) 876-7501
ncharny@charnywheeler.com

Megan S. Goddard
Goddard Law PLLC
39 Broadway, Suite 1540
New York, New York  10006
Tel – (646) 504-8363
Fax – (212) 473-8705
megan@goddardlawnyc.com

Attorneys for Plaintiff Ajay Bahl

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is made by and between Ajay Bahl ("Bahl"), an individual residing in New York, and the National Board of Osteopathic Medical Examiners, Inc., an Indiana nonprofit corporation ("NBOME"), effective as of the date this Agreement is executed by both parties to this Agreement ("Effective Date").

## Recitals

WHEREAS, on June 27, 2014 Bahl brought a legal action against NBOME and other defendants in the United States District Court, Eastern District of New York, Case No. 2:14-cv-04020-LDW-SIL, alleging multiple claims against NBOME ("Bahl's Claims").

WHEREAS, NBOME moved to dismiss or transfer all Bahl's Claims against NBOME to the United States District Court, Southern District of Indiana, pursuant to the forum selection clause agreed to by Bahl, and on or about March 31, 2017 NBOME's motion was granted and all Bahl's Claims were transferred to the United States District Court, Southern District of Indiana, Case No. 1:17-cv-01109-TWP-DML ("Bahl's Lawsuit").

WHEREAS, NBOME denies all Bahl's Claims pending in Bahl's Lawsuit.

WHEREAS, on December 22, 2015 NBOME brought a legal action against Bahl in the Marion Superior Court, Civil Division 10, Marion County, Indiana ("NBOME's Lawsuit").

WHEREAS, on March 28, 2018, the Marion Superior Court granted NBOME's motion for summary judgment on the issue of Bahl's liability to NBOME and entered its Judgment and Order in favor of NBOME, and on July 23, 2018 after hearing evidence the Court assessed damages against Bahl in the amount of $277,718.66 and further ordered Bahl to pay NBOME's attorneys' fees and costs in the amount of $64,126.45 (collectively "NBOME's Judgment").

WHEREAS, Bahl is appealing to the Indiana Court of Appeals NBOME's Judgment, which is now pending under Court of Appeals Cause No. 18A-PL-1543, Ajay Bahl, Appellant v. National Board of Osteopathic Medical Examiners, Inc., Appellee ("Bahl's Appeal").

WHEREAS, Bahl has consulted with legal counsel on provisions of this Agreement and expressly waives his right to seek further legal counsel or advice on the terms and conditions and any other matter relating to this Agreement. Bahl also expressly represents and states that he does not rely upon any representation or the advice of NBOME or NBOME's legal counsel.

WHEREAS, subject to the terms and conditions set forth in this Agreement, Bahl and NBOME each desire to settle their disputes as set forth in this Agreement.

## Terms and Conditions of This Agreement

NOW THEREFORE, in consideration of and subject to the terms and conditions set forth in this Agreement, Bahl and NBOME each agree as follows:

1. <u>Dismissal with Prejudice of Bahl's Lawsuit</u>. Bahl and NBOME each stipulate to the dismissal with prejudice all of Bahl's Claims. Bahl and NBOME each shall promptly execute a stipulation of dismissal with prejudice of all of Bahl's Claims in the form of the Stipulation of Dismissal with Prejudice attached hereto, and Bahl shall file or cause to be filed with the United States District Court, Southern District of Indiana, in the Bahl Lawsuit, that signed Stipulation of Dismissal with Prejudice and shall take all other actions necessary and reasonable to dismiss

with prejudice of all Bahl's Claims made or which could have been made by him or on his behalf in the Bahl Lawsuit or otherwise.

2. **Bahl's Full Release of NBOME.** Bahl, on behalf of himself and his heirs, representatives, attorneys, executors, administrators, successors and assigns, and all other persons claiming by or through him, hereby irrevocably releases, acquits and forever discharges NBOME and all of NBOME's officers, directors, employees, insurers, agents, consultants, committee members, attorneys, and all persons acting on behalf of NBOME, and each of them, of and from all actions, claims, liabilities, demands, legal and administrative actions, and causes of action, whether known or unknown to Bahl, which he now has, has had, or may have at any time or in any way (in law or equity) arising out of or relating to any act, omission, occurrence, or transaction occurring on or before the Effective Date. Bahl acknowledges and agrees that by this release he expressly waives and relinquishes all such rights and claims he has or may have against the NBOME or any released party, whether or not now known to him, under any applicable federal or state law or regulation, or otherwise.

3. **Dismissal of Bahl's Appeal to Indiana Court of Appeals.** Bahl and NBOME each hereby agree to the dismissal with prejudice of Bahl's Appeal. Bahl and NBOME each shall promptly execute the Motion to Dismiss Appeal in the form attached hereto, and Bahl shall file or cause to be filed with the Indiana Court of Appeals that signed Motion to Dismiss Appeal and take all other actions necessary and reasonable to dismiss Bahl's Appeal.

