# Charny & Wheeler P.C.
Attorneys at Law

Nathaniel K. Charny (NY & NJ Bar)
ncharny@charnywheeler.com

Russell G. Wheeler
rwheeler@charnywheeler.com

H. Joseph Cronen
jcronen@charnywheeler.com

42 West Market Street
Rhinebeck, NY 12572
Tel: 845-876-7500
Fax: 845-876-7501

June 10, 2024

By ECF
Hon. Denny Chin
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   Bahl vs. NYIT
      Case No. 2:14-cv-4020 (DC)(LGD)

Dear Judge Chin:

This office is co-counsel to the plaintiff in the above matter. Pursuant to the Court's directive, I write to address the admissibility of the testimony of Plaintiff's proposed witnesses Todd Regnier and John Purcell.[1]

Regnier and Purcell are both former students of defendant New York College of Osteopathic Medicine of New York Institute of Technology ("NYIT"). Like Plaintiff, both disclosed to NYIT mental and/or emotional health conditions and were met with draconian and wholly inappropriate responses apparently intended to exacerbate their symptoms and encourage their eventual failure or resignation from its program.

<u>Legal Standard</u>

Though prohibiting admission of "any other . . . wrong[] or act" to establish character or prove that a person on a prior occasion acted in accordance with the character," FRE 404(b) permits admission of such evidence for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, lack of mistake, or lack of evidence."

"[U]nder Rule 404(b), the Second Circuit 'follow[s] an inclusionary rule, allowing the admission of such evidence for any purpose other than to show a party's . . . propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence.'" Lovejoy-Wilson v. Noco Motor Fuels, Inc., 242 F. Supp. 2d 236, 250 (W.D.N.Y. 2023) (citing United States v. Inserra, 34 F.3d 83, 89 (2d Cir. 1994)).

In the employment context, "evidence of discrimination against others may be relevant to proving discrimination against the plaintiff." Pitre v. City of New York, 2023 U.S. Dist. LEXIS

---

[1] During the presentation to the Court I neglected to mention John Purcell, however immediately after Court was adjourned I advised Defendant's counsel of this additional intended witness.

Hon. Denny Chin
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
June 10, 2024
Page 2

198790, at *6-8, 2023 WL 7304991 (S.D.N.Y. Nov. 6 2023). "When such evidence is sufficiently similar to the claims raised in the case -- for example, when the conduct was engaged in by the same actor, or the actions occurred close in time or space to the plaintiffs experience -- it is relevant." Belvin v. Electchester Mgmt., LLC, 635 F. Supp. 3d 190, 202-203 (E.D.N.Y. 2022).

<u>Analysis</u>

Here, the testimony of both Regnier and Purcell is relevant to establish that on prior occasions, NYIT responded to its discovery of students' mental health struggles in a manner demonstrating its intent to deny students with professed mental or emotional disabilities the opportunity to participate in and benefit from its programs. Further, NYIT's intent manifested in a common plan or preparation exploiting and exacerbating its students' particular difficulties in a manner calculated to exploit them to attain its disabled students' specific mental health struggles.

<u>Regnier's Testimony</u>

Todd Reginer is a former student of NYIT who at the age of eight was diagnosed with Asperger's Syndrome. Amended Complaint (Dkt. 13-1), ¶ 29, Reginer v. NYIT, No. 14-CV-05627(JMA)(GXB) (E.D.N.Y. Feb. 13, 2015).

Regnier attended NYIT from 2010 to 2012, the same time period as Plaintiff Bahl.

Regnier disclosed his diagnosis to NYIT in early 2011 in response to an inquiry by Dean Achtziger (one of the same players here) regarding some academic performance issues. In response, NYIT required Reigner (under threat of dismissal) to treat with and comply with the recommendations of NYIT's chosen psychiatrist (Sergei Belkin, the same psychiatrist at issue here), which included prescribing medication for depression (with which Plaintiff had not been diagnosed) -- and a drug that Regnier had no interest in taking. After months of compelled psychopharmacologic treatment, Regnier advised Dr. Belkin that he had stopped taking the medication because it was not helpful, caused dramatic weight gain as well as sexual dysfunction.

Dr. Belkin presumably advised NYIT, because soon thereafter Regnier was summoned to a disciplinary hearing by Dean Felicia Bruno and Dean Achtziger, the same players here, and told that unless he went back on the medication he would be expelled.

Regnier complied, went back on the medication he hated, and after several months begged Dr. Belkin to let him stop taking the medication -- a request that Belkin ultimately consented to provided Regnier started seeing NYIT's referred therapist. Regnier complied, and started seeing the Medical School's therapist, was unhappy with that provider, and in turn advised that his mental health treatment was his personal business and that he would thereafter select his own

Hon. Denny Chin
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
June 10, 2024
Page 3

preferred providers.  Dr. Belkin agreed, released Regnier from his treatment, and so advised Dean Achtziger and Dean Bruno.  Regnier was soon thereafter expelled from the Medical School for "resisting treatment."

## Purcell's Testimony

Similarly, John Purcell is also a former NYIT student who attend the Medical School during those very same years, and suffered from diagnosed ADHD and anxiety disorder.  Amended Complaint (Dkt. 12), ¶ 11, Purcell v. NYIT, No. 16-CV-3555 (JMA)(AKT) (E.D.N.Y. Sept. 9, 2016).  Upon his disclosure to NYIT in hopes of receiving assistance in navigating his educational requirements, Purcell was subjected to derogatory remarks regarding his mental health and required to undergo a psychiatric review that bore no discernable connection to his disability or request for assistance.  See, e.g. Purcell v. New York Inst. of Tech., 931 F.3d 59, 62 (2d Cir. 2019).  If anything, it was intended only to hasten his anticipated failure in and departure from NYIT's program.

## Notice

With apologies to the Court and counsel because I believe I represented otherwise, Regnier was not listed in Plaintiff's Rule 26 disclosures, however Regnier was discussed in depth during Plaintiff's 2015 deposition (see Bahl Depo., pp. 522-525), and both Regnier and Purcell were listed on Plaintiff's witness list for trial.  It is worth noting that Defendant's counsel Mr. Catalano represented the Medical School in both sets of litigation brought by these two individuals.

## Conclusion

Regnier's and Purcell's testimony concerning their above-described experiences as NYIT students is legally relevant to Plaintiff's claims.  Plaintiff claims that NYIT not only failed to accommodate his disability, but that it did so in a way that evinces willfullnes and reckless intentionality.  Regnier's and Purcell's testimony is probative of NYIT's intent in responding to awareness of students' disabilities and also the manner in which does so, specifically by arranging conditions that, while denominated as accommodations, are actually deigned to exploit its students' disabilities.

Accordingly, Plaintiff respectfully moves the Court to permit the testimony of Todd Regnier and David Purcell on his behalf for the reasons and the issues identified above.

Hon. Denny Chin
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
June 10, 2024
Page 4

Respectfully submitted:

/s/ *Nathaniel K. Charny*

Nathaniel K. Charny

cc:   All Counsel of Record (by ECF)