# CLIFTON BUDD & DeMARIA, LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE, 61ST FLOOR
NEW YORK, NY 10118

TEL 212.687.7410
FAX 212.687.3285
WWW.CBDM.COM

June 11, 2024

**VIA ECF**
Honorable Denny Chin, U.S. Circuit Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Ajay Bahl v. New York College of Osteopathic Medicine of New York Institute of Technology*, 14-cv-04020-DC-LGD

Dear Judge Chin:

This firm represents Defendant New York Institute of Technology ("NYIT" or "Defendant"), improperly named herein as New York College of Osteopathic Medicine of New York Institute of Technology, in the above-referenced action. Defendant respectfully submits this motion *in limine* seeking to exclude any testimony from John Purcell ("Purcell") and Todd Regnier ("Regnier") concerning any alleged claims of discrimination or discriminatory treatment, including those claims raised in lawsuits that those witnesses pursued against NYIT that were dismissed by the Court or voluntarily dismissed prior to any substantive findings on the claims.

At the outset, Plaintiff failed to identify Regnier in his initial Rule 26 disclosures, or to supplement his disclosures to include his identification; for this failure, Plaintiff is precluded from introducing Regnier's testimony at trial. Moreover, and even if such testimony were not precluded, both the testimony of Regnier and Purcell has no probative value to Plaintiff's claims at issue in this action. Any such testimony is also highly prejudicial to Defendant and creates a significant risk of jury confusion. For these and other reasons set forth herein, such testimony must be excluded.

The FRE provide that "relevant evidence is generally admissible at trial." *Dunham v. Lobello*, 2023 WL 3004623, at *1 (S.D.N.Y. Apr. 19, 2023) (*citing* FRE 402). Under Rule 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence." FRE 401. Evidence which is not relevant to the action is not admissible. FRE 402.

Relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, if its probative value is substantially outweighed by a danger of [...] unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403. Relevant evidence will also generally not be admitted if such evidence will hinder, distract, or confuse the jury. *See Perry v. Ethan Allen, Inc.*, 115 F.3d 143 (2d Cir. 1997).

**CLIFTON BUDD & DEMARIA, LLP**
Honorable Denny Chin, U.S. Circuit Judge
June 11, 2024
Page 2

District courts have "'Broad discretion to balance probative value against possible prejudice' under Rule 403." *Olutosin v. Gunsett*, 2019 WL 5616889, at *1 (S.D.N.Y. Oct. 31, 2019) (*quoting U. S. v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008)). If a court concludes that evidence being offered is irrelevant to the issues being tried, or that *the prejudicial effect of such evidence outweighs its probative value*, the Court may issue and grant the motion *in limine* to limit or exclude proposed evidence as inadmissible. *See U.S. v. Imran*, 964 F.2d 1313 (2d Cir. 1992) (*emphasis added*). In determining whether evidence should be excluded under FRE 403, the Court must weigh the probative force of the evidence with the prejudice in light of the particular trial circumstances and conditions. *Imran*, 964 F.2d at 1313. "In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means." FRE 103(c).

### I.  To the Extent Plaintiff Concedes that He Failed to Disclose Regnier In His Rule 26 Disclosures, Nor Did He Supplement His Disclosures to Identify Regnier at Any Point in Discovery; For This Failure, Plaintiff Is Barred from Introducing Regnier's Testimony.

As acknowledged in Plaintiff's submission to this Court late last night, *see* Dkt. 274 at p. 3, Regnier was not listed in Plaintiff's initial disclosures, nor was Regnier identified as a potential witness prior to the close of fact-discovery. For this failure, Plaintiff should be precluded from calling Regnier at trial.

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure ("FRCP") expressly requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would solely be for impeachment." *See* FRCP 26(a)(1)(A)(i). In addition, a party is under an affirmative duty to supplement incomplete or incorrect disclosures in a "timely manner" or "as ordered by the court." FRCP 26(e)(1).

FRCP 37(c)(1) likewise provides that, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) […] is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." FRCP 37(c)(1); *see also Patterson v. Balsamico*, 440 F.3d 104, 117-118 (2d Cir. 2006) (affirming a lower court's preclusion of a belatedly-identified witness despite the fact that the individual was a named defendant in the prior proceeding); *DVL, Inc. v Niagara Mohawk Power Corp.*, 490 F. App'x 378, 381 (2d Cir. 2012) (upholding exclusion of expert testimony where individual not identified as expert witness).

