#1  We would like to review Dr. Adler's

assessment. We think it is

P 20 and/or P22  — —

Assessment In connection with

Medical Leave Request.

and

#2  Nyllin Report as well

Mary Stewart
Foreman

Bahl v. NYIT
14-cv-4020 (DC)

Court EXHIBIT
1
Time 10:50 AM

ex 12
20

After the School's terms of accommodation email (2/20/2014 from Mr. Thompson) to Plaintiff's Attorneys, is there any formal evidence on the record of a reply from the Plaintiff or his Attorneys? If so, can we see it?

Exhibit H H H

Letter from Dr. Goren P# 26

KKK - Thompson request to Goren to inquire about status.

LLL email exchange w/ Mr. Mulhern

Can we see all these 4 Exhibits please?

Mary Stewart
Foreman

Bahl v. NYIT
14 - CV - 4020 (DC)

Court EXHIBIT
Rec'd (2)
Time: 11:45 AM

6-14-2024

Members of the Jury –

As for your question whether there is any ~~formal~~ evidence in the record of a reply from the plantiff or his attorneys to the 2/20/2014 email from Mr. Thompson, the answer is NO.

USCJ



Bahl v. NYIT
14-CV-4020
(DC)

Court EXHIBIT
③
Time: 12:33pm

Provide the 1/29/14 letter from Goren to Jordan Thompson?

UU?   NBOME email telling Mr. Bahl about needing extra documentation for accommodation.

P25   Email from Dean Axenberg (sp.?) why denied medi leave.

Mary Stuart
Foreperson

Bahl v. NYIT
14-CV-4020 (DC)

EXHIBIT
④
Rec'd
Time: 1:35pm

Members of the Jury on this
case of that has reached a
verdict.

Mary Stuart
Foreperson
6/14/24

Bahl v. NYIT
14-cv. 4020 (DC)

EXHIBIT
5
TIME: 30 pm

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AJAY BAHL,                                     :

                    Plaintiff,                 :         **VERDICT SHEET**

        - vs -                                 :         14-CV-4020 (DC)

NEW YORK INSTITUTE OF                          :
TECHNOLOGY,
                                               :

                    Defendant.                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

A.    **Qualified Individual with a Disability**

1.    Do you find, by a preponderance of the evidence, that Mr. Bahl is a
      qualified individual with a disability under the Rehabilitation Act?

            Yes _____✓_____            No _____

      *Proceed to the next question.*

2.    Do you find, by a preponderance of the evidence, that Mr. Bahl is a
      qualified individual with a disability under the New York State Human
      Rights Law?

            Yes _____✓_____            No _____

      *If you answer both Questions 1 and 2 "No," then disregard all other questions on
      this form, sign on the last page, and inform the Court that you have reached a
      verdict. If you answer "Yes" to either Question 1 or Question 2, then proceed to
      the next question.*

Court **EXHIBIT**
Paid ⑥
Time : 3:20 PM

B.   **Reasonable Accommodation**

3.  Do you find, by a preponderance of the evidence, that NYIT failed to provide a reasonable accommodation for Mr. Bahl's disability, in violation of Section 504 of the Rehabilitation Act?

    Yes _____          No _____ ✓

    *If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, skip Question 4 and proceed to Question 5.*

4.  Do you find, by a preponderance of the evidence, that NYIT's violation of the Rehabilitation Act was intentional?

    Yes _____          No _____

    *Proceed to the next question.*

5.  Do you find, by a preponderance of the evidence, that NYIT failed to provide a reasonable accommodation for Mr. Bahl's disability, in violation of the New York State Human Rights Law?

    Yes _____          No _____ ✓

*If you answered "Yes" to Questions 3 and 4 and/or "Yes" to Question 5, proceed to the next section.  If you answered "No" to either Questions 3 or 4 and "No" to Question 5, then disregard all other questions on this form, sign on the last page, and inform the Court that you have reached a verdict.*

C.   **Damages**

6.  State the amount, if any, that you find will fairly and reasonably compensate Mr. Bahl for his economic losses caused by NYIT's failure to provide him with a reasonable accommodation.