4. **Compliance with NBOME's Terms and Conditions.** If Bahl desires to or does register, apply or intends to apply to or register with NBOME to take any examination offered by NBOME, including but not limited to any COMLEX-USA examination, or applies or intends to apply to NBOME for any test accommodation under any federal or state law or regulation, including without limitation the Americans with Disabilities Act, Bahl shall comply fully with all applicable terms, conditions and procedures required by NBOME of test-takers or intended test-takers, including without limitation the terms and conditions required of COMLEX-USA test-takers or intended test-takers which are contained in NBOME's Bulletin of Information ("Terms and Conditions"); provided, if Bahl's accredited medical school specifically requests in writing NBOME to administer a COMLEX-USA Level 2 examination to Bahl (in lieu of attesting that Bahl is eligible to take the examination), and Bahl pays all registration fees and otherwise fully complies with all other NBOME's registration and obligations required of other test-takers taking the examination, NBOME will administer that COMLEX-USA Level 2 examination to Bahl. Bahl agrees that any breach by him of his obligations under this paragraph or any of the Terms and Conditions required of or applicable to test-takers or intended test-takers of an NBOME examination would be a material breach of this Agreement.

5. **Agreement Not to Execute on NBOME's Judgment.** So long as Bahl is in full compliance with all his obligations under this Agreement, does not breach or violate any term or condition required of NBOME test-takers or intended test-takers, and does not bring any legal or administrative action against NBOME for any reason whatsoever, NBOME shall not execute or attempt to execute on NBOME's Judgment against Bahl. However, NBOME's Judgment is not satisfied or discharged and remains in full and effect, subject only to NBOME's agreement not to execute or attempt to execute as provided in this paragraph 5. If Bahl fails to fully comply with any of his obligations under this Agreement, or breaches or violates any term or condition required of COMLEX-USA or other NBOME test-takers or intended test-takers, or brings or files any legal or administrative action against NBOME for any reason whatsoever, then

2

NBOME's agreement in this paragraph not to execute or attempt to execute on NBOME's Judgment against Bahl shall be and is thereupon null and void and of no effect whatsoever.

6. <u>Non-Disparagement</u>. Bahl shall not, directly or indirectly, make any derogatory comment or statement about the NBOME or any of its officers, employees, agents, attorneys, consultants, that could reasonably be considered detrimental to the NBOME or those persons; provided, any truthful factual testimony by Bahl in his pending action in the United States District Court, Eastern District of New York, Case No. 2:14-cv-04020-AKT, or any opinion testimony by him in that case that fully complies with Rule 701 of the Federal Rules of Evidence and is based solely upon factual matters known to Bahl of his own personal knowledge, will not be considered a violation of his obligation under this paragraph 6.

7. <u>Governing Law, Jurisdiction and Venue, *Waiver of Trial by Jury*</u>. This Agreement and the parties' rights and obligations hereunder shall be construed and determined under the laws of the State of Indiana, without regard to the conflict of laws applicable in any jurisdiction. Any action brought by Bahl or NBOME to enforce the party's rights under this Agreement shall be brought only in a federal or state court of competent jurisdiction located in Marion County, Indiana, to the exclusion of all other courts and jurisdictions. *Bahl and NBOME each hereby specifically and knowingly waive any right to trial by jury.*

8. <u>Miscellaneous Provisions</u>. This Agreement sets forth the entire agreement of the parties hereto regarding the subject matters of this Agreement, and fully supersedes and replaces any and all prior agreements or understandings between the parties. The failure of any party to insist upon strict adherence to any term of this Agreement shall not be considered a waiver thereof or deprive that party of the right thereafter to insist upon or enforce strict adherence to that term or any other term of this Agreement. If any provision of this Agreement is declared or determined by any court to be unenforceable for any reason, the validity of all other terms and conditions shall remain in full force and effect, the same as if the unenforceable term did not exist. This Agreement may be executed in counterparts with each counterpart deemed an original but all of which together shall constitute the one and same document. Faxed or emailed scanned signatures are acceptable. This Agreement is and shall be binding upon and inure to the benefit of successors-in-interest, assigns, heirs and representatives of the parties hereto.

9. <u>Amendment</u>. This Agreement may be amended or altered only if the amendment is in writing and executed by both Bahl and NBOME by its duly authorized representative.

IN WITNESS WHEREOF, Bahl and NBOME by its duly authorized representative, each hereby execute this Settlement Agreement, intending to be legally bound hereby.

AJAY BAHL

*Ajay Bahl*
Date: 11-19-2018

NATIONAL BOARD OF OSTEOPATHIC MEDICAL EXAMINERS, INC.

by: *[signature]*
Printed: Joseph Flamini
Its: VPA/COO
Date: 11/20/18

3