Where, as here, potential witnesses have not been properly identified in compliance with a party's obligations under FRCP 26, Courts consider four factors in analyzing whether testimony should be excluded pursuant to FRCP 37(c)(1): "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to

**CLIFTON BUDD & DEMARIA, LLP**

Honorable Denny Chin, U.S. Circuit Judge
June 11, 2024
Page 3

meet the new testimony; and (4) the possibility of a continuance." *See Patterson, supra,* 440 F.3d 104. Consideration of each of these factors here plainly warrants exclusion of Regnier's testimony.

With respect to the first factor, Plaintiff has failed to identify any explanation for the failure to include Regnier in the 26(a) identifications, or in failing to identify Regnier as a prospective witness until well after the close of fact discovery, and on the eve of trial. *See* Dkt. 274, *generally.* This weighs in favor of exclusion.

As to the second factor, as set forth at greater length below, the testimony of this witness— who, from Plaintiff's submission, appears to have no knowledge concerning any NYIT acts, omissions or determinations *with respect to Plaintiff*, and, instead, seeks to testify as to his own experience while a student at NYITCOM, *see* Dkt. 274 at pp. 2-3—is of no importance whatsoever to any element of Plaintiff's claims. Moreover, to the extent Plaintiff intends to offer testimony from Regnier as to his own, individual circumstances, such testimony is inadmissible under FRE 403. *See, infra,* at Pt. III. Here, Plaintiff does not bring a pattern or practice claim; moreover, Plaintiff's sole surviving claims against NYIT are for failure to accommodate, which do not have an intent component. *See* Am. Complaint, Dkt. 77; *see also* Dkt. 242. Given the extremely limited importance of the anticipated testimony, consideration of the second factor also weighs in favor of exclusion.

With respect to the third and fourth factors, inclusion of a witness who was not properly identified pursuant to FRCP 26(a) during fact-discovery, and never deposed with respect to this matter, is unquestionably prejudicial. Defendant was never given appropriate notice that it might need to defend against additional, unrelated claims of allegedly unlawful conduct, prejudicing Defendant as the risk of jury confusion is high. Moreover, given that this case has been in active litigation for ten years and the trial commenced yesterday, no adjournment or continuance of the trial would be feasible. Consideration of both factors thus strongly weighs in favor of exclusion.

In the matter of *Pitre v. City of New York,* No. 18-cv-5950-DC, 2023 WL 7304991, at *2 (S.D.N.Y. Nov. 6, 2023), this Court excluded potential witness testimony under virtually identical circumstances described here, and the same result is compelled. There, as here, the plaintiff's principal claims concerned "unique circumstances arising from his disability," *id.* at *3, and primarily alleged that "defendants failed to provide him a reasonable accommodation, denied him medical leave, and ultimately forced him to take a disability retirement." *Id.* In evaluating testimony of ten witnesses, not properly identified in FRCP 26(a) disclosures, "who would be testifying about acts of discrimination and retaliation against themselves," *id.,* this Court correctly granted a motion *in limine* to exclude their testimony, holding:

> [T]he probative value of [testimony concerning] acts
> against other employees in undoubtedly different
> circumstances is low, and there is a high risk of
> prejudice, delay, and waste of time. If ten other
> employees were permitted to testify about purported
> acts of discrimination and retaliation against them,

**CLIFTON BUDD & DEMARIA, LLP**

Honorable Denny Chin, U.S. Circuit Judge
June 11, 2024
Page 4

> defendants would be required to defend against those allegations and there would be a risk of ten mini-trials. The prejudice to defendants would be particularly acute given the insufficient notice given to them that the witnesses would be testifying about their own claims of discrimination and retaliation.

*Pitre*, No. 18-cv-5950-DC, 2023 WL 7304991, at *3.