    $_____

2

7. State the amount, if any, that will fairly and reasonably compensate Mr. Bahl for his emotional distress caused by NYIT's failure to provide him with a reasonable accommodation.

$\$\underline{\hspace{5cm}}$

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*You are finished. Please sign and date this form.*

Mary Stuart
_____
Signature of Foreperson

Dated: 6/14/24

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AJAY BAHL,                                          :

                  Plaintiff,                   :

         - vs -                              :                          14-CV-4020 (DC)

NEW YORK INSTITUTE OF                               :
TECHNOLOGY,

                         :

               Defendant.                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## JURY CHARGE

June 14, 2024


                     DENNY CHIN
                     United States Circuit Judge
                     Sitting by Designation



Court EXHIBIT
7

## Table of Contents

I. GENERAL INTRODUCTORY CHARGES ............................................................... 1

A.   Introductory Remarks ......................................................................... 1

B.   Role of the Court ................................................................................ 1

C.   Role of the Jury .................................................................................. 2

D.   Conduct of Counsel ............................................................................ 2

E.   Rulings of the Court ........................................................................... 3

F.   Sympathy or Bias ............................................................................... 4

G.   All Parties Equal Before the Law ........................................................ 4

H.   Burden of Proof .................................................................................. 4

I.   What Is and Is Not Evidence ............................................................... 6

J.   Direct and Circumstantial Evidence .................................................... 7

K.   Witness Credibility ............................................................................. 9

L.   Testimony of Expert Witness ............................................................. 11

M.   Deposition Testimony ....................................................................... 12

N.   Prior Inconsistent Statements .......................................................... 12

O.   Bias of Witnesses ............................................................................. 13

II. SUBSTANTIVE CHARGES ............................................................... 14

A.   Introduction ..................................................................................... 14

B.   The Rehabilitation Act ...................................................................... 16

C.   New York State Human Rights Law ................................................... 16

D.   Elements of a Failure-to-Accommodate Claim ................................... 17

| | | |
|---|---|---|
| 1. | Definition of "Otherwise Qualified" | 18 |
| 2. | Definition of "Disability" | 18 |
| 3. | Definition of "Reasonable Accommodation" | 19 |

E.  Interactive Process ...................................................................................... 21

F.  Damages ........................................................................................................ 22
   1.  Economic Losses ...................................................................................... 25
   2.  Non-Economic Losses .............................................................................. 26
   3.  Mitigation of Damages ............................................................................ 28

III. FINAL GENERAL CHARGES ........................................................................ 28

A.  Right to See Exhibits and Hear Testimony; Communications with Court ..... 28

B.  Notes .............................................................................................................. 29

C.  Duty to Deliberate/Unanimous Verdict ........................................................ 30

D.  Duties of Foreperson ..................................................................................... 31

E.  Verdict Form and Return of Verdict ............................................................. 31

F.  Final Instructions .......................................................................................... 32

## I.  GENERAL INTRODUCTORY CHARGES

### A.      Introductory Remarks

Members of the jury, you have now heard all the evidence in the case as well as the final arguments of the parties.  We have reached the point where you are about to undertake your final function as jurors.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

### B.      Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence was relevant, under the law, for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or ought to be.

You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

1

## C.     Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to follow the law as I give it to you. You must not substitute your own notions or opinions of what the law is or ought to be.

## D.     Conduct of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Therefore, you should draw no inference from the fact that an attorney objected to any evidence. Nor should you draw any inference from the fact that I sustained or overruled an objection.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other matters, and none of the events relating to these conferences should enter your deliberations at all.

2

## E.    Rulings of the Court

Nothing I say is evidence.  If I commented on the evidence at any time, do not accept my statements in place of your recollection or your interpretation.  It is your recollection and interpretation that govern.