The same result is warranted here: given Plaintiff's acknowledged failure to have properly identified Regnier in his disclosures pursuant to FRCP 26(a); the lack of any explanation for this failure; the total lack of importance of the expected testimony to the claims in this action; the significant prejudice to Defendant, both given the risk of jury confusion and lack of time to prepare; and the infeasibility of delaying the trial now that has commenced, this Court should properly exclude the testimony in question.

II.    **In the Alternative, This Court Should Preclude All Testimony and Evidence Concerning Purcell's and Regnier's Alleged Claims of Discrimination Against NYIT, Including Those Claims Asserted in Their Dismissed Lawsuits, as Such Evidence Is Vastly More Prejudicial Than Probative and Prohibited by FRE 404(b).**

In addition, Plaintiff should be precluded from introducing evidence of allegations of discrimination raised by former students, Regnier and Purcell, as it is unquestionably barred by FRE 404(b). As noted above, neither can offer direct testimony concerning any acts, omissions or determinations NYIT may have taken with respect to Plaintiff. Instead, both are expected to testify regarding their own, separate experiences as students at NYITCOM and their claims that NYIT discriminated against them. This is classic bad acts evidence offered to show action in conformity therewith and, as such, it is absolutely inadmissible for this purpose as set forth at greater length herein.

As relevant to the instant motion, Purcell brought suit against NYIT in 2016, asserting various claims for relief arising out of his dismissal from NYIT. *See* Case No. 2:16-cv-03555-JMA-AKT, Dkt. 1. (Ex. A). Notably, Purcell, unlikely the Plaintiff in this claim, did not bring any claims that NYIT failed to accommodate a disability, under either federal or state law. *See, generally*, Case No. 2:16-cv-03555-JMA-AKT, Dkt. 1. In addition, and unlike the Plaintiff in this matter, Purcell failed to complete the clinical portion of his academic curriculum, not the COMLEX qualifying examination[1]; his pleading is silent as to any allegations concerning testing accommodations, or lack thereof. *See, generally*, Case No. 2:16-cv-03555-JMA-AKT, Dkt. 2.

---

[1]    NYIT has in its possession certain documents related to the academic and disciplinary files of Regnier and Purcell that will show the differences between their claims and Plaintiff's claims. Upon information and belief, such records are protected from disclosure pursuant to FERPA as these former students are not parties to the lawsuit. We will bring these documents for the Court's review in camera.

**Clifton Budd & DeMaria, llp**
Honorable Denny Chin, U.S. Circuit Judge
June 11, 2024
Page 5

Although NYIT obtained dismissal of Purcell's claims pursuant to Fed. R. Civ. P. 12, *see* Case No. 2:16-cv-03555-JMA-AKT, Dkts. 27 & 35, the Second Circuit granted in part Purcell's appeal, vacating dismissal with respect to certain claims under the ADA and Title IX for further proceedings. *See* Case No. 2:16-cv-03555-JMA-AKT, Dkt. 38. The parties subsequently reached a settlement with respect to their dispute, *see* Case No. 2:16-cv-03555-JMA-AKT, Dkt. 67, and, pursuant to the terms of their agreement, the action was dismissed with prejudice.[2] 2:16-cv-03555-JMA-AKT, Dkt. 69.

For his part, Regnier was also terminated from NYITCOM for his failure to satisfactorily comply with certain program requirements; like Purcell, these failures did not concern his passage of the COMLEX examination, nor testing accommodations of any kind. *See*, *generally*, Case No. 2:14-cv-05627-JMA-GRB, Dkt. No. 1. After his termination from NYITCOM, Regnier sought refund of his tuition from NYIT, and later negotiated an agreement with NYIT in June of 2013, wherein, in exchange for a partial refund of his tuition fees, he released all claims arising out of his enrollment at or dismissal from NYITCOM. *See* Case No. 2:14-cv-05627-JMA-GRB, Dkt. No. 1 at ¶¶ 124-126.

Regnier later brought suit in September of 2014, seeking, *inter alia*, to void his agreement with NYIT and its releases, and pursue claims against NYIT. *See* Case No. 2:14-cv-05627-JMA-GRB, Dkt. No. 1, *generally*. Plaintiff voluntarily dismissed his claims against NYIT without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), *see* Case No. 2:14-cv-05627-JMA-GRB, Dkt. No. 36, only to pursue similar claims in New York State Supreme Court, Nassau County. *See* Index No. 607431/2018, NYSCEF Dkt. 1.[3] NYIT moved to dismiss, and its motion was granted in full, pursuant to NY C.P.L.R. §§ 3211(a)(1), (5) and (7). *See* Index No. 607431/2018, NYSCEF Dkt. 13. (Exhibit B).