Also, do not draw any inference from any of my rulings.  The rulings I made during trial are no indication of any view on my part.  You should not seek to find any such view or opinion on my part, nor should you otherwise speculate as to what I may think.

At times I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up.  At times I asked a question myself.  Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear.  You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine.  Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you.  That is entirely your role.

3

## F.    Sympathy or Bias

You are to evaluate the evidence calmly and objectively, without prejudice or sympathy.  You are to be completely fair and impartial.  Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence.

The parties in this case are entitled to a trial free from prejudice and bias.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

## G.    All Parties Equal Before the Law

This case should be decided  by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life.  The defendant is not to be favored or disfavored because it is an institution, nor should you favor or disfavor the plaintiff because he is an individual.  Both parties are entitled to the same fair trial at your hands.  They stand equal before the law and are to be dealt with as equals in this court.

## H.    Burden of Proof

In a civil case such as this, plaintiff has the burden of proving all the elements of his claim by a preponderance of the evidence.

4

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents.  In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If, after considering all the evidence, you are satisfied that plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find in his favor on that issue.  If after such consideration you find that the credible evidence on a given issue is evenly divided between the parties -- that it is as equally probable that one side is right as it is that the other side is right -- or that the evidence produced by plaintiff is outweighed by evidence against the claim, then you must decide that issue against plaintiff. That is because the party bearing the burden of proof must prove more than simple equality of evidence -- that party must prove each element of the claim by

5

a preponderance of the evidence. On the other hand, the party with this burden

of proof need prove no more than a preponderance. So long as you find that the

scales tip, however slightly, in favor of plaintiff -- that what he claims is more

likely true than not -- then the element will have been proven by a

preponderance of the evidence.

## I.    What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection

of the evidence. What is evidence? Evidence consists only of the testimony of

witnesses, the exhibits that have been received, and the stipulations of the

parties.

The statements and arguments made by the lawyers are not

evidence. Their arguments are intended to convince you what conclusions you

should draw from the evidence or lack of evidence. Now, those arguments are

important. You should weigh and evaluate them carefully. But you must not

confuse them with the evidence. As to what the evidence was, it is your

recollection that governs, not the statements of the lawyers.

In this connection, you should bear in mind that a question put to a

witness is never evidence. It is the answer to the question that is evidence. One

6

exception to this is that you may not consider any answer that I directed you to disregard or that I ordered to be stricken from the record. You are not to consider such answers.

To constitute evidence, exhibits must first be received into evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

## J.    Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is called direct evidence. Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or observed. In other words, when a witness testifies about a fact in issue that is known of the witness's own knowledge -- by virtue of what he or she sees, feels, touches, or hears -- that is called direct evidence of that fact.

The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly

by proof of other facts. There is a simple example of circumstantial evidence that is often used in this Courthouse:

Assume that when you came into the Courthouse this morning the sun was shining, and it was a nice day outdoors. Assume, as is the case given where you are sitting, that you cannot look outside. Assume that as you were sitting here, someone walked in with an umbrella that was dripping wet. Somebody else then walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer based on reason and experience and common sense from one established fact the existence or the nonexistence of some other fact.

The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven.

8

Circumstantial evidence is of no less value than direct evidence, for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

## K.  Witness Credibility

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in their testimony.  You are the sole judges of the credibility of each witness and of the importance of their testimony.

You should carefully scrutinize all the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.  In other words, what you must try to do in deciding credibility is to size a witness up in light of their demeanor, the explanations given, and all the other evidence in the case.

If a witness made statements in the past that are inconsistent with their testimony during the trial concerning facts that are at issue here, you may consider that fact in deciding how much of the testimony, if any, to believe.  In making this determination, you may consider whether the witness purposely

9

made a false statement, or whether it was an innocent mistake.  You may also consider whether the inconsistency concerns an important fact or merely a small detail, as well as whether the witness had an explanation for the inconsistency and if so, whether that explanation appealed to your common sense.