To the extent Plaintiff makes any attempt to offer testimony from either Purcell or Regnier concerning their own, separate and, critically, *disparate*, experiences at NYITCOM, any such testimony is simply not relevant on the issue of whether NYIT failed to accommodate Plaintiff's medical conditions.

Notably, as a matter of law, this Circuit has held that there is no intent requirement with respect to failure-to-accommodate claims, and Plaintiff thus has no burden to prove NYIT acted with discriminatory intent or was motivated by any particular mindset. *See Brooklyn Ctr. For Psychotherapy, Inc. v. Phila. Indem. Ins.*, 955 F.3d 305, 312 (2d Cir. 2020). In the absence of this burden, the only way that other former students' testimony that they experienced allegedly wrongful conduct from NYIT could be relevant to Plaintiff's claims is an inference—entirely

---

[2]   Purcell is also subject to a non-disclosure agreement that would preclude his testifying as to any discrimination claims against NYIT, which we will show the Court in camera.

[3]   Available at   https://iapps.courts.state.ny.us/nyscef/ViewDocument?docIndex=5ovaFmXsJry8r9kdiYGJ1g== (*last accessed* June 10, 2024).

**CLIFTON BUDD & DEMARIA, LLP**
Honorable Denny Chin, U.S. Circuit Judge
June 11, 2024
Page 6

impermissible under FRE 404—that NYIT had a propensity for engaging in wrongful conduct, and that in not failing to accommodate Plaintiff's ADHD and other conditions, NYIT acted in conformity with that propensity. *See* FRE 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."); *see also Becker v. ARCO Chemical Co.*, 207 F.3d 176, 191 (3d Cir. 2000) ("[W]hen a proponent of Rule 404(b) evidence contends that it is both relevant and admissible for a proper purpose, the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the [bad act] charged.")

Moreover, any probative value of testimony concerning Purcell and Regnier's separate experiences with NYIT is significantly outweighed by the danger of unfair prejudice to Defendant, confusion of the issues, misleading of the jury, and undue delay. To have any basis for evaluating Purcell and Regnier's testimony about their experiences within the context of their own circumstances, this Court would be forced to consider two additional mini-trials of evidence relevant to Purcell and Regnier's claims, notably, that were raised in Court and dismissed, as well as independent of the claims concerning Plaintiff. *See Castro v. City of New York*, 05-cv-593-KTD-MHD, 2010 WL 11586591, at *6 (S.D.N.Y. Aug. 11, 2010) (excluding testimony of another employee's bad experience with defendant employer pursuant to FRE 404(b)); *see also Martin v. Reno*, No. 96-cv-7646, 2000 WL 1863765, at *4 (S.D.N.Y. Dec. 19, 2000) (precluding plaintiff from introducing testimony of witnesses about alleged discrimination that did not involve plaintiff because it would serve to "merely protract the trial by taking the testimony too far afield from [plaintiff]'s actual claims"). Plainly, no such distractions are warranted here, particularly as the evidence itself has no relevance to Plaintiff's claims.

Again, here, based on Plaintiff's submission, *see* Dkt. 274, and pleadings and filings of which this Court may take judicial notice, neither Purcell's nor Regnier's dismissal from NYITCOM concerned their failure to pass the COMLEX exam; neither required or requested testing accommodations or a leave; whatever other violations of law they may have alleged, neither brought claims of failure to accommodate. Given the unique circumstances of this Plaintiff's claims, the probative value of claimed bad acts against other employees in admittedly different circumstances is virtually nil, in addition to being impermissible under FRE 404(b). This Court should grant Defendant's motion *in limine* and exclude any testimony from Purcell or Regnier.

Respectfully Submitted,

CLIFTON BUDD & DEMARIA, LLP
*Attorneys for Defendant NYIT*

By:   _____
Douglas P. Catalano
Stefanie R. Toren

cc:   All Counsel of Record (via ECF)