If you find that a witness has testified falsely as to any material fact or if you find that a witness has been previously untruthful when testifying under oath or otherwise, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful or that are corroborated by other independent evidence in the case.

It is for you, the jury, and for you alone, not the lawyers, or the witnesses, or me as the judge, to decide the credibility of witnesses who appeared here and the weight that their testimony deserves.

You do not leave your common sense, good judgment, or life experiences behind you when you walk into the courtroom.  You carry that background into the jury room during your deliberations.  Please remember, however, that you may not use your experience and common sense to fill in or create evidence that does not exist.  You use them only to draw reasonable

inferences from proven facts or to weigh and evaluate the evidence provided during the trial.

## L.   **Testimony of Expert Witness**

In this case, I have permitted a witness to testify to matters about which he has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.  In weighing this testimony, you may consider the witness's qualifications and reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give this testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept expert testimony merely because I allowed the witness to testify concerning these specialized matters.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

11

**M.**     **Deposition Testimony**

Some of the testimony before you is in the form of deposition

excerpts that have been received in evidence.  A deposition is simply a procedure

where the attorneys for one side may question a witness or an adverse party

under oath before a stenographer prior to trial.  This is part of the pretrial

discovery, and each side is entitled to take depositions.  You may consider the

testimony of a witness given at a deposition according to the same standards you

would use to evaluate the testimony of a witness given at trial.

Here, depositions were also used as impeachment materials as one

side or the other suggested that a witness's trial testimony contradicted or was

inconsistent with his or her deposition or other prior sworn testimony.  It is up to

you to decide whether there was an inconsistency and what, if any, weight to

give to any inconsistency.

**N.**     **Prior Inconsistent Statements**

If you find that the witness made an earlier statement that conflicts

with their trial testimony, you may consider that fact in deciding how much of

the trial testimony, if any, to believe.  If a witness is shown to have testified

knowingly falsely about any material matter, you have a right to distrust such

witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerned an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## O.    Bias of Witnesses

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.  You should also take into account any evidence that a witness may benefit in some way from the outcome of the case.

It is your duty to consider whether the witness has permitted any

such bias or interest to color their testimony.  In short, if you find that a witness

is biased, you should view their testimony with caution, weigh it with care, and

subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of

the case does not mean the witness has not told the truth.  It is for you to decide

from your observations and applying your common sense, experience, and all

the other considerations mentioned whether the possible interest of any witness

or party has intentionally or otherwise colored or distorted the witness's

testimony.  You are not required to disbelieve an interested witness; you may

accept as much of the witness's testimony as you deem reliable and reject as

much as you deem unworthy of acceptance.

## II.  SUBSTANTIVE CHARGES

Members of the jury, I am now going to instruct you on the

substantive law to be applied to this case.

## A.      Introduction

Plaintiff Ajay Bahl enrolled in NYIT's four-year Doctor of

Osteopathic Medicine program to become a doctor.  In this lawsuit, he has

14

asserted claims against NYIT under federal and state law. Mr. Bahl alleges that NYIT violated the Rehabilitation Act -- a federal law -- and the New York State Human Rights Law (the "Human Rights Law") by failing to provide him with a reasonable accommodation. Mr. Bahl alleges that because of his impairments, he was disabled within the meaning of both laws. Specifically, Mr. Bahl alleges that NYIT failed to provide him with a six-month medical withdrawal for treatment of his medical impairments so that he could take the COMLEX II PE and CE examinations, the passing of which is a graduation requirement of NYIT's medical college.

NYIT denies violating the Rehabilitation Act and the Human Rights Law and contends that Mr. Bahl has not proven by a preponderance of the evidence that he is a qualified individual with a disability within the meaning of the Rehabilitation Act and the Human Rights Law or that it failed to provide him with an effective and reasonable accommodation. NYIT further contends that even assuming Mr. Bahl was a qualified individual with a disability within the meaning of the laws, his requested accommodation was not reasonable and that it offered Mr. Bahl a reasonable accommodation that he refused.

**B.     The Rehabilitation Act**

Under section 504 of the Rehabilitation Act, "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity."  The Rehabilitation Act applies only to programs receiving federal financial assistance.

**C.     New York State Human Rights Law**

The Human Rights Law makes it an unlawful discriminatory practice for a provider of public accommodation, because of a person's disability, to "withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof" by refusing to make reasonable accommodations, unless such provider of public accommodation can demonstrate that making those modifications would "fundamentally alter the nature of such facilities, privileges, advantages or accommodations."

I will now outline the essential elements of the two claims.  The law treats claims for failure to accommodate under federal and state law the same in some respects, and so I will address the Rehabilitation Act and the Human

16

Rights Law together.  But there are some differences, and therefore you must consider each claim independently.

## D.   Elements of a Failure-to-Accommodate Claim

One of the elements of a Rehabilitation Act claim is that the entity in question receive federal funding.  Here, NYIT acknowledges that it received federal funding at the relevant time.  Hence, the federal funding element of the Rehabilitation Act claim is not disputed in this case.

That leaves two elements for you to consider.  To prevail on his failure-to-accommodate claim under the Rehabilitation Act and the Human Rights Law, Mr. Bahl must prove both of the following two elements by a preponderance of the evidence:

First, that Mr. Bahl is a qualified person with a disability under the statute you are considering, and

Second, that he was denied the opportunity to participate in or benefit from NYIT's services, programs, or activities, or was otherwise discriminated against by NYIT, by reason of his disability.

17

### 1. Definition of "Otherwise Qualified"

To establish that he was "otherwise qualified," Mr. Bahl must prove, by a preponderance of the evidence, that at the time of his request for an accommodation, he was able to meet, with or without reasonable accommodation, the essential requirements of the services, program, or activity.

### 2. Definition of "Disability"

The definitions of "disability" are different under the Rehabilitation Act and the Human Rights Law.

Under the Rehabilitation Act, "disability" means a physical or mental impairment that substantially limits one of the major life activities, such as caring for oneself, performing manual tasks, walking, seeing, hearing, reading, speaking, breathing, learning, or working. "Substantially limits" means that the individual is unable to perform a major life activity that an average person in the general population can perform or that the individual is significantly restricted as to the condition, manner, or duration under which he can perform a particular life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that major life activity.

You should consider the following factors in determining whether an individual is substantially limited in a major life activity:

The nature and severity of the impairment;

The duration or expected duration of the impairment; and

The permanent or long-term impact, or the expected permanent or long-term impact of or resulting from the impairment.

Under the Human Rights Law, "disability" means a physical, mental, or medical impairment resulting from anatomical, physiological, genetic, or neurological conditions. To qualify as a disability under the Human Rights Law, these conditions must either prevent the exercise of a normal bodily function or be demonstrable by medically accepted clinical or laboratory diagnostic techniques.

### 3.    Definition of "Reasonable Accommodation"

In the education context, the Rehabilitation Act and the Human Rights Law require a covered institution to offer reasonable accommodations for a student's known disability unless the accommodation would impose an undue hardship on the operation of its program. This is called a reasonable accommodation. While an institution like NYIT must make reasonable

19

accommodations, it does not have to provide a disabled individual with every accommodation he requests or the accommodation of his choice. Mr. Bahl also cannot succeed on his claims if NYIT offered a "plainly reasonable accommodation."

Here, if you find that Mr. Bahl proved the first element, that is, that he was a qualified person with a disability within the meaning of the Rehabilitation Act or the Human Rights Law, then NYIT was required to provide him with a reasonable accommodation and you must determine whether NYIT failed to do so.

It is undisputed that Mr. Bahl requested an accommodation and that NYIT offered him a different accommodation. Because the law provides that a qualified person with a disability is entitled only to a reasonable accommodation and not necessarily the accommodation of his choice, you must decide whether the accommodation offered by NYIT was reasonable. If you find that it was, then NYIT met its obligation under the laws and you must return a verdict in favor of NYIT. If, however, you conclude that the accommodation offered by NYIT was not reasonable, then you must consider whether the accommodation requested by Mr. Bahl was reasonable. If you find that the accommodation he requested

20

was reasonable, then you must find in his favor on the issue of liability and you would then proceed to the question of damages.

The question arises, of course, as to what is a reasonable accommodation. To be reasonable, an accommodation need not be perfect or the one preferred by the plaintiff, but it must be effective in the sense that it will provide the plaintiff with meaningful access to the program, service, or activity in question. A reasonable accommodation is one that levels the playing field by giving an individual with a disability the same opportunities afforded to others who do not have a disability and who are otherwise similarly situated. But a requested accommodation is not reasonable if it would present an undue burden on the operation of a covered entity's program, service, or activity, or if it would require a fundamental or substantial modification to the nature of its academic program or standards.

## E.    **Interactive Process**

Both the Rehabilitation Act and the Human Rights Law envision an informal, interactive process between the parties concerning the accommodation request. This means that when evaluating a failure-to-accommodate claim, you may consider whether the parties engaged in an interactive process regarding

21

the requested and offered accommodations, and whether a party is responsible

for the breakdown in that process. Parties are required to participate in good

faith and make reasonable efforts to help the other party determine what specific

accommodations are necessary.

### F.    Damages

I will now give you instructions on damages. You will reach these

instructions only if you find that Mr. Bahl has proven one or both of his claims

by a preponderance of the evidence. If you do not find that Plaintiff has proven

either of his claims, you will not consider the question of damages. The fact that

I am giving you instructions on damages should not be taken by you as any

indication that I have any view as to whether Plaintiff should or should not

prevail in this case, and should not be taken as any indication that I have any

view on whether damages should be awarded. Even though the elements of a

failure-to-accommodate claim are similar under the Rehabilitation Act and the

Human Rights Law, the two statutes are different in terms of the types of

damages available to the plaintiff. I will explain those differences now.

If you find that NYIT violated the Rehabilitation Act by failing to

accommodate Mr. Bahl based on his disability, then you must determine whether

Mr. Bahl has proven by a preponderance of the evidence an intentional violation

of the Rehabilitation Act. For Mr. Bahl to prove that NYIT intentionally violated

the Rehabilitation Act, Mr. Bahl must prove that NYIT acted with "deliberate

indifference" to the strong likelihood that it was violating the Rehabilitation Act.

He is not required to prove that NYIT acted with personal animosity or ill will. If

you conclude that Mr. Bahl has not shown that NYIT acted with deliberate

indifference, then you cannot award Mr. Bahl monetary damages under the

Rehabilitation Act. Under state law, however, Mr. Bahl is not required to show

"deliberate indifference" to be awarded damages, and thus you would consider

the question of damages if you find in his favor on his Human Rights Law claim,

even if you are not persuaded that NYIT acted with deliberate indifference.

If you find that NYIT has intentionally violated the Rehabilitation

Act and/or that it violated the Human Rights Law, you are to award Plaintiff a

sum of money that you believe will provide fair and just compensation for the

injuries caused by NYIT's actions.

There are two types of compensatory damages that you are to

consider: economic losses (or expectation or reliance damages) and non-

economic losses (or emotional distress damages). Damages for emotional

distress are only available under the Human Rights Law and not the

Rehabilitation Act and therefore you may award damages for emotional distress

only if you find that Mr. Bahl has proven that NYIT violated the Human Rights

Law and caused Plaintiff emotional distress.  In other words, you may award

damages for emotional distress only if you find that Mr. Bahl has proven a

violation of the Human Rights Law.

You may award compensatory damages only for injuries that Mr.

Bahl proves by a preponderance of the evidence were caused by NYIT's

misconduct.  That is, you may award compensatory damages for any injuries

suffered by Mr. Bahl as a direct result of actions by NYIT, and that are a direct

result of conduct by NYIT that violated Mr. Bahl's rights.

Compensatory damages must not be based on speculation or

sympathy.  They must be based on the evidence presented at trial.

Compensatory damages are not allowed as a punishment and cannot be imposed

or increased to penalize a defendant.

Although your damages verdict must be based on evidence, and not

mere speculation, there is no exact standard for setting the damages to be

24

awarded.  You are to determine an amount that will provide fair and just

compensation for the injuries suffered by Mr. Bahl.

### 1.    Economic Losses

If you find that Mr. Bahl has proven that NYIT intentionally violated

the Rehabilitation Act or that it violated the Human Rights Law (or both), then

you are to consider Mr. Bahl's claim for damages for economic losses, that is, the

value of the benefit that he reasonably expected to receive had NYIT not violated

the law.  Such damages, called expectation damages, are intended to put a

plaintiff in the same economic position he would have been in if the defendant

had not violated his rights.  In other words, expectation damages would

compensate Mr. Bahl for the value of what he was expecting to receive upon

graduating from NYIT with his degree.  Mr. Bahl is asking for expectation

damages based on what he alleges he would have earned had he taken and

passed the COMLEX II examinations and become a doctor.

A plaintiff may only recover expectation damages that can be

proven with reasonable certainty.  If you determine that Mr. Bahl's expectation

damages are not proven or cannot be proven with reasonable certainty, then you

may consider in the alternative what are called reliance damages.  Reliance

25

damages are designed to compensate a plaintiff for reasonably foreseeable costs

incurred or expenditures made in reliance on a defendant's performance of its

obligations, where the defendant failed to meet its obligations.  An award of

reliance damages returns a plaintiff to the position he would have been in if he

had not entered into the arrangement with the defendant.  Here, Mr. Bahl claims

(as an alternative to expectation damages) that he is entitled, because NYIT

violated the disability laws, to recover the expenditures he incurred in reliance

on the expectation that NYIT would perform its obligations under the law.  You

may award Mr. Bahl reliance damages only if he proves such damages by a

preponderance of the evidence.  In setting the amount of any such award, if you

find that he received some benefit from his years of education at NYIT, even

though he did not receive a degree, any award of reliance damages may be

discounted accordingly.

### 2.    Non-Economic Losses

Plaintiff also seeks damages for emotional distress.  As I stated

before, the fact that I am instructing you on this type of damages does not

suggest that I have any view as to whether damages based on emotional distress

should be awarded.

Such damages include reasonable compensation for any of the following types of harm that you find Mr. Bahl has proven by a preponderance of the evidence that he has suffered or will suffer as a result of any wrongful conduct by NYIT: emotional or physical pain or suffering, mental anguish, emotional or physical distress, loss of health, embarrassment or humiliation, or loss of enjoyment of life. When deciding what emotional distress, if any, NYIT caused, the law says that the defendant "takes the plaintiff as it finds him." This means that some of us, for example, are more susceptible to emotional distress than others. Consequently, a particular event might have a different effect on a person than it would on other people. In this case, you have heard testimony from Mr. Bahl concerning the impact he claims NYIT's actions had on him. The extent of his emotional distress damages, if any, depends at least in part on your assessment of the credibility of his claims of emotional distress.

Again, there is no exact standard for determining the amount of emotional distress damages, but any award you make for emotional distress damages should be fair and just compensation in light of the evidence presented at trial.

27

### 3.     Mitigation of Damages

If you find that Mr. Bahl was injured as a natural consequence of

NYIT's conduct in violation of the Rehabilitation Act and/or the Human Rights

Law, you must determine whether he could have thereafter done something to

lessen the harm that he suffered.  This is called mitigation of damages.  The

burden is on NYIT to prove, by a preponderance of the evidence, that Mr. Bahl

could have lessened the harm done to him by mitigating his damages, and that

he failed to do so.  If you find that Mr. Bahl could have mitigated his damages,

and failed to do so, then he is only entitled to monetary damages sufficient to

compensate him for injury that he would have suffered if he had taken

appropriate action to reduce the harm done to him.

## III.  FINAL GENERAL CHARGES

## A.     Right to See Exhibits and Hear Testimony; Communications with Court

Members of the jury, that about concludes my instructions to you.

You are about to go into the jury room to begin your deliberations.  If during

those deliberations you want to see any of the exhibits, you may request to see

them, and we will either send them into the jury room or we will bring you back

out to the courtroom to see them.  If you want any of the testimony read, you

may also request that.  Please remember that it is not always easy to locate what

you might want, so be as specific as you possibly can in requesting exhibits or

portions of the testimony.  If you want any further explanation of the law as I

have explained it to you, you may also request that from the Court.  If there is

any doubt or question about the meaning of any part of this charge, you should

not hesitate to send me a note asking for clarification or for a further explanation.

Your requests for exhibits or testimony -- in fact any

communications with the Court -- should be made to me in writing, signed by

your foreperson, and given to one of the court security officers.  In any event, do

not tell me or anyone else how the jury stands on any issue until after a

unanimous verdict is reached.

**B.     Notes**

Many of you have taken notes periodically throughout this trial.  I

want to emphasize to you, as you are about to begin your deliberations, that

notes are simply an aid to memory.  Notes that any of you may have made may

not be given any greater weight or influence in determination of the case than the

recollections or impressions of other jurors, whether from notes or memory, with

respect to the evidence presented or what conclusions, if any, should be drawn

29

from such evidence.  Any difference between a juror's recollection and another

juror's notes should be settled by asking to have the court reporter read back the

transcript, for it is the court record rather than any juror's notes upon which the

jury must base its determination of the facts and its verdict.

## C.     Duty to Deliberate/Unanimous Verdict

You will now retire to decide the case.  For Plaintiff to prevail on his

claim, he must sustain his burden of proof as I have explained to you with

respect to each element of the claim.  If you find that Plaintiff has succeeded, you

must return a verdict in his favor on that claim.  If you find that he has not

succeeded, then your verdict must be for Defendant on that claim.

Your verdict must be unanimous.  Each juror is entitled to his or her

opinion, but you are required to exchange views with your fellow jurors.  This is

the very essence of jury deliberation.  It is your duty to discuss the evidence.  If

you have a point of view and after reasoning with other jurors it appears that

your own judgment is open to question, then of course you should not hesitate in

yielding your original point of view if you are convinced that the opposite point

of view is really one that satisfies your judgment and conscience.  You are not to

give up a point of view, however, that you conscientiously believe in simply

because you are outnumbered or outweighed.  You should vote with the others

only if you are convinced on the evidence, the facts, and the law that it is the

correct way to decide the case.

### D.     Duties of Foreperson

You should by your own vote select one of you to sit as your

foreperson.  The foreperson will send out any notes, and when the jury has

reached a verdict, he or she will notify the court security officer that the jury has

reached a verdict, and when you come into open court, the foreperson will be

asked to state what the verdict is.

### E.     Verdict Form and Return of Verdict

I have prepared a verdict form for you to use in recording your

decisions.  These questions are to be answered "yes" or "no" and, where

applicable, with a specific dollar amount.  Your answers must reflect the

conscientious judgment of each juror.  You should answer every question except

where the verdict form indicates otherwise.

After you have reached a verdict, your foreperson will fill in the

verdict form and sign and date it and advise the court security officer outside

your door that you are ready to return to the courtroom.

31

I will stress that each of you must agree with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

F.     **Final Instructions**

Members of the jury, that concludes my instructions to you. I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have given to you or if there is anything I may not have covered.

In this regard, I ask you not to discuss the case while seated in the box because the case has not yet been formally submitted to